SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES, LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59, by and through its special servicer, LNR Partners, LLC, | Civil Action No. 19-cv-17866 (MCA)(LDW) **CONSENT ORDER TERMINATING COLLIERS INTERNATIONAL NJ LLC AS TO THE REAL PROPERTY LOCATED AT 910 GATEWAY BOULEVARD, WESTVILLE, NEW JERSEY** |
| CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB48, by and through its special servicer, LNR Partners, LLC, | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGES SECURITIES CORP., MULTIFAMILY PASS-THROUGH CERTIFICATES, SERIES 2018-SB52, by and through its special servicer, SCP Servicing, LLC, | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGES SECURITIES CORP., MULTIFAMILY PASS-THROUGH CERTIFICATES, SERIES 2018-SB56, by and | |

1

through its special servicer, SCP Servicing, LLC, and

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB63, by and through its special servicer, Berkeley Point Capital LLC d/b/a Newmark Knight Frank,

      Plaintiffs,

   vs.

SETH LEVINE, PALISADE LM LLC, 2917 PALISADE VENTURES LLC, ALJO NORSE LLC, AMBOY NORSE LLC, DEHART NORSE LLC, JORDAN VENTURES LLC, RALEIGH NORSE MANAGEMENT LLC, UNION CITY FUNDING LLC, UNION VENTURES LLC, WALLIS NORSE LLC, CLEMENTON NORSE LLC, KEARNY NORSE LLC, LENOX BEACHWAY LLC, PA NORSE LLC, WOODBINE NORSE LLC, RIVERSIDE NORSE LLC, WESTVILLE NORSE LLC, PROSPECT NORSE LLC, and FEDERAL HOME LOAN MORTGAGE CORP.,

      Defendants.

---------------------------------------------------------- x

## CONSENT ORDER DISCHARGING RECEIVER

  THIS MATTER having been opened by the Court upon the consent of Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB56, by and through its special servicer, SCP Servicing, LLP ("<u>Plaintiff</u>"), by and through its

undersigned attorneys, Herrick, Feinstein LLP, and Colliers International NJ LLC (the "Receiver"), by and through its attorneys, Sills Cummis & Gross P.C., for an entry of an Order discharging the Receiver solely as to the real property located at 910 Gateway Boulevard, Westville, New Jersey 08093 (the "Subject Property"), which was previously owned by Defendant, Westville Norse LLC ("Westville Norse"); and

WHEREAS, this Court entered a Preliminary Injunction dated September 13, 2019 (ECF #11), amended December 4, 2019 (ECF #75) (together, the "Receiver Order"), appointing the Receiver as receiver of the Subject Property; and

WHEREAS, Plaintiff, the first priority mortgagee of the Subject Property, instituted a foreclosure action against Defendants Westville Norse and Seth Levine in the Superior Court of New Jersey, Chancery Division, in Gloucester County, captioned as *U.S. Bank National Association, as Trustee v. Westville Norse LLC, et al.*, F-1597-20 (the "Foreclosure Action"); and

WHEREAS, pursuant to an Order entered in this action on April 7, 2021 (ECF #130) (the "Sale Order"), the Court, *inter alia*, approved the Receiver's Motion to (i) approve the Receiver's sale of the Subject Property free and clear of all liens, claims and encumbrances of any Interested Parties pursuant to the PSA between the Receiver and Buyer,[1] (ii) authorized the Receiver to distribute the net proceeds from the Sale, and (iii) authorized the Receiver to deposit any surplus proceeds with the Court; and

WHEREAS, no Interested Party has appealed the Sale Order, the Closing on the Sale of the Subject Property was held, the Sale consummated on May 13, 2021, and title to the Subject Property has been transferred to the Buyer, rendering the Foreclosure Action moot; and

---

[1] Unless otherwise indicated, all defined terms shall have the meaning ascribed to them in the Sale Order.

WHEREAS, pursuant to the Sale Order and PSA, Buyer has assumed all responsibility and liabilities regarding the ownership and operation of the Subject Property following the Closing; and

WHEREAS, the Receiver, with the consent of Plaintiff, seeks to submit its final accounting for review and approval by this Court for the Subject Property, only, and to be terminated as Receiver solely as to the Subject Property;

**IT IS**, on this 4th day of June, 2021, **ORDERED** that:

1. The Receiver shall be, and hereby is, terminated as Court-Appointed Receiver for the Subject Property, only, subject only to the terms of this Order and Receiver's obligation to file, and the Court's approval of, the Receiver's final accounting as set forth in Paragraph 2.

2. Within thirty (30) business days of entry of this Consent Order, the Receiver shall file with the Court and serve on counsel for Plaintiff and all Interested Parties the Receiver's final accounting for the Subject Property, only. Objections, if any, to the final accounting for the Subject Property shall be filed within five (5) business days thereafter. Absent an objection, the final accounting for the Subject Property shall be deemed approved by the Court, and the Receiver shall have no further obligations under the Receiver Order concerning the Subject Property. If an objection is filed, the Court shall hold a hearing to resolve any issues.

3. Upon approval of the Receiver's final accounting for the Subject Property, the Court's requirement that the Receiver maintain a bond shall automatically cease, the bond, if any, shall be deemed terminated without further action, and all claims against the Receiver relating to the Subject Property, or under the Receiver Order, are barred.

4. Upon approval of the Receiver's final accounting for the Subject Property, the Receiver shall be and is hereby directed to remit to Plaintiff or its designee, after payment of all unpaid expenses, if any, of the receivership, all remaining funds on hand with the Receiver under the Receivership Order, including without limitation, any and all gross rents, income or profits received or derived from the Subject Property, and any escrows and reserves on deposit through the date on which the Subject Property was sold to Buyer.

5. Upon discharge of the Receiver under this Consent Order, the Receiver shall not have any obligation for payment of any expenses, outstanding payables or other liabilities related to the Subject Property and the receivership.

6. A copy of this Consent Order shall be served upon all parties to this action within 3 days of the date hereof.

_____
HON. MADELINE COX ARLEO, U.S.D.J.

Consent is given to the form and
entry of the within Consent Order:

| HERRICK, FEINSTEIN LLP | SILLS CUMMIS & GROSS P.C. |
| *Counsel for Plaintiff* | *Counsel for the Receiver* |
| | |
| By:*/s/ Scott T. Tross* | By:*/s/ Jaimee Katz Sussner* |
|     Scott T. Tross, Esquire |     Jaimee Katz Sussner, Esquire |