Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
SILLS CUMMIS & GROSS P.C.
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------x

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES, LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59, *et al.,* | Civil Action No. 19-cv-17866 (MCA)(LDW) |
| Plaintiffs, | **DECLARATION OF JAIMEE KATZ SUSSNER, ESQ. IN SUPPORT OF RECEIVER'S MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR, AUTHORIZING DISTRIBUTION OF SALES PROCEEDS, AND GRANTING OTHER RELATED RELIEF** |
| vs. | |
| SETH LEVINE, *et al.,* | |
| Defendants. | |

------------------------------------------------------x

JAIMEE KATZ SUSSNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a Member of the law firm of Sills Cummis & Gross P.C. ("**SCG**"), and I have personal knowledge of the facts and circumstances set forth in this Declaration unless otherwise indicated.

2.      SCG is counsel to Colliers International NJ LLC, the Court-Appointed Receiver for the properties that are at issue in the above-referenced action ("**Colliers**" or the "**Receiver**"), pursuant to Orders of the Court entered on September 13, 2019 (ECF # 11), and amended on December 4, 2019 (ECF # 75) (together, the "**Receiver Order**").

3.      I respectfully submit this Declaration in support of the Receiver's Motion to approve the sale of certain real property that is a subject of this action, to authorize the Receiver to disburse the net proceeds from the sale, and for related relief incidental to consummating the sale (the "**Sale Approval Motion**"), pursuant to Paragraphs 6(i) and 27 of the Receiver Order, and the Order Setting Forth Sales Procedures, entered May 29, 2020 (ECF # 102) (the "**Sales Procedure Order**").

4.      Specifically, pursuant to the Receiver Order and the Sales Procedure Order, the Receiver requests the Court's approval of the Agreement of Purchase and Sale, dated as of April 7, 2021, amended on May 13, 2021, and as may be amended thereafter (the "**PSA**"), entered into by and between Colliers and Stonegate Buildings, LLC, or its assignee ("**Purchaser**"), free and clear of all liens, claims, and encumbrances of any alleged interested or affected party, as more fully set forth below and in the attached exhibits (the "**Interested Parties**"), of the following property (the "**Subject Property**")[1]:

| Title Holder | Property Address | First Priority Mortgagee |
|---|---|---|
| Aljo Norse LLC | 125 6th Avenue, Clifton, NJ 07011, also known as Block 16.09, Lot 11 | Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("**Wells**" or "**Plaintiff**") |

---

[1] A legal description for the Subject Property is included in the Title Commitment submitted herewith as **Exhibit A**. All Interested Parties identified in the aforementioned Title Commitment, as well as a description of their purported interest(s), are referenced in Exhibit C to the proposed Order submitted herewith.

## The Pending Foreclosure Actions

5.      Wells, the first priority mortgagee of the Subject Property, has instituted a foreclosure action in the Superior Court of New Jersey, which is pending in Passaic County and captioned as: *Wells Fargo Bank, National Association, as Trustee v. Aljo Norse LLC*, *et al.*, F-20926-19 (the "**Foreclosure Action**").

6.      Upon information and belief, Aljo Norse LLC, defendant Seth Levine, and Mr. Levine's affiliated entities have not appeared, intervened in, or contested the Foreclosure Action, nor has any lienholder or Interested Party (namely, ZF Capital Holdings, LLC) contested the superiority or validity of the interests held by Wells.

## The Interested Parties

7.      As part of its due diligence in connection with the PSA, the Purchaser obtained a Title Commitment issued by Riverside Abstract, LLC, as agent for Old Republic National Title Insurance Company, with respect to the Subject Property (the "**Title Commitment**").  Annexed hereto as **Exhibit A** is a true and correct copy of the Title Commitment.

8.      Based upon a review of the pleadings filed in this Action, the Foreclosure Action, and Schedules B-1 and B-2 of the Title Commitment, all Interested Parties are identified on Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property.  Additionally, although the Title Commitment does not reflect any interest held by Toledo Plumbing & Heating Inc., the Receiver has identified that entity as an Interested Party due to the numerous judgments it holds against other Levine Defendants, and seeks to extinguish any claim, lien, encumbrance, or interest that could have been alleged to affect the Subject Property.

9.     Without opining on the validity or priority of the alleged interests held by the Interested Parties other than the Plaintiff/First Mortgagee, Wells, each of the Interested Parties, and all counsel of record in this Action, have been served with notice of this Sale Approval Motion.

**<u>The PSA and Receiver's Compliance With the Sales Procedure Order</u>**

10.     As set forth further in the Declarations of Richard Madison (the "**<u>Madison Decl.</u>**") and Joseph Brecher (the "**<u>Brecher Decl.</u>**") submitted herewith, Gebroe-Hammer Associates (the "**<u>Broker</u>**") was engaged to serve as the broker and to undertake efforts to market and sell the Subject Property.

11.     The Broker ultimately secured a letter of intent from Purchaser, and on or about April 7, 2021, the Receiver and Purchaser executed the PSA, a non-binding contract for the sale and purchase of the Subject Property.  Pursuant to Paragraph 2 of the Sales Procedure Order, on April 8, 2021 and May 16, 2021, the Receiver, through its counsel, SCG, served the Interested Parties with notice of the PSA and the First Amendment to the PSA, respectively.  Proofs of service of the aforementioned notices were filed on April 8, 2021 and May 17, 2021. (ECF #s 131 and 142).

12.     To date, no Interested Parties have requests for information in connection with the Receiver's notice of the PSA.

13.     Pursuant to Paragraphs 5 and 6 of the Sales Procedure Order, the Receiver requested payoff statements from Wells and SCG, the only secured creditors, in connection with their secured debt and/or alleged interests in the Subject Property.  On June 7, 2021, the Receiver, through its counsel SCG, served notice of the proposed disbursements from the sale proceeds based upon the payoff information received to Interested Parties and to all counsel of

record in this action.  Annexed hereto as **Exhibit B** is a redacted copy of the SCG's June 7, 2021 Notice to Interested Parties.

14.     Wells, the only party with a secured mortgage encumbering the Subject Property, has consented to and approved the terms of the PSA and the relief sought in this Sale Approval Motion.

15.     Accordingly, the Receiver now submits this Sale Approval Motion pursuant to Paragraph 7 of the Sales Procedure Order.

<u>**The Requested Distributions, Exemptions, and Procedure for Surplus**</u>

16.     The PSA has produced a purchase price sufficient to satisfy the Receiver's management fees and expenses, including SCG's attorneys' fees, for the Subject Property (during the course of the Receivership and in connection with the sale transaction), the Broker's commission, Closing fees and costs.  Although the sales price under the PSA will not satisfy Plaintiff's first priority mortgage in full, it has agreed to accept the net funds remaining after distribution to the aforementioned creditors in satisfaction of its mortgage.  The proposed distribution schedule, which remains subject to anticipated changes in the payoff amounts owed, is annexed to the Proposed Order submitted herewith at Exhibit A.

17.     Pursuant to the Sales Procedure Order, should some *bona fide* dispute arise in connection with this Sale Approval Motion, the Receiver will, upon closing, maintain any surplus or specified funds in escrow, and will distribute same to any Interested Parties pursuant to further order from this Court.

18.     Pursuant to the PSA, and in order to obtain clear title/title insurance for the proposed purchase, Purchaser requires certain additional relief from this Court to consummate the sale transaction.  Specifically, the PSA contemplates that (i) the Sale will result in a transfer of the Subject Property free and clear of all liens, claims, encumbrances, and secured and

unsecured interests, and any party's equitable or redemption rights, (ii) the ability to record in the public record satisfactions for any of the aforementioned interests and any and all documents related to the transfer of title to the Subject Property, and (iii) authorization and/or clarification from the Court of the Receiver's authority to sell the Subject Property and exemptions from certain transfer fees and taxes due to the Subject Property being sold by the Receiver out of the receivership estate.  This relief is warranted and necessary for the Closing to occur, and this Court is authorized to grant such relief pursuant to, *inter alia*, the Sales Procedure Order, *N.J.S.A.* 2A:50-31, *N.J.S.A.* 46:16-1.1, *N.J.S.A.* 54:32B-22C, *N.J.S.A.* 54:50-38, *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8.

19.     Based on the foregoing, Receiver respectfully requests that the Court grant this Motion, approve the Receiver's Sale of the Subject Property free and clear of all liens, claims, and encumbrances, authorize the Receiver's disbursement of net proceeds pursuant to the distribution schedule attached to the proposed Order submitted herewith, to discharge the Receiver as to the Subject Property, only, upon the consummation of the Sale and delivery of the deed to Buyer, and to permit the Receiver to submit a final accounting following the Closing.

20.     Lastly, pursuant to Local Civil Rule 7.1(d)(4), the Receiver respectfully submits that no brief is necessary in support of this motion because it is based upon the relevant facts and the prior Orders of the Court in this matter.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 9, 2021.

_s/ Jaimee Katz Sussner_
JAIMEE KATZ SUSSNER

# Exhibit A

 

April 12, 2021

Susan Sytner, Esq.
Marc Wohlgemuth & Associates, P.C.
21 Remsen Avenue, Suite 301
Monsey, NY 10952


Reference:   Our File:          **RANJ-43739**
             Seller(s):         **Colliers International NJ LLC, as Court-Appointed Receiver for the Property,**
                                **Pursuant to the Receiver Order**
             Buyer(s):          **Stonegate Buildings LLC**
             Premises:          **125 6th Avenue, Clifton, NJ 07011**
             Block & Lot:       **Block: 16.09 Lot: 11**

Dear Susan,

Enclosed please find the most recently completed commitment relative to the above-captioned transaction for your review.

Please contact this office should you have any questions or require the method of disposition for any exception set forth herein.

**PLEASE NOTIFY THIS OFFICE TWENTY-FOUR (24) HOURS IN ADVANCE OF CLOSING SO WE MAY BRING TITLE DOWN TO DATE.**

Sincerely,


Akiva Shepard
Riverside Abstract, LLC

# NOTICE OF SETTLEMENT

---

**File No.:**  RANJ-43739

**Seller(s):**
Colliers International NJ LLC, as Court-Appointed Receiver for the Property, Pursuant to the Receiver Order
125 6th Avenue
Clifton, NJ 07011

and

**Purchaser(s) and/or Mortgagor(s)**
Stonegate Buildings LLC
125 6th Avenue
Clifton, NJ 07011

NOTICE is hereby given of a Contract of Sale between the parties hereto.

The land(s) to be affected are commonly known as 125 6th Avenue, Tax Lot:  11, Tax Block:  16.09, in the City of Clifton, County of Passaic, State of New Jersey and more particularly described on Exhibit A, attached hereto and made a part hereof.

PREPARED BY:

**Shaul C. Greenwald, ESQ**

An Attorney at Law of State of New Jersey

# EXHIBIT A

All that certain lot, tract or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey being more particularly described as follows:

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence

2. Southerly at right angles to West Second Street 100 feet; thence

3. Easterly eleven feet more or less to Lot of William Mehringer thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No.39 if extended in a westerly direction; thence

S. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

Formerly known as lot number 35, 37, 38 and 39 in Block 7 as laid down on a map of Bechwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

FOR INFORMATION ONLY:
County: Passaic, Municipality: Clifton City
Tax Block: 16.09, Tax Lot: 11
Address: 125 6th Avenue, Clifton, NJ 07011.

The above Tax Lot and Block designation and the street address designation is for informational purposes only and is not to be construed as part of the legal description.

## COMMITMENT FOR TITLE INSURANCE

### ISSUED BY

### OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

### NOTICE

**IMPORTANT - READ CAREFULLY:**  THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE POLICIES.  ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.

THIS COMMITMENT IS NOT AN ABSTRACT OF TITLE, REPORT OF THE CONDITION OF TITLE, LEGAL OPINION, OPINION OF TITLE, OR OTHER REPRESENTATION OF THE STATUS OF TITLE.   THE PROCEDURES USED BY THE COMPANY TO DETERMINE INSURABILITY OF THE TITLE, INCLUDING ANY SEARCH AND EXAMINATION, ARE PROPRIETARY TO THE COMPANY, WERE PERFORMED SOLELY FOR THE BENEFIT OF THE COMPANY, AND CREATE NO EXTRACONTRACTUAL LIABILITY TO ANY PERSON, INCLUDING A PROPOSED INSURED.

THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT.  THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF THIS COMMITMENT TO ANY OTHER PERSON.

### COMMITMENT TO ISSUE POLICY

Subject to the Notice; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, *Old Republic National Title Insurance Company*, a New Jersey corporation (the "Company"), commits to issue the Policy according to the terms and provisions of this Commitment.  This Commitment is effective as of the Commitment Date shown in Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Policy Amount and the name of the Proposed Insured.

If all of the Schedule B, Part I - Requirements have not been met within 180 days after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

### COMMITMENT CONDITIONS

1. **DEFINITIONS**
   (a) "Knowledge" or "Known":  Actual or imputed knowledge, but not constructive notice imparted by the Public Records.
   (b) "Land":  The land described in Schedule A and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is to be insured by the Policy.
   (c) "Mortgage":  A mortgage, deed of trust, or other security instrument, including one evidenced by electronic means authorized by law.
   (d) "Policy":  Each contract of title insurance, in a form adopted by the American Land Title Association, issued or to be issued by the Company pursuant to this Commitment.
   (e) "Proposed Insured":  Each person identified in Schedule A as the Proposed Insured of each Policy to be issued pursuant to this Commitment.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**American Land Title Association**

**Commitment for Title Insurance**
**Adopted 08-01-2016**
**Technical Corrections 04-02-2018**

---

(f) "Proposed Policy Amount":  Each dollar amount specified in Schedule A as the Proposed Policy Amount of each Policy to be issued pursuant to this Commitment.

(g) "Public Records":  Records established under state statutes at the Commitment Date for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge.

(h) "Title":  The estate or interest described in Schedule A.

**2.** If all of the Schedule B, Part I - Requirements have not been met within the time period specified in the Commitment to Issue Policy, this Commitment terminates and the Company's liability and obligation end.

**3.** The Company's liability and obligation is limited by and this Commitment is not valid without:
(a) the Notice;
(b) the Commitment to Issue Policy;
(c) the Commitment Conditions;
(d) Schedule A;
(e) Schedule B, Part I—Requirements;
(f) Schedule B, Part II—Exceptions; and
(g) a counter-signature by the Company or its issuing agent that may be in electronic form.

**4. COMPANY'S RIGHT TO AMEND**
The Company may amend this Commitment at any time.  If the Company amends this Commitment to add a defect, lien, encumbrance, adverse claim, or other matter recorded in the Public Records prior to the Commitment Date, any liability of the Company is limited by Commitment Condition 5.  The Company shall not be liable for any other amendment to this Commitment.

**5. LIMITATIONS OF LIABILITY**
(a) The Company's liability under Commitment Condition 4 is limited to the Proposed Insured's actual expense incurred in the interval between the Company's delivery to the Proposed Insured of the Commitment and the delivery of the amended Commitment, resulting from the Proposed Insured's good faith reliance to:
    (i)   comply with the Schedule B, Part I - Requirements;
    (ii)  eliminate, with the Company's written consent, any Schedule B, Part II - Exceptions; or
    (iii) acquire the Title or create the Mortgage covered by this Commitment.
(b) The Company shall not be liable under Commitment Condition 5(a) if the Proposed Insured requested the amendment or had Knowledge of the matter and did not notify the Company about it in writing.
(c) The Company will only have liability under Commitment Condition 4 if the Proposed Insured would not have incurred the expense had the Commitment included the added matter when the Commitment was first delivered to the Proposed Insured.
(d) The Company's liability shall not exceed the lesser of the Proposed Insured's actual expense incurred in good faith and described in Commitment Conditions 5(a)(i) through 5(a)(iii) or the Proposed Policy Amount.
(e) The Company shall not be liable for the content of the Transaction Identification Data, if any.
(f) In no event shall the Company be obligated to issue the Policy referred to in this Commitment unless all of the Schedule B, Part I - Requirements have been met to the satisfaction of the Company.
(g) In any event, the Company's liability is limited by the terms and provisions of the Policy.

**6. LIABILITY OF THE COMPANY MUST BE BASED ON THIS COMMITMENT**
(a) Only a Proposed Insured identified in Schedule A, and no other person, may make a claim under this Commitment.
(b) Any claim must be based in contract and must be restricted solely to the terms and provisions of this Commitment.

---

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

(c) Until the Policy is issued, this Commitment, as last revised, is the exclusive and entire agreement between the parties with respect to the subject matter of this Commitment and supersedes all prior commitment negotiations, representations, and proposals of any kind, whether written or oral, express or implied, relating to the subject matter of this Commitment.

(d) The deletion or modification of any Schedule B, Part II - Exception does not constitute an agreement or obligation to provide coverage beyond the terms and provisions of this Commitment or the Policy.

(e) Any amendment or endorsement to this Commitment must be in writing and authenticated by a person authorized by the Company.

(f) When the Policy is issued, all liability and obligation under this Commitment will end and the Company's only liability will be under the Policy.

**7.   IF THIS COMMITMENT HAS BEEN ISSUED BY AN ISSUING AGENT**

The issuing agent is the Company's agent only for the limited purpose of issuing title insurance commitments and policies.  The issuing agent is not the Company's agent for the purpose of providing closing or settlement services.

**8.   PRO-FORMA POLICY**

The Company may provide, at the request of a Proposed Insured, a pro-forma policy illustrating the coverage that the Company may provide.  A pro-forma policy neither reflects the status of Title at the time that the pro-forma policy is delivered to a Proposed Insured, nor is it a commitment to insure.

**9.   ARBITRATION**

The Policy contains an arbitration clause.  All arbitrable matters when the Proposed Policy Amount is $2,000,000 or less shall be arbitrated at the option of either the Company or the Proposed Insured as the exclusive remedy of the parties.  A Proposed Insured may review a copy of the arbitration rules at <http://www.alta.org/arbitration>.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**American Land Title Association**

**Commitment for Title Insurance**
**Adopted 08-01-2016**
**Technical Corrections 04-02-2018**

*Transaction Identification Data for reference only:*

Issuing Agent:               Riverside Abstract, LLC
Issuing Office:              212 Second Street, Suite 502, Lakewood, NJ 08701
Issuing Office's ALTA® Registry ID:
Loan ID No.:
Commitment No.:          RANJ-43739
Issuing Office File No.:   RANJ-43739
Property Address:          125 6th Avenue, Clifton, NJ 07011

# SCHEDULE A

1. Commitment Date: March 25, 2021 at 12:00 AM

2. Policy to be issued:

   (a.) ALTA Owners Policy (06/17/06)
        Proposed Insured:   Stonegate Buildings LLC
        Proposed Policy Amount:   $1,950,000.00

   (b.) ALTA Loan Policy (06/17/06)
        Proposed Insured:   Lender with a contractual obligation under a loan agreement with the Proposed
                            Insured for an Owner's Policy
        Proposed Policy Amount:   TBD

3. The estate or interest in the Land described or referred to in this Commitment is Fee Simple.

4. The Title is, at the Commitment Date, vested in:

   Colliers International NJ LLC, as Court-Appointed Receiver for the Property, Pursuant to the Receiver Order

   Title to the subject premises became vested as follows:

   Colliers International NJ LLC, as Court-Appointed Receiver

   ALJO Norse LLC, a New Jersey Limited Liability Company by deed from 125 6th Avenue Associates, LLC, a
   New Jersey Limited Liability Company, dated March 23, 2010 and recorded May 17, 2010 in the Ocean
   County Clerk's Office in Deed Book D1919, Page 283.

   Colliers International NJ LLC was appointed to act as Receiver for this sale in Civil Action No.
   19-cv-17866-MCA-LDW.

5. The Land is described as follows:

   SEE SCHEDULE C ATTACHED HERETO

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE A**

(Continued)

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

Date:
Riverside Abstract, LLC

_____
Shaul C. Greenwald, Esq.
Authorized Signatory

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**American Land Title Association**

**Commitment for Title Insurance**
**Adopted 08-01-2016**
**Technical Corrections 04-02-2018**

## SCHEDULE B, PART I
### Requirements

All of the following Requirements must be met:

1.     Pay the agreed amounts for the interest in the land and/or mortgage to be insured.

2.     THIS COMPANY REQUIRES THAT A TITLE RUNDOWN BE ORDERED AT LEAST 24 HOURS PRIOR TO CLOSING.

3.     Taxes, charges and assessments levied against the subject premises, which are due and payable are required to be paid through the date of closing:
   (a) Possible additional taxes and assessments levied under N.J.S.A 54:4-63.1 et seq.
   (b) Assessment search is attached. Subject to facts set forth therein.
   (c) Tax search is attached. Subject to facts set forth therein.

4.     Tideland Search attached hereto. Property is unclaimed.

5.     Affidavits of Title by all sellers and all mortgagors must be submitted and this Commitment is subject to such additional exceptions, if any, we then deem appropriate.

6.     Any facts about the land which a correct survey would disclose and which are not shown by the public records.

7.     Document(s) satisfactory to us creating the interest(s) in the land and/or the mortgage to be insured must be approved, executed, delivered, recorded and properly indexed in the land records:

   (a) Deed from Colliers International NJ LLC, as Court-Appointed Receiver for the Property, Pursuant to the Receiver Order to Stonegate Buildings LLC.

   (b) Mortgage from Stonegate Buildings LLC to TBD.

   Note For Residential Property: Even if the spouse of the record owner is not specifically named herein, if the record owner(s) are natural person(s), the Company requires proof of the record owner(s) marital or civil union status. If any of them are married or partnered in a civil union, and the premises to be insured is or has ever been occupied as the principal marital or principal civil union residence of the record owner, then his or her spouse or civil union partner must join in the deed or mortgage and affidavit of title.

8.     For each policy to be issued as identified in Schedule A, Item 2; the Company shall not be liable under this commitment until it receives a designation for a Proposed Insured, acceptable to the Company. As provided in Commitment Condition 4, the Company may amend this commitment to add, among other things, additional exceptions or requirements after the designation of the Proposed Insured.

9.     Pay to the Company all premiums, fees and charges for the Policy.

10.     You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land.  We may then make additional requirements or exceptions.

11.     Spouse(s) or Civil Union Partner(s), if any, of vested owners as set forth in Schedule A hereof must join in the deed of conveyance if the subject premises is now or ever has been used as the primary marital or civil union residence.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE B, PART I**
(Continued)

12.    Proof of identity, legal age, competency and marital or civil union status of all parties to this transaction.

13.    All sellers must produce at closing the applicable GIT/REP form promulgated by the New Jersey Division of Taxation.

14.    The Company requires a NOTICE OF SETTLEMENT in connection with this transaction be filed, pursuant to N.J.S.A. 46:16A-1 et seq. The Notice should be filed as nearly as possible to, but not more than sixty (60) days prior to the anticipated closing date.  If the closing is postponed to a date which is more than sixty (60) days after the filing of the Notice of Settlement, another Notice must be filed in a timely fashion. If both a Deed and Mortgage are to be insured, two Notices of Settlement must be filed, one for the Deed and one for the Mortgage. A filed copy of the Notice(s) of Settlement must be provided to the Company as part of the post closing package.

15.    In the event that the proceeds of the loan to be secured by the mortgage to be insured are not to be fully disbursed at Closing, the Company must be notified and this Commitment will then be modified accordingly.

16.    This Company requires that immediately upon the closing of the title to be insured hereunder, a copy of the Settlement statement, a copy of the payoff letter(s) of the mortgage(s) that were paid off at closing and a copy of the check(s) issued to pay off same must be provided forthwith.

17.    JUDGMENT(S):  New Jersey Superior Court, United States District Court and United States Bankruptcy Court search dated 04/02/2021 shows CLEAR against Taibi Family Holdings, L.L.C., 125 6th Avenue Associates, LLC, Aljo Norse LLC and Stonegate Buildings LLC, the parties in our chain of title and/or proposed insured/mortgagor.

18.    JUDGMENT(S):  New Jersey Superior Court, United States District Court search dated 04/02/2021 discloses RETURNS against Colliers International NJ LLC or derivation thereof. If said returns are against the parties in our chain of title, said returns are liens on subject premises and must be disposed of at or prior to closing. If said returns are not against Colliers International NJ LLC, proof of that fact by way of owner's explicit disclaiming affidavit must be submitted to this Company.

**19.    JUDGMENT(S):** Passaic County Judgment search dated 03/25/2021 shows **CLEAR** vs. Stonegate Buildings LLC.

20.    Pay, cancel, satisfy, discharge, release, subordinate and/or dispose of the following mortgage and/or encumbrance of record:

MORTGAGE 1:

Mortgagor: ALJO Norse LLC, a limited liability company organized and existing under the laws of New Jersey
Mortgagee: Red Mortgage Capital, LLC, a limited liability company organized under the laws of Delaware
Amount: $1,691,000.00
Dated: 11/07/2018
Recorded: 11/09/2018
Book: M15283
Page: 190

Notes:

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE B, PART I**
(Continued)

This Mortgage has been assigned below.

Assignor: Red Mortgage Capital, LLC, a limited liability company organized and existing under the laws of Delaware
Assignee: Federal Home Loan Mortgage Corporation, a corporation organized and existing under the laws of the United States
Dated: 09/14/2018
Recorded: 11/09/2018
Book: AS630
Page: 120

Assignor: Federal Home Loan Mortgage Corporation
Assignee: Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Amherst Pierpont Commercial Mortgage Securities LLC, MultiFamily Mortgage Pass-Through Certificates, Series 2019-SB59
Dated: 02/12/2019
Recorded: 03/08/2019
Book: AS650
Page: 8

Note: This Mortgage includes the Lis Pendens below, which must be discharged.

Instrument #: 2020006582
Recorded: 02/05/2020
Plaintiff: Wells Fargo Bank
Defendant: Aljo Norse LLC; et al.
Docket No.: F-020926-19

If Final Judgment is obtained, then the following must also be submitted:
(1) Order dismissing action with prejudice;
(2) Order vacating Final Judgment filed in the Passaic County Clerk/Registers Office where the property is located. Affidavit of Title must state whether foreclosure action went to Final Judgment.

Title to the premises to be insured herein derives in whole or in part through a foreclosure. This Company has ordered an abstract of the Chancery proceedings involved. This Commitment is issued subject to the results of an examination of said abstract and the Company hereby reserves the right to amend this Commitment as may be warranted by said examination.

21.     Proceedings pending in Docket No. C-125-19 and all rights or claims of rights disclosed therein as disclosed by Lis Pendens dated January 16, 2020 , filed January 24, 2020 , and filed in Lis Pendens Book LP20, Page 264 must be discharged.

If Final Judgment is obtained, then the following must also be submitted:

(1) Order dismissing action with prejudice;

(2) Order vacating Final Judgment filed in the Passaic County Clerk/Register's Office where the property is located.  Affidavit of Title must state whether foreclosure action went to Final Judgment.

22.     Pay, cancel, satisfy, discharge, release, subordinate and/or dispose of the following lien, judgment and/or

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE B, PART I**
(Continued)

encumbrance of record:

County Financing Statement 1:

Debtor: Aljo Norse, LLC
Secured Party: Adelsberg Associates, LLC
Instrument No.: 2018049205
Recorded: 10/25/2018

23.    Pay, cancel, satisfy, discharge, release, subordinate and/or dispose of the following lien, judgment and/or encumbrance of record:

County Financing Statement 2:

Debtor: Aljo Norrse LLC
Secured Party: Federal Home Loan Mortgage Corporation
Instrument No.: 2018051665
Recorded: 11/13/2018

24.    Pay, cancel, satisfy, discharge, release, subordinate and/or dispose of the following lien, judgment and/or encumbrance of record:

County Financing Statement 3:

Debtor: Aljo Norse, LLC
Secured Party: ZF Capital Holdings LLC
Instrument No.: 2019038602
Recorded: 08/30/2019

25.    Subject to receipt and review of the Approval Order from the United States District Court of New Jersey authorizing the sale of the property.

26.    With reference to Stonegate Buildings LLC, the following proofs or documents are required to be submitted for review and approval:

1.    Proof is required that the Certificate of Formation of the Limited Liability Company, together with all amendments thereto, have been filed with the New Jersey Secretary of State in accordance with N.J.S.A.  42:2C-1, et seq.

2.    A copy of the signed operating agreement and any amendments thereto must be provided for review by this Company.  This Company reserves the right to raise additional requirements and/or exceptions upon review.

3.    Proof is required that the operating agreement has not been modified or amended and that there has been no change in the composition of the LLC since its formation.

4.    Proof is required that the LLC continues to be a valid LLC in compliance with N.J.S.A. 42:2C-1, et seq.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE B, PART I**
(Continued)

     5.     Proof is required that the LLC has not classified itself as a corporation for Federal income tax purposes.  If it has, then corporate franchise tax reports will be ordered.

     6.     Proof is required (by affidavit or otherwise) that the consent of the members to the transaction to be insured is not required by the operating agreement, or that such consent has been obtained.

27.    The Mortgage Policy will contain a survey endorsement provided Company is in receipt of an acceptable survey or a Survey Affidavit of No Change.

28.    Additional requirements and/or exceptions may be added upon review by Company, which depend on liability amount as shown on Schedule A, currently designated as $1,950,000.00.

29.    NOTE:  This Company reserves the right to make such  further exceptions as the above proofs may warrant.

30.    N.J.S.A 47:1A-1.1 et. seq. and related Statutes permits certain law enforcement officials, including but not limited to Judges and retired Judges, from having their Primary and Secondary residences disclosed to the public.

The subject matter of this Commitment involves real estate and some of the documents that are signed will be sent to the County Clerk or Register to be recorded in the normal course of business. These documents, primarily deeds and mortgages, will include the address and legal description of the property. After the documents are recorded, they are available for examination by the general public.

If you feel you are entitled to the protection of N.J.S.A 47:1A-1.1, which would prohibit the disclosure of the address of the property, you must notify the office the issued this Commitment, in writing, at least 72 hours before closing. Your Notice must be delivered via email or fax. If the non-disclosure request is made steps will have to be taken to assure the confidentiality of the property information. If no such notification is delivered your real property documents will be recorded in the public land records in the normal course of business with all references to the property including the address.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**American Land Title Association**

**Commitment for Title Insurance**
**Adopted 08-01-2016**
**Technical Corrections 04-02-2018**

**SCHEDULE B, PART II**
**Exceptions**

THIS COMMITMENT DOES NOT REPUBLISH ANY COVENANT, CONDITION, RESTRICTION, OR LIMITATION CONTAINED IN ANY DOCUMENT REFERRED TO IN THIS COMMITMENT TO THE EXTENT THAT THE SPECIFIC COVENANT, CONDITION, RESTRICTION, OR LIMITATION VIOLATES STATE OR FEDERAL LAW BASED ON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, GENDER IDENTITY, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN.

The Policy will not insure against loss or damage resulting from the terms and provisions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1. Notwithstanding any provision of the policy to the contrary, any encroachment, encumbrance, violation, variation or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land.

2. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date  the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

3. Rights or claims by parties in possession of the land not shown by the public records.

4. Taxes, charges and assessments.

5. Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Subject to the rights of utility companies servicing the premises.

7. Subject to subsurface conditions not disclosed of record. (Owner's Policy Only).

8. Rights, public and private, in and to all road, streets and avenues crossing, bounding or affecting the premises.

9. Covenants, conditions, restrictions and easements which may exist on the land.

10. Subject to a Declaration of Restriction as st forth in Book D3611, Page 126.

11. Any and all terms, conditions, easements, rights of way, reservations, restrictions, provisions, limitations and/or requirements as set forth on Filed Map entitled "Map A of Property of F.C. Beckwith & James, Lake VIew, Passaic Co., N.J." as Map No. 615, date filed: 05/02/1901.

12. Subject to the terms and conditions of the Court Order Setting Forth Sale Procedures issued by the United States District Court of New Jersey 19-cv-17866 (MCA)(LDW).

13. If the insured land is benefited by a tax exemption, the policy excepts the lien which may attach by reason of any restoration of real property taxes resulting from the transfer of title by the owner entitled to said exemption, or the failure of the owner to comply with the terms and conditions of any agreement with the municipality regarding the exemption, including, without limitation, the retroactive imposition of taxes.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**SCHEDULE B, PART II**
(Continued)

14.    Any water or sewer charges and other miscellaneous assessments, which might include charges for use prior to the date of the policy.

15.    Neither this policy nor any endorsement covers any loss or damage arising from any allegation that the use of the property lacks compliance with covenants, conditions or restrictions or federal or state law or ordinance regarding the cultivation, production or sale of hemp or hemp products.

16.    Possible added or omitted assessments as provided by N.J.S.A. 54:4-63.1, et seq.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**American Land Title Association**

Commitment for Title Insurance
Adopted 08-01-2016
Technical Corrections 04-02-2018

## SCHEDULE C

The Land is described as follows:

All that certain lot, tract or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey being more particularly described as follows:

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence

2. Southerly at right angles to West Second Street 100 feet; thence

3. Easterly eleven feet more or less to Lot of William Mehringer thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No.39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

Formerly known as lot number 35, 37, 38 and 39 in Block 7 as laid down on a map of Bechwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

FOR INFORMATION ONLY:
County: Passaic, Municipality: Clifton City
Tax Block: 16.09, Tax Lot: 11
Address: 125 6th Avenue, Clifton, NJ 07011.

The above Tax Lot and Block designation and the street address designation is for informational purposes only and is not to be construed as part of the legal description.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance [issued by Old Republic National Title Insurance Company]. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; Schedule B, Part II - Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**Title #: RANJ-43739   Order #: MT-096-7874498**

*Charles Jones*®
A DataTrace Company

**NEW JERSEY TAX & ASSESSMENT SEARCH**

**For:** BETTER TITLE RESEARCH

| | | |
|---|---|---|
| **BLOCK** : 16.09 | **ASSESSED OWNER** | : ALJO NORSE LLC % COLLIERS |
| **LOT** : 11 | **BILLING ADDRESS** | : 300 INTERPACE PKWY PARSIPPANY, NJ 07054-1100 |
| **QUAL** : | **LOT ADDRESS** | : 125 6TH AVE |
| **XLOT** : | **PASSAIC** | : CLIFTON CITY (973) 470-5830 |
| | (MUNI CODE: 1602) | 900 CLIFTON AVENUE CLIFTON NJ 07013 |

**INFORMATION**                  : C.O. REQUIRED ON NEW CONSTRUCTION, RESALE, ADDI
**(FOR RESALE)**                 SMOKE DETECTOR INSPECTION REQUIRED AS PER NJAC 5:70-4.19
                                 CALL (973) 470-5809 FOR INSPECTION
                                 INSPECTION FEE 30.00

**ASSESSOR'S CODE**        : 4A – COMMERCIAL      (NOT TO BE USED FOR DETERMINING NJ MANSION TAX)

**APX. LOT SIZE**          : 75X114 11X100

**ASSESSED VALUES**        : LAND : $140,000   IMP. : $368,600   TOT. : $508,600

**TAX RATE**               : $5.493 PER $100 OF ASSESSED VALUE

**TAX EXEMPTIONS**         : NONE

**2020 TAXES**             : $27,937.40 PAID IN FULL

**-2021 – DUE DATE**       :

**QTR1  – 02/01**          : $6,984.36 PAID

**QTR2  – 05/01**          : $6,984.34 OPEN

**QTR3  – 08/01**          : TO BE DETERMINED

**QTR4  – 11/01**          : TO BE DETERMINED

**-2022 – DUE DATE**       :

**QTR1  – 02/01**          : TO BE DETERMINED

**QTR2  – 05/01**          : TO BE DETERMINED

**ADDED ASSESSMENTS** : NONE

**WATER ACCOUNT #** : SEE ADDENDUM

**SEWER ACCOUNT #** : SEE ADDENDUM

**CONFIRMED ASSESSMENTS** : NONE

**LIENS** : NONE

---

**Certificate as to current status of pending (unconfirmed) assessments:**

ORDINANCE #: NONE

TYPE OF IMPROVEMENT:

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of 04/06/2021

Title #: RANJ-43739   Order #: MT-096-7874498

*Charles Jones®*
A DataTrace Company

**NEW JERSEY TAX & ASSESSMENT SEARCH**

**For:** BETTER TITLE RESEARCH

| | | |
|---|---|---|
| **BLOCK** : 16.09 | **ASSESSED OWNER** | : ALJO NORSE LLC % COLLIERS |
| **LOT**  : 11 | **BILLING ADDRESS** | : 300 INTERPACE PKWY PARSIPPANY, NJ 07054-1100 |
| **QUAL** : | **LOT ADDRESS** | : 125 6TH AVE |
| **XLOT** : | **PASSAIC** | : CLIFTON CITY (973) 470-5830 |
| | (MUNI CODE: 1602) | 900 CLIFTON AVENUE CLIFTON NJ 07013 |

**WATER ACCOUNT #**   : PASSAIC VALLEY WATER COMM. 1525 MAIN AVE. CLIFTON,NJ 07011 973-340-4300 ACCT #: 237293-149916 TO: 04/01/2021 $205.79 OPEN; $205.79 OPEN PLUS PENALTY; OWED IN ARREARS; SUBJECT TO FINAL READING

  : PASSAIC VALLEY WATER COMM. 1525 MAIN AVE. CLIFTON,NJ 07011 973-340-4300 ACCT #: 237293-43910 TO: 03/05/2021 $841.12 OPEN PLUS PENALTY; SUBJECT TO FINAL READING. ADDITIONAL ACCOUNTS MAY EXIST; PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE AT CLOSING.

**SEWER ACCOUNT #**   : CLIFTON CITY 900 CLIFTON AVE.. CLIFTON ,NJ 07013 973-470-5833 07/01/2020 - 12/31/2020 $1,734.15 OPEN PLUS PENALTY; SEWER CHARGES BASED ON PRIOR WATER CONSUMPTION. SUBJECT TO FINAL READING. ADDITIONAL ACCOUNTS MAY EXIST; PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE AT CLOSING.

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of 04/06/2021

```
                                    ****************************************
                                    *** UNITED STATES PATRIOT NAME SEARCH ***
                                    ****************************************
```

252-4200-71                     RE: RANJ-43739
**CERTIFIED TO:**


            BETTER TITLE RESEARCH
            LEXINGTON TOWERS, 212 SECOND ST,
            STE 502
            LAKEWOOD NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE
LIST OF "SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS"
MAINTAINED BY THE OFFICE OF FOREIGN ASSETS CONTROL, U.S.
DEPARTMENT OF THE TREASURY, PURSUANT TO EXECUTIVE ORDER 13224 AS
AMENDED BY EXECUTIVE ORDER 13268, AS WELL AS "THE CONSOLIDATED
SANCTIONS LIST" THAT INCLUDES THE LIST OF "FOREIGN SANCTIONS
EVADERS" PURSUANT TO EXECUTIVE ORDER 13608 AND MAINTAINED BY
THE OFFICE OF FOREIGN ASSETS CONTROL, U.S. DEPARTMENT OF THE
TREASURY AND REPORTS THE FOLLOWING FINDINGS WITH RESPECT TO THE
NAME(S) LISTED BELOW:

                                                    THROUGH

   COLLIERS INTERNATIONAL NJ LLC (Entity)           04-07-2021

   STONEGATE BUILDINGS LLC (Entity)                 04-07-2021


             ****************************************
             ***** CLEAR PATRIOT NAME SEARCH *****
             ****************************************




   NOTE: According to the U.S. Department of Treasury, no U.S.
   person may deal with any Libyan or Iraqi government official
   whether their name appears on the list or not.


DATE ISSUED: 04-12-2021


                                    CHARLES JONES LLC
                                    P.O. BOX 8488
PA21-102-01043  102   0224102 35    TRENTON, NJ 08650
```

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

252-4200-71                    RE: RANJ-43739

**CERTIFIED TO:**


                BETTER TITLE RESEARCH
                LEXINGTON TOWERS, 212 SECOND ST,
                STE 502
                LAKEWOOD NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF THE
CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY, THE
INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD IN ANY OF
THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY THE
RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY IN
NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:


                                        FROM        TO

    TAIBI FAMILY HOLDINGS, L.L.C.   (Entity)04-02-2001  04-09-2002
        *** Name is CLEAR ***

    125 6TH AVENUE ASSOCIATES, LLC   (Entity)
                                        04-02-2001  05-17-2010
        *** Name is CLEAR ***

    ALJO NORSE LLC   (Entity)            04-02-2001  04-02-2021
        *** Name is CLEAR ***

    COLLIERS INTERNATIONAL NJ LLC   (Entity)04-02-2001  04-02-2021
        *** Name is CLEAR ***

    STONEGATE BUILDINGS LLC   (Entity)    04-02-2001  04-02-2021
        *** Name is CLEAR ***

    COLLIERS INTERNATIONAL   (Entity)    04-02-2001  04-02-2021
        (NAME ADDED - NO CHARGE)
        *** With Judgments ***

                (SEE ATTACHED  1  PAGE)

DATED      04-02-2021
TIME       08:45 AM



                            CHARLES JONES LLC
                            P.O. BOX 8488
RN21-102-01042  102   0518102 35    TRENTON, NJ 08650

RN21-102-01042          RE: RANJ-43710726                              1
252-4200-71

                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-199056-2018
DATE DOCKETED: 11/14/18
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER

                                              DEBT: $      3,000.00
                                              W/ INT FROM: 09/07/16

 CREDITOR(S):
       STATE OF NEW JERSEY
 DEBTOR(S):
       COLLIERS INTERNATIONAL
                  666 5TH AV, NEW YORK, NY 10103
                  ---------------
   DEBT CERTIFIED TO SUPERIOR COURT CLERK BY:
   BUREAU OF BOILER AND PRESSURE VESSEL COMPLIANCE
                  *** End of Abstract ***



3839 Flatlands Avenue, Suite 208
Brooklyn, NY 11234

212 Second Street, Suite 502
Lakewood, NJ 08701

## TIDELANDS SEARCH

**Date of Search:** April 11, 2021                    **Title No.:** RANJ-43739

125 6th Avenue
Block:  16.09; Lot:  11
Clifton, NJ 07011

---

**TIDELANDS**
Searches were run in Passaic County for the above block and lot.

☒ **Findings: Unclaimed**

☐ **Findings: Claimed**

### IMPORTANT NOTICE ABOUT THE ABOVE SEARCH INFORMATION

Better Research does hereby certify that the records of the above Governmental agency were examined and that the information recorded above is a true and accurate abstract of the information contained therein and no liability is assumed.

| Block: | 16.09 | Prop Loc: | 125 6TH AVE | Owner: | ALJO NORSE LLC % LUMENT CAPITAL | Square Ft: | 0 |
| Lot: | 11 | District: | 1602 CLIFTON | Street: | 2001 ROSS AVE FL# 19 | Year Built: | 1927 |
| Qual: | | Class: | 4A | City State: | DALLAS TX 75201 | Style: | |

**Additional Information**

| Prior Block: | | Acct Num: | | Addl Lots: | | EPL Code: | 0 0 0 |
| Prior Lot: | | Mtg Acct: | | Land Desc: | 75X114 11X100 | Statute: | |
| Prior Qual: | | Bank Code: | 0 | Bldg Desc: | | Initial: | 000000 Further: |
| Updated: | 11/18/20 | Tax Codes: | | Class4Cd: | 738 | Desc: | |
| Zone: | R-B1 | Map Page: | | Acreage: | 0.172 | Taxes: | 27937.40 / 0.00 |

**Sale Information**

| Sale Date: | 03/23/10 | Book: | 1919 | Page: 283 | Price: | 1020000 | ;NU#: | 0 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Sr1a** | | **Date** | | **Book** | | **Page** | **Price** | | **NU#** | **Ratio** | **Grantee** |

**TAX-LIST-HISTORY**

| Year | Owner Information | Land/Imp/Tot | Exemption | Assessed | Property Class |
|---|---|---|---|---|---|
| 2021 | ALJO NORSE LLC % LUMENT CAPITAL | 140000 | 0 | 508600 | 4A |
| | 2001 ROSS AVE FL# 19 | 368600 | | | |
| | DALLAS TX 75201 | 508600 | | | |
| | | | | | |
| 2020 | ALJO NORSE LLC % COLLIERS | 140000 | 0 | 508600 | 4A |
| | 300 INTERPACE PKWY | 368600 | | | |
| | PARSIPPANY NJ 07054 | 508600 | | | |
| | | | | | |
| 2019 | ALJO NORSE LLC | 140000 | 0 | 508600 | 4A |
| | P O BOX 308 | 368600 | | | |
| | NEW MILFORD NJ 07646 | 508600 | | | |
| | | | | | |
| 2018 | ALJO NORSE LLC | 140000 | 0 | 508600 | 4A |
| | P O BOX 308 | 368600 | | | |
| | NEW MILFORD NJ 07646 | 508600 | | | |

*Click Here for More History









PASSAIC COUNTY

818—Deed—Bargain and Sale.
Individual or Corporation.

246890

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
74 BROADWAY AND CHAMBERS ST., NEW YORK 7

A 47 MAR 197

# This Indenture,

Made the   1st   day of   March   in the year One Thousand
Nine Hundred and   Forty-Seven,
Between

PAULINE WEISSMAN and MAX WEISSMAN, her husband, of
#365 West Second Street,

of the   City   of   Clifton,   in the County
of   Passaic,   and State of   New Jersey,   party of the first part;
And

ESTHER KURTZ,

of the   Borough   of   Rockaway,   in the County
of   Morris,   and State of   New Jersey,   party of the second part;

Witnesseth, That the said party of the first part, for and in consideration of

## ONE DOLLAR AND OTHER VALUABLE CONSIDERATION,

lawful money of the United States of America, to us   in hand well and truly paid by the said party of
the second part, at or before the sealing and delivery of these presents, the receipt whereof is hereby
acknowledged, and the said party of the first part being therewith fully satisfied, contented and paid,
he ve given, granted, bargained, sold, aliened, released, enfeoffed, conveyed and confirmed, and by these
presents do   give, grant, bargain, sell, alien, release, enfeoff, convey and confirm unto the said party of
the second part, and to   her heirs   and assigns forever, All that
certain   tract   or parcel   of land and premises, hereinafter
particularly described, situate, lying and being in the   City   of   Clifton,
in the County of   Passaic,   and State of New Jersey, :—

BEGINNING at the Southwest corner of West Second Street (form-
erly known as South Second Street) and Sixth Avenue, running thence (1)
Westerly along West Second Street, one hundred twenty-five (125) feet;
thence (2) Southerly at right angles to West Second Street, one hundred
(100) feet; thence (3) Easterly eleven (11) feet more or less to lot of
William Mehringer; thence (4) Northerly along his line, twenty-five (25)
feet more or less to a point where the same would intersect the southerly
boundary line of lot number 39 if extended in a westerly direction; thence
(5) Easterly along said line and said line if extended, one hundred four-
teen (114) feet more or less to Sixth Avenue; and thence (6) Northerly
along Sixth Avenue seventy-four (74) feet more or less to the place of
BEGINNING.

BEING lots numbers 35, 37, 38 and 39 in Block 7, as laid down
on a map of Beckwith and Crooks at Lake View, and part of Block No. 162
on the Township Assessment Map.   ntje $13,475.

A47-197

A 47 our 198

BEING the same premises conveyed to said Pauline Weissman by Deed from Floran Realty Corporation, a corporation of New Jersey, which Deed is dated May 23, 1946 and recorded on June 4, 1946 in the Office of the Register of Passaic County in Book A-46 of Deeds for said County on page 455, and which Deed is to be rerecorded concurrently herewith.

SUBJECT to easements, restrictions and reservations of record, if any.

Subject to existing tenancies, zoning ordinances of the City of Clifton, and such state of facts as would be disclosed by an accurate survey.

SUBJECT to a mortgage held by New Jersey Mortgage and Title Company in the principal amount of $14,000, upon which there is presently due and owing the sum of $13,475 together with interest from January 1, 1947.

**Together** with all and singular the houses, buildings, trees, ways, waters, profits, privileges, and advantages, with the appurtenances to the same belonging or in anywise appertaining;

**Also,** all the estate, right, title, interest,                              property, claim and demand whatsoever, of the said party of the first part, of, in and to the same, and of, in and to every part and parcel thereof,

**To have and to Hold** all and singular the above described land and premises, with the appurtenances, unto the said party of the second part,    **her heirs**                  and assigns, to the only proper use, benefit and behoof of the said party of the second part,    **her heirs** and assigns forever;

**In Witness Whereof,** the party  y   of the first part have set   **their**   hand s and seal s or caused these presents to be signed by its proper competent officers and caused its proper corporate seal to be hereto affixed, the day and year first above written.

**Signed, Sealed and Delivered in the Presence of**

(Harry Kampelman)

Pauline Weissman                    LS
(Pauline Weissman)

Max Weissman                        LS
(Max Weissman)

**State of New Jersey,**
**County of** ss.:

**A 47** PAGE **199**

Be it Remembered, that on this ____ day of ____
in the Year One Thousand Nine Hundred and ____ before me, the subscriber, a
personally appeared

who, being by me duly sworn on h____ oath, doth depose and make proof to my satisfaction, that he
is the ____ of
the Grantor named in the within Instrument; that
is the ____ President of said corporation; that the execution, as well as the making
of this Instrument, has been duly authorized by a proper resolution of the board of directors of said
corporation; that deponent well knows the corporate seal of said corporation; and the seal affixed to
said Instrument is such corporate seal and was thereto affixed and said Instrument signed and delivered
by said ____ President, as and for h____ voluntary act and deed and as and for the voluntary
act and deed of said corporation, in presence of deponent, who thereupon subscribed h____ name thereto
as witness.

Sworn to and subscribed before me,
at
the date aforesaid

**Deed**

246890

PAULINE WEISSMAN and
MAX WEISSMAN, her husband

TO

ESTHER KUNES.

Dated, March 1 , 19 .

Register's Office of
the County of Passaic
the 4th day of March A.D.
19 47, at 10:51 A.M. in the fore noon
and Recorded in Book A-47 of DEEDS
for said County, on page 197 &c.

John E. Lammers
Register

**State of New Jersey,**
**County of Passaic,** ss.:

Be it Remembered, That on this 1st
day of March in the year One Thousand Nine Hundred and Forty-Seven,
before me, A Master in Chancery of New Jersey,
the subscriber,
personally appeared

PAULINE WEISSMAN and MAX WEISSMAN, her husband,
who, I am satisfied, are the grantor mentioned in the within Instrument, to whom
I first made known the contents thereof, and thereupon they acknowledged that they
signed, sealed and delivered the same as their voluntary act and deed, for the uses and
purposes therein expressed.

A Master in Chancery of N.J.

RECEIVED
PASSAIC CO. N.J.
Mar 4 10:51AM '47
JOHN E. LAMMERS

**This Deed** made the

Between   ESTHER KURTZ, widow

*residing at*     125 Sixth Avenue
*in the*   City              *of*    Clifton           *in the County of*
Passaic        *and State of*   New Jersey        *herein designated as the Grantors,*
**And**     JAMES V. TAIBI and JOHN E. NOVACK, Partners, trading as
TAIBI AND NOVACK

*residing or located at*    85 Crooks Avenue                  *in the County of*
*in the*   City              *of*    Clifton
Passaic        *and State of*   New Jersey        *herein designated as the Grantees;*

*Witnesseth, that the Grantors, for and in consideration of*
Eighty Thousand and No/100------------------------- Dollars
*lawful money of the United States of America, to the Grantors in hand well and truly paid by the Grantees, at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the Grantors being therewith fully satisfied, do by these presents grant, bargain, sell and convey unto the Grantees forever.*

**All that**     *tract*    *or parcel*    *of land and premises, situate, lying and being in the*
City                                                      *in the*
*County of*       Passaic        *and State of New Jersey, more particularly described as follows:*

BEGINNING at the southwest corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

(1)  Westerly along West Second Street 125 feet; thence

(2)  Southerly at right angles to West Second Street 100 feet; thence

(3)  Easterly eleven (11) feet more or less to Lot of William Mehringer thence

(4)  Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

(5)  Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

(6)  Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING Lots Numbers 35, 37, 38 and 39 in Block 7 as laid down on a map of Beckwith and Crooks at Lake View, and part of Block No. 162 on the Township Assessment Map.

BEING further known as the "new" Lot 11 in Block 16-9 on the Tax Assessment Map of the City of Clifton.

BEING the same premises conveyed to the grantor by deed dated March 1, 1947, recorded March 4, 1947, in Book A-47 of Deeds for Passaic County at page 197.

COUNTY OF PASSAIC
CONSIDERATION $ 80,000.00
REALTY FEE $ 80.00
DATE 8/19/74  B.T.

1974 AUG 19  AM 10:24
EDWARD J. ____
REGISTER

C  96  PAGE 434

... *every part and parcel thereof. And Also all the estate, right, title, interest, use, possession, property, claim and demand whatsoever, of the Grantors both in law and in equity, of, in and to the premises herein described, and every part and parcel thereof, with the appurtenances.* **To Have and to Hold** *all and singular, the premises herein described; together with the appurtenances, unto the Grantees and to Grantees' proper use and benefit forever.*

*And the Grantors covenant to and with the Grantees that at the time of the sealing and delivery of these presents, Grantors are lawfully seized of an absolute and indefeasible estate of inheritance in fee simple, of and in all ... , in and to the premises herein conveyed, with all the buildings thereon and the privileges and appurtenances thereunto belonging; And have good right, full power and absolute authority to grant, sell and convey the same to the Grantees in the manner and form hereof; And that the Grantees shall and may at all times hereafter, peaceably and quietly enter upon and have, hold, use and occupy, possess and enjoy the premises hereby conveyed and every part and parcel thereof, with all the buildings thereon and the privileges and appurtenances thereunto belonging, to and for Grantees' use and benefit without any let, suit, eviction, interruption, claim or demand whatsoever, of the Grantors or of any other persons whomsoever lawfully claiming or to claim the same; And that, the said lands and premises are now free and clear, acquitted and discharged of and from all limitations, grants, estates, mortgages, judgments, executions, liens, assessments, encumbrances and taxes of any nature and kind whatsoever, except as herein set forth; And that the Grantors and every person whomsoever, lawfully or equitably deriving any estate, right, title or interest through, from or for the Grantors, in trust or otherwise, in or to the premises described herein, the buildings thereon and the privileges and appurtenances thereunto belonging, shall and will, at all times hereafter upon the reasonable request and at the expense of the Grantees, do or execute or cause to be done or executed, all such further acts, deeds and things for the better, more perfectly and absolutely conveying and assuring the said lands and premises hereby conveyed, as by the Grantees or Grantees' counsel in law, shall be reasonably advised or required. And also, that the Grantors by these presents do and will forever warrant and defend the lands and premises described herein and every part and parcel thereof, with all the buildings thereon and the privileges and appurtenances thereunto belonging, unto the Grantees, against the Grantors and against all persons lawfully claiming or to claim the same.*

*In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.*

*Wherever in this instrument any party shall be designated or referred to by name or general reference, such designation is intended to and shall have the same effect as if the words "heirs, executors, administrators, personal or legal representatives, successors and assigns" had been inserted after each and every such designation.*

**In Witness Whereof,** *the Grantors have hereunto set their hands and seals the day and year first above written.*

Signed, Sealed and Delivered
in the presence of

*Esther Kurtz* (L.S.)
ESTHER KURTZ

*Maurice Slaff*

Maurice Slaff                                                    (L.S.)


**State of New Jersey, County of** PASSAIC      | ss.:   **Be it Remembered,**
that on       August 16th  1974 , before me, the subscriber,  An Attorney
at Law of New Jersey
personally appeared        ESTHER KURTZ, widow

who, I am satisfied,  **is**   the person   named in and who executed the within Instrument, and thereupon **she**  acknowledged that **she**  signed, sealed and delivered the same as **her**   act and deed, for the uses and purposes therein expressed, and that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, c.49, Sec. 1 (c), is $80,000.00.

Prepared by:
LOUIS WASSERSTRUM, Esq.

*Maurice Slaff*
MAURICE SLAFF
An Attorney at Law of New Jersey

C 96 PAGE 435

Prepared by:

_____
MICHAEL A. HANNA, ESQ.

# DEED

This Deed is made on January 9, 1998

BETWEEN JAMES V. TAIDI and JOHN B. NOVACK, Partners, trading as TAIDI AND NOVACK, whose address is 547 Grove Street, Clifton, New Jersey and 90 Trimble Avenue, Clifton, New Jersey, referred to as the Grantor,

AND TAIDI FAMILY HOLDINGS, L.L.C., whose address is 547 Grove Street, Clifton, New Jersey, referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of $1.00 (One Dollar and 00/100).

The Grantor acknowledges receipt of this money.

Tax Map Reference. (N.J.S.A. 46:15-2.1) Municipality of CLIFTON
Block No.    16.09    Lot No.    11    Account No.

☐ No property tax identification number is available on the date of this deed. (Check box if Applicable.)

Property. The property consists of the land and all the buildings and structures on the land in the CITY of CLIFTON County of PASSAIC and State of New Jersey. The legal description is:

BEGINNING at the southwest corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

(1) Westerly along West Second Street 125 feet; thence

(2) Southerly at right angles to West Second Street 100 feet; thence

(3) Easterly eleven (11) feet more or less to Lot of Williams Mehringer thence

(4) Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

(5) Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

(6) Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING Lots Numbers 35, 37, 38 and 39 in Block 7 as laid down on a map of Beckwith and Crooks at Lake View, and part of Block No. 162 on the Township Assessment Map.

BEING further known as the "new" Lot 11 in Block 16-9 on the Tax Assessment Map of the City of Clifton.

BEING the same premises conveyed to the grantors herein by deed from Esther Kurtz, widow, in deed dated August 16, 1974 and recorded in the Passaic County Clerk's Office on August 19, 1974, in deed book C96, Page 434.

Grace Taidi died on March 23, 1996.

RECEIVED
PASSAIC CO. N.J.
1998 MAR -2 P 2: 38
GEORGE T. GASPARD
REGISTER

G--154PG042

Promises by Grantor.  The Grantor promises that the Grantor has done no act to encumber the property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

Signatures.  The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

x John E. Novack
JOHN E. NOVACK

James V. Taibi
JAMES V. TAIBI

STATE OF NEW JERSEY   }
                      } ss.:
COUNTY OF Bergen       }

I CERTIFY that on 1/9, 19 98 JOHN E. NOVACK and JAMES V. TAIBI personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):
   (a)   is named in and personally signed this deed;
   (b)   signed, sealed and delivered this Deed as his or her act and deed; and
   (c)   made this Deed for $1.00 (One Dollar and 00/100) as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5.)

Michael A. Manna, Esq.
An Attorney at Law Of New Jersey

| DEED | Record and Return to: |
|---|---|
| JAMES V. TAIBI and JOHN E. NOVACK<br><br>Grantors,<br><br>TO<br><br>TAIBI FAMILY HOLDINGS, L.L.C.,<br><br>Grantees. | MICHAEL A. MANNA, ESQ.<br>61 NORTH MAPLE AVENUE<br>RIDGEWOOD, NJ  07450 |

G--154PG043

Inst # 199801026? - Page 2 of

NC1565 - Affidavit of Consideration
RTF-1 (Rev. 1/98)
Print Date 1/97

STATE OF NEW JERSEY
AFFIDAVIT OF CONSIDERATION OR EXEMPTION
(c. 49, P.L. 1968)
or
PARTIAL EXEMPTION
(c. 176, P.L. 1975)
To be recorded with Deed pursuant to c. 49, P.L. 1975 as amended by c. 225, P.L. 1983 (N.J.S.A. 46:15-5 et seq.)

ALL-STATE® Legal
A Division of ALL-STATE International, Inc.
800-277-0800

**STATE OF NEW JERSEY**
**COUNTY OF** Bergen } SS.

FOR RECORDERS USE ONLY
Consideration $
Realty Transfer Fee $
Date

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side.)

Deponent Michael Manna , being duly sworn according to law upon his/her oath

deposes and says that he/she is the Legal Representative in a deed dated 1/9/98

transferring real property identified as Block No. 16.09 Lot No. 11

located at 184 Bergen Avenue, Clifton, NJ, Passaic County and annexed hereto.

**(2) CONSIDERATION** (See Instruction #5)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is 1.00 (One Dollar & 00/100)

**(3) FULL EXEMPTION FROM FEE** Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s). Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.
The fee imposed by this Act shall not apply to a deed for a consideration of less than

$100.00

**(4) PARTIAL EXEMPTION FROM FEE**   NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #6 and #8.)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P.L. 1975 for the following reason(s):

A) SENIOR CITIZEN (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.

☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

B) BLIND (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of Sale.
☐ No joint owners other than spouse or other qualified exempt owners.

DISABLED (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
☐ No joint owners other than spouse or other qualified exempt owners.

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

C) LOW AND MODERATE INCOME HOUSING (See Instruction #8.)
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

D) NEW CONSTRUCTION (See Instruction #8.)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c.49, P.L. 1968.

Michael Manna
65 N. Maple Avenue
Ridgewood, NJ 07450

James V. Tathi
547 Grove Street
Clifton, NJ

FOR OFFICIAL USE ONLY This space is for use of County Clerk or Register of Deeds.
Instrument Number County
Deed Number Book Page
Deed Dated Date Recorded

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.**
This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.

ORIGINAL - White Copy To be retained by County.
DUPLICATE - Yellow Copy To be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16 - 8.12).
TRIPLICATE - Pink Copy is your file copy.

G--154PG044

# D E E D

This Deed is made on February 20, 2002

### BETWEEN

TAIBI FAMILY HOLDINGS, L.L.C.,
a New Jersey limited liability company,

whose address is 55 Doremus Place, Clifton, New Jersey 07013, referred to as the Grantor,

### AND

125 6TH AVENUE ASSOCIATES, LLC,
a New Jersey limited liability company,

whose address is 5 Daniel Road, Fairfield, New Jersey 07004, referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**"Transfer of Ownership".** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of FIVE HUNDRED SEVENTY-FIVE THOUSAND AND 00/100 ($575,000.00) Dollars. The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Municipality of Clifton
Block No. 16.09          Lot No. 11          Account No.

☐  No Property tax identification number is available on the date of this deed. (Check box if applicable).

**Property.** The property consists of the land and all the buildings and structures on the land in the City of Clifton, County of Passaic and State of New Jersey. The legal description is:

Being more particularly described on Schedule "A" attached hereto.

Being the same premises conveyed to Taibi Family Holdings, L.L.C. by Deed from James V. Taibi and John E. Novack, partners, trading as Taibi and Novack, dated January 9, 1998 which Deed was recorded in the Passaic County Clerk's office on March 2, 1998 in Deed Book G154 at Page O42, et seq.

This conveyance is made subject to any and all covenants, easements and restrictions of record affecting said premises, subsurface conditions, all governmental laws, ordinances and regulations regarding the use of said premises, and any state of facts which an accurate survey might show.

Prepared By:

Carol C. Stern, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

## SCHEDULE "A"

ALL that certain tract, lot and parcel of land lying and being in the City of Clifton, County of Passaic and State of New Jersey, and being more particularly described as follows:

Property. The property consists of the land and all the buildings and structures on the land in the City of Clifton County of Passaic and State of New Jersey. The legal description is:

BEGINNING at the southwest corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence

2. Southerly at right angles to West Second Street 100 feet; thence

3. Easterly eleven feet more or less to Lot of William Mehringer thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING Lot numbers 35, 37, 38 and 39 in Block 7 as laid down on a map of Beckwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

FOR INFORMATION:  Being known and designated as Lot No.  11, Block No. 16.09 on the tax maps of the City of Clifton.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

TAIBI FAMILY HOLDINGS, L.L.C.

_Marilyn R. Brown_

By: _Marie Novack_
MARIE NOVACK, Member, Individually
and as Personal Representative of the
Estate of John E. Novack

_Jessica Miller_

By: _Charlene Alvarez_
CHARLENE ALVAREZ, Member,
Individually and as Executrix of the Estate
of James Taibi

STATE OF NEW JERSEY, COUNTY OF _PASSAIC_ :

       BE IT REMEMBERED, that on this _19th_ day of February, 2002 before me, the subscriber, personally appeared MARIE NOVACK, who, being by me duly sworn on her oath, does make proof to my satisfaction that she is a Member of TAIBI FAMILY HOLDINGS, L.L.C., a New Jersey limited liability company, the limited liability company named in the within instrument; that the execution as well as the making of the within instrument by TAIBI FAMILY HOLDINGS, L.L.C. has been duly authorized by the Members of said limited liability company; that she signed and delivered the said instrument as such Member aforesaid; that the within instrument was signed and delivered by her as and for her voluntary act and deed and as and for the voluntary act and deed of TAIBI FAMILY HOLDINGS, L.L.C. and that the limited liability company made this Deed for $575,000.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).

                                             *Marilyn R. Brown*
                                     NOTARY PUBLIC OF NEW JERSEY

                                       MARILYN R. BROWN
                                   A Notary Public of New Jersey
                               My Commission Expires Jan. 6, 2004

STATE OF NEW JERSEY, COUNTY OF _Bergen_ :

       BE IT REMEMBERED, that on this _19th_ day of February, 2002 before me, the subscriber, personally appeared CHARLENE ALVAREZ, who, being by me duly sworn on her oath, does make proof to my satisfaction that she is a Member of TAIBI FAMILY HOLDINGS, L.L.C., a New Jersey limited liability company, the limited liability company named in the within instrument; that the execution as well as the making of the within instrument by TAIBI FAMILY HOLDINGS, L.L.C. has been duly authorized by the Members of said limited liability company; that she signed and delivered the said instrument as such Member aforesaid; that the within instrument was signed and delivered by her as and for her voluntary act and deed and as and for the voluntary act and deed of TAIBI FAMILY HOLDINGS, L.L.C. and that the limited liability company made this Deed for $575,000.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).

                                             *Jeanine Jordan*
                                       NOTARY PUBLIC OF NEW JERSEY

                                       JEANINE JORDAN
                                   A Notary Public of New Jersey
                               My Commission Expires May 3, 2004

| **D E E D** | **DATED:** February 20, 2002 |
|---|---|
| TAIBI FAMILY HOLDINGS, L.L.C., a New Jersey limited liability company, <br><br> Grantor <br><br> - TO - <br><br> 125 6$^{TH}$ AVENUE ASSOCIATES, LLC, a New Jersey limited liability company, <br><br> Grantee. | **RECORD & RETURN TO:** <br><br> Craig W. Alexander, Esq. <br> Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, P.C. <br> 155 Prospect Avenue <br> West Orange, NJ  07052 |

END OF DOCUMENT

NWK3: 641561.01

NJA0417

009ARJ

Prepared By:

Craig W. Alexander, Esq.

## DEED

**THIS DEED** is made on March 23, 2010,

    **BETWEEN:**     **125 6th AVENUE ASSOCIATES, LLC,** a New Jersey Limited Liability Company, with a mailing address of 5 Daniel Road, Fairfield, New Jersey 07004, referred to as the Grantor.

    **AND:**     **ALJO NORSE LLC,** a New Jersey Limited Liability Company, with a mailing address of 411 Hackensack Avenue, Hackensack, New Jersey 07601, referred to as the Grantee.

The word "Grantee" shall mean all Grantees listed above.

    **Transfer of Ownership.** The Grantor grants and conveys (transfers ownership) the property described below to the Grantee. This transfer is made for the sum of **ONE MILLION TWENTY THOUSAND and xx/100 Dollars ($1,020,000.00).** The Grantor acknowledges receipt of this money.

    **Tax Map Reference.** (N.J.S.A. 46:15-2.1) Clifton, Passaic County, New Jersey, shown as Block 16.09, Lot 11.

    **Property.** The property consists of the land and all the buildings and structures on the land in Clifton, Passaic County, New Jersey, described as follows:

    See Schedule A annexed hereto and incorporated by reference.

    **BEING** the same premises conveyed to Grantor by deed from Taibi Family Holdings, LLC dated February 20, 2002 and recorded April 9, 2002 in Deed Book 384, Page 265 in Passaic County.

    **BEING** commonly known as 125 Sixth Avenue, Clifton, New Jersey.

    **SUBJECT** to easements and restrictions of record, if any, zoning ordinances and such facts as would be disclosed by an accurate survey and inspection of the property.

KRISTIN M. CORRADO
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2010022432
RECORDED ON
May 17, 2010
12:40:30 PM
BOOK=D1919
PAGE=283
Total Pages: 6

| | |
|---|---|
| COUNTY REALTY TAX | $1,020.00 |
| COUNTY REALTY TAX | $510.00 |
| - PHPFA | $25.00 |
| NJ PRESERVATION ACCOUNT | $55.00 |
| RECORDING FEES - RECORDER OF DEEDS | $2,550.00 |
| STATE REALTY TAX | $1,946.00 |
| STATE REALTY TAX - LHA | |
| STATE REALTY TAX - GENERAL PURPOSE | $2,465.00 |
| NJHMFT | $1,305.00 |
| HOMELESSNESS TRUST FUND | $3.00 |
| TOTAL PAID | $9,910.00 |

INT: 80Y287 USER: BU

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** This Deed is signed and attested to by the Grantor as of the date at the top of the first page.

WITNESS:                                    GRANTOR:

                                            125 6th AVENUE ASSOCIATES, LLC
                                            A New Jersey Limited Liability Company

                                            By: _____ MANAGING MEMBER
Craig W. Alexander, Esq.                    Brian Trematore, Managing Member


## ACKNOWLEDGEMENT

STATE OF NEW JERSEY:
COUNTY OF ESSEX:

I CERTIFY that on the 23d day of ~~February~~ March, 2010,

Brian Trematore personally came before me and acknowledged under oath, to my satisfaction that:

(a)     this Deed was signed and delivered by him as his voluntary act as the Managing Member of 125 6th Avenue Associates, LLC, a New Jersey Limited Liability Company, the Grantor in the Deed in accordance with the provisions of the Grantor's Certificate of Formation and Operating Agreement and authorization of the Members of the Company; and

(b)     the full and actual consideration paid or to be paid for the transfer of title is $1,020,000.00. (Such consideration is defined in N.J.S.A. 46:15-5.)

Craig W. Alexander, Esq.
Attorney at Law of New Jersey

R & R to:
Oxford Abstract, Ltd
775 Spruce St- Ste 206
Cedarhurst NY 11516



**TITLE INSURANCE COMMITMENT**

File Number: NJXO417

**SCHEDULE C**
**LEGAL DESCRIPTION**

ALL that certain tract, lot and parcel of land lying and being in the City of Clifton, County of Passaic and State of New Jersey, and being more particularly described as follows:

The property consists of the land and all of the buildings and structures on the land in the City of Clifton County of Passaic and State of New Jersey. The legal description is:

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence

2. Southerly at right angles to West Second Street 100 feet; thence

3. Easterly eleven feet more or less to Lot of William Mehringer thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

Formerly known as lot number 35, 37, 38 and 39 in Block 7 as laid down on a map of Bechwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

Now known as Lot(s)   Lot: 11, Block: 16.09;  Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

NOTE: Lot and Block shown for informational purposes only.

Schedule B 1                                                          CMS Form No. NJ-C9



State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

GIT/REP-3
(10-09)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

125 6th Avenue Associates, LLC

Current Resident Address:

Street: 5 Daniel Road

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Fairfield | NJ | 07004 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 16.09 | 11 | |

Street Address:

125 6th Avenue

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Clifton | NJ | 07011 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100 | $1,020,000.00 | 3/23/2010 |

## SELLER ASSURANCES (Check the Appropriate Box)   (Boxes 2 through 8 apply to Residents and Non-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☒ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   ☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

| 3/23/2010 | | Brian Trematore | |
|---|---|---|---|
| Date | | Signature | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

Managing Member

| | | | |
|---|---|---|---|
| Date | | Signature | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

MUST SUBMIT IN DUPLICATE
NC1645 - Affidavit of Consideration
RTF-1 (Rev. 7/08)  P9/98

Printed by ALL-STATE LEGAL®
www.aslegal.com  800.222.0510  Page 1

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

| STATE OF NEW JERSEY | } SS. | County Municipal Code | FOR RECORDER'S USE ONLY |
|---|---|---|---|
| COUNTY OF  ESSEX | | 1602 | Consideration $  1,020,000.00 |
| | | | RTF paid by seller $   9811.70 |
| | | | Date  3/23/10   By  BO |

Municipality of Property Location: **Clifton**

† Use symbol "C" to indicate that fee is exclusively for county use.

(1) **PARTY OR LEGAL REPRESENTATIVE** *(See Instructions 3 and 4 attached)*
Deponent,  **Brian Trematore** , being duly sworn according to law upon his/her oath deposes
(Name)
and says that he/she is the  **Managing Member of Grantor**  in a deed dated  **3/23/2010**
(Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)
transferring real property identified as Block No.  **16.09**  Lot No.  **11**  located at
**125 6th Avenue, Clifton**  and annexed thereto.
(Street Address, Town)

(2) **CONSIDERATION: $1,020,000.00**  *(See Instructions 1 and 5)*
(3) Property transferred is Class  **4A**  4B  4C  (circle one). If Class 4A, calculation in Section 3A is required.

(3A) **REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A COMMERCIAL PROPERTY TRANSACTIONS:** (see Instructions 5A and 7)
Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation
**$470,800.00**  ÷  **50.23**  % = $ **937,288.47**

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized value.

(4) **FULL EXEMPTION FROM FEE:** (see Instruction 8)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to the exemption symbol is insufficient. Explain in detail. _____

(5) **PARTIAL EXEMPTION FROM FEE:** (see Instruction 9) NOTE: *All boxes below apply to grantor(s) only.*
ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. *Failure to do so will void claim for partial exemption.*
Deponent claims that this deed transaction is exempt from the State's portion of the Basic Fee, Supplemental Fee and General Purpose Fee, as applicable, imposed by C. 176, P.L. 1975; C. 113, P.L. 2004 and C. 66, P.L. 2004 for the following reason(s): _____

**A. SENIOR CITIZEN** (see Instruction 9)
☐ Grantor(s) 62 years of age or over.*
☐ One- or two-family residential premises.
☐ Resident of the State of New Jersey.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.

**B. BLIND** (see Instruction 9)
☐ Grantor(s) legally blind.*
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.
☐ Resident of the State of New Jersey.
* IN THE CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEEDS TO QUALIFY IF OWNED AS TENANTS BY THE ENTIRETY.

**DISABLED** (see Instruction 9)
☐ Grantor(s) permanently and totally disabled.*
☐ Receiving disability payments.*
☐ Not gainfully employed.*
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.
☐ Resident of the State of New Jersey.

**C. LOW AND MODERATE INCOME HOUSING** (see Instruction 9)
☐ Affordable according to HUD standards.
☐ Meets income requirements of region.
☐ Reserved for occupancy.
☐ Subject to resale controls.

(6) **NEW CONSTRUCTION** (see Instructions 2, 10 and 12)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.
☐ "NEW CONSTRUCTION" printed clearly at the top of the first page of the deed.

(7) Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me this  **23d**
day of  **March** , **2010**

(signature)
Notary Public
Cvans Alexander, Esq.
adors at law

Signature of Deponent
**5 Daniel Road**
**Fairfield, NJ  07004**
Deponent Address

**125 6th Avenue Associates, LLC**
Grantor Name
**5 Daniel Road**
**Fairfield, NJ  07004**
Grantor Address at Time of Sale

**XXX-XX-X**
Last 3 digits in Grantor's Social Security No.

Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY | | |
|---|---|---|
| | County | |
| Instrument Number | | |
| Deed Number | Book | Page |
| Deed Dated | Date Recorded | |

This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at www.state.nj.us/treasury/taxation/lpt/localtax.htm.

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Seller when Section 3A is completed.
**State of New Jersey – Division of Taxation, P.O. Box 251, Trenton, NJ 08695-0251, Attention: Realty Transfer Fee Unit**

Error

MUST SUBMIT IN DUPLICATE
RTF-1EE (Rev. 8/11/06)

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM**

STATE OF NEW JERSEY

FOR RECORDER'S USE ONLY
Consideration $ 1,020,000.00
RTF paid by buyer $ 7,817.00
Date 5/11/10   By BD

COUNTY *Essex* SS. County Municipal Code *1002*

MUNICIPALITY OF PROPERTY LOCATION *Clifton*

(1) PARTY OR LEGAL REPRESENTATIVE (See Instructions #3 and #4 on reverse side)

Deponent, *Seth Levine*, being duly sworn according to law upon his/her oath,
(Name)

deposes and says that he/she is the *Corporate Officer* in a deed dated *3/23/2010* transferring
(Grantee, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number *16.09* Lot number *11* located at

*125 6th Ave, Clifton* and annexed thereto.
(Street Address, Town)

(2) CONSIDERATION $ *1,020,000.00* (See Instructions #1, #5, and #11 on reverse side)

Entire consideration is in excess of $1,000,000:

PROPERTY CLASSIFICATION CHECKED BELOW SHOULD BE TAKEN FROM THE OFFICIAL TAX LIST (A PUBLIC RECORD) OF THE MUNICIPALITY WHERE THE REAL PROPERTY IS LOCATED IN THE YEAR THAT THE TRANSFER IS MADE.

(A) When Grantee is required to remit the 1% fee, complete below:

☐ Class 2 - Residential
☐ Class 3A - Farm property (Regular) and any other real property transferred to same grantee in conjunction with transfer of Class 3A property

☒ Class 4A – Commercial Properties (if checked, calculation on (C) required below)
☐ Class 4C - Residential Cooperative Unit (4 Families or less)

(B) When Grantee is not required to remit the 1% fee, complete below:

☐ Property class. Circle applicable class(es):   1   4B   4C   15
Property classes: 1-Vacant Land, 4B-Industrial properties, 4C-Apartments (other than cooperative unit), 15-Public Property
☐ Exempt Organization pursuant to federal Internal Revenue Code of 1986
☐ Incidental to corporate merger or acquisition and equalized assessed valuation less than 20% of total value of all assets exchanged in merger or acquisition (if checked, calculation in (C) below required and MUST ATTACH COMPLETED RTF-4)

(C) REQUIRED CALCULATION OF EQUALIZED ASSESSED VALUATION FOR ALL CLASS 4A COMMERCIAL PROPERTY TRANSACTIONS: (See Instructions #6 and #7 on reverse side)
Total Assessed Valuation ÷ Director's Ratio = Equalized Valuation

$ *470,800.00* ÷ *50.23* % = $ *937,288.47*

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized value.

(3) TOTAL EXEMPTION FROM FEE (See Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.

(4) Deponent makes Affidavit of Consideration for Use by Buyer to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith pursuant to the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this *13* day of *May*, 20*10*

Signature of Deponent
*125 6th Ave*
*Clifton NJ*
Deponent Address

*Seth Levine*
Grantee Name
*636 S. Forest Dr.*
*Teaneck NJ 07666*
Grantee Address at Time of Sale

ANDREW D. TURK
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMM. EXP. 02-21-18
I.D. NUMBER 2370059

Name/Company of Settlement Officer

FOR OFFICIAL USE ONLY
Instrument Number_____ County_____
Deed Number_____ Book_____ Page_____
Deed Dated_____ Date Recorded_____

END OF DOCUMENT

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Buyer recorded with deeds to:
STATE OF NEW JERSEY-DIVISION OF TAXATION
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For further information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at www.state.nj.us/treasury/taxation/lpt/localtax.htm

Inst. # 2018051420 - Page 1 of 3

## Passaic County Document Summary Sheet

| | |
|---|---|
| **Transaction Identification Number** | 3634633    3128587 |

PASSAIC COUNTY CLERK

GRAND STREET
ROOM 113
PATERSON NJ 07501

**Return Address** *(for recorded documents)*
MADISON TITLE AGENCY, LLC
1125 OCEAN AVENUE
LAKEWOOD NJ 08701

| **Official Use Only** | | |
|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | | 11/08/2018 |
| **No. of Pages** *(excluding Summary Sheet)* | | 1 |
| **Recording Fee** *(excluding transfer tax)* | | $45.00 |
| *(Convenience Charge of $2.00 included)* | | |
| **Realty Transfer Tax** | | $0.00 |
| **Total Amount** | | $45.00 |

WALTER J. DAVISON
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2018051420
RECORDED ON
Nov 09, 2018
11:30:01 AM
BOOK:D3447 PAGE:122
Total Pages: 3

NJ PRESERVATION ACCOUNT $10.00
RECORDING FEES -        $30.00
RECORDER OF DEEDS
HOMELESSNESS TRUST FUND $3.00
EFILING CONVENIENCE FEE $2.00
TRUST FUND
TOTAL PAID            $45.00
INV: 1294418 USER: ML

| **Document Type** | DEED AGREEMENT |
|---|---|

**Electronic Recordation Level**   L2 - Level 2 (With Images)

**Municipal Codes**
CLIFTON CITY                    02

**Bar Code(s)**

A27530

---

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

Inst. # 2018051426-3   Page 2 of 3

## Passaic County Document Summary Sheet

| | | |
|---|---|---|
| **Type** | DEED AGREEMENT | |
| **Consideration** | $0.00 | |
| **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | |
| **Document Date** | 11/05/2018 | |
| **Reference Info** | | |

DEED AGREEMENT

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | | |

| Name | Address |
|---|---|
| SETH LEVINE | 210 RIVER STREET, HACKENSACK, NJ 07601 |

| Name | Address |
|---|---|
| ALJO NORSE LLC | 210 RIVER STREET, HACKENSACK, NJ 07601 |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 02 | 16.09 | 11 | | 02 |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

# TERMINATION OF DECLARATION OF RESTRICTIONS

This cancellation terminates the Declaration of Restrictions, dated September 13, 2017 by **Seth Levine**, with address at, 210 River Street, Hackensack, NJ.

## WITNESSETH

**WHEREAS** a certain Declaration of Restriction dated **September 13, 2017,** was executed and recorded, in the Passaic County Clerk's Office, on **December 14, 2017** in **Instrument # 2017060560 Book D3207 Page 145**, with regards to **Aljo Norse LLC (the "LLC"),** and

**WHEREAS** the said Declaration did affect the premises:
   **PARCEL: 125 6th Avenue, Clifton, New Jersey**
   County: Passaic Block: **16.09** Lot: **11**

**WHEREAS** the declarant wishes to cancel and terminate the said Declaration.

## NOW, THEREFORE, THE DECLARANT HEREBY SETS FORTH AS FOLLOWS:

   1.    The LLC <u>may freely</u> transfer, assign and encumber all or part of the fee estate and/or the interest of the declarer, and <u>may enter</u> into any lease or third party agreement, in or relating to the premises <u>without</u> the written consent of the declarant. Any such transfer, assignment, encumbrance or agreement, without the written consent of the declarant shall be valid and of full force and effect.

   2.    The undersigned hereby cancels and voids the Declaration of Restrictions dated November 13, 2017 in all respects as of this November 5, 2018.

Consented and agreed to by:

_____
Law Office of David Fleischmann P.C.
BY: David Fleischmann, Partner

 State of New York)
County of **Kings**   ss.:

On the _5th_ day of **November** in the year **2018** before me, the undersigned, personally appeared **David Fleischmann**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

AARON SCHLUSSELBERG
Notary Public, State of New York
No. 02SC6204731
Qualified in Nassau County
Commission Expires 04/20/20 21

| | |
|---|---|
| WALTER J. DAVISON | |
| CLERK | |
| PASSAIC COUNTY | |
| New Jersey | |
| | |
| INSTRUMENT NUMBER | |
| 2018051420 | |
| RECORDED ON | |
| Nov 09, 2018 | |
| 11:30:01 AM | |
| BOOK:D3447 PAGE:122 | |
| Total Pages: 3 | |
| | |
| NJ PRESERVATION ACCOUNT | $10.00 |
| RECORDING FEES - | $30.00 |
| RECORDER OF DEEDS | |
| HOMELESSNESS TRUST FUND | $3.00 |
| EFILING CONVENIENCE FEE | $2.00 |
| TRUST FUND | |
| TOTAL PAID | $45.00 |
| INV: 1294418 USER: ML | |

Inst. # 2019029188 - Page 1 of 3

## Passaic County Document Summary Sheet

| | |
|---|---|
| PASSAIC COUNTY CLERK<br><br>GRAND STREET<br>ROOM 113<br>PATERSON NJ 07501 | **Transaction Identification Number**   3902369   3482091 |

**Return Address**   *(for recorded documents)*

BETTER RESEARCH LLC

1 PARAGON DRIVE

MONTVALE NJ 07645

| **Official Use Only** | | |
|---|---|---|
| | **Submission Date** *(mm/dd/yyyy)* | 07/08/2019 |
| | **No. of Pages** *(excluding Summary Sheet)* | 1 |
| | **Recording Fee** *(excluding transfer tax)* | $43.00 |
| | **Realty Transfer Tax** | $0.00 |
| | **Total Amount** | $43.00 |

DANIELLE IRELAND-IMHOF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2019029188
RECORDED ON
Jul 09, 2019
9:57:30 AM
BOOK:D3611 PAGE:126
Total Pages: 3

NJ PRESERVATION ACCOUNT $10.00
RECORDING FEES -        $30.00
RECORDER OF DEEDS
HOMELESSNESS TRUST FUND  $3.00
TOTAL PAID              $43.00
INV: 1330302 USER: LH

| **Document Type** | DEED-NO CONSIDERATION |
|---|---|

**Electronic Recordation Level**   L2 - Level 2 (With Images)

**Municipal Codes**

CLIFTON CITY                              02

A2B919

| **Additional Information (Official Use Only)** |
|---|
| |

*** DO NOT REMOVE THIS PAGE.**
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

Inst. # 2019029188 - Page 2 of 3

## Passaic County Document Summary Sheet

| | | |
|---|---|---|
| **Type** | DEED-NO CONSIDERATION | |
| **Consideration** | $0.00 | |
| **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | |
| **Document Date** | 06/19/2019 | |
| **Reference Info** | | |

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | | |

**DEED-NO CONSIDERATION**

| Name | Address |
|---|---|
| SETH LEVINE | 210 RIVER STREET, HACKENSACK, NJ 07601 |
| ALJO NORSE LLC | 210 RIVER STREET, HACKENSACK, NJ 07601 |

| Name | Address |
|---|---|
| PC LAW OFFICES OF DAVID FLEISCHMANN | 2233 NOSTRAND AVENUE, 3RD FLOOR, BROOKLYN, NY 11210 |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | 02 | 16.09 | 11 | | 02 |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

## DECLARATION OF RESTRICTION

```
DANIELLE IRELAND-IMHOF
        CLERK
    PASSAIC COUNTY
      New Jersey
  INSTRUMENT NUMBER
     2019029188
    RECORDED ON
     Jul 09, 2019
      9:57:30 AM
    Total Pages: 3
BOOK:D3611 PAGE:126
```

**DECLARATION OF RESTRICTION** made as of the 19th day of June, 2019, by SETH LEVINE with an address at 210 River Street, Hackensack, NJ 07601 (the "Declarant").

## W I T N E S S E T H :

**WHEREAS,** Declarant is the Sole Member of ALJO NORSE LLC (the "LLC") and

**WHEREAS,** the LLC is the (legal and/or beneficial) owner of the premises: 125 6th Avenue, Clifton, NJ, Passaic County Block: 16.09 Lot: 11 (the "Premises"); and

```
NJ PRESERVATION ACCOUNT  $10.00
RECORDING FEES -          $30.00
RECORDER OF DEEDS
HOMELESSNESS TRUST FUND   $3.00
TOTAL PAID                $43.00
INV: 1330302 USER: LH
```

**WHEREAS,** the Declarant wishes to set forth herein a declaration of his intention with reference to the LLC and the Premises.

**NOW, THEREFORE, THE DECLARANT HEREBY DECLARES AS FOLLOWS:**

1. The LLC shall not sell, mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action creating a security interest in the LLC and/or the Premises without the written consent of Law Offices of David Fleischmann, P.C. with an address at 2233 Nostrand Avenue, 3rd Floor, Brooklyn, New York 11210. Any such transfer, assignment or encumbrance, without the written consent of Law Offices of David Fleischmann, P.C. shall be null and void and of no force and effect.

2. This Declaration shall be binding on the heirs, personal representatives, successors and assigns of the declarant.

3. This Declaration may not be changed or modified orally and may only be changed, modified or rescinded with the written consent of Law Offices of David Fleischmann, P.C.

4. Law Offices of David Fleischmann, P.C. shall have the right to terminate or rescind this Declaration of Restriction by himself without the written consent of any other party.

**IN WITNESS WHEREOF,** the Declarant has executed this Declaration this 19th day of June, 2019.

_____
SETH LEVINE

STATE OF NEW JERSEY )
COUNTY OF Bergen     )     ss.:

On the 19 day of June in the year 2019, before me, the undersigned, a notary public in and for said state, personally appeared SETH LEVINE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) acted, executed the instrument.

```
ANDREW TURK
Commission # 50086551
Notary Public, State of New Jersey
My Commission Expires
July 23, 2023
```

_____
Notary Public

Inst: W2018051421   Page: 1 of 25

## Passaic County Document Summary Sheet

| | Transaction Identification Number | 3634633 | 3128588 |
|---|---|---|---|

**PASSAIC COUNTY CLERK**

**GRAND STREET**

**ROOM 113**

**PATERSON NJ 07501**

**Return Address** *(for recorded documents)*

MADISON TITLE AGENCY, LLC

1125 OCEAN AVENUE

LAKEWOOD NJ 08701

---

**Official Use Only**

```
        WALTER J. DAVISON
             CLERK
         PASSAIC COUNTY
           New Jersey

       INSTRUMENT NUMBER
          2018051421
         RECORDED ON
         Nov 09, 2018
         11:30:02 AM
    BOOK:M15283 PAGE:190
       Total Pages: 25

NJ PRESERVATION       $115.00
ACCOUNT
RECORDING FEES -      $135.00
RECORDER OF DEEDS
HOMELESSNESS TRUST FUND $3.00
EFILING CONVENIENCE FEE $2.00
TRUST FUND
TOTAL PAID            $255.00
INV: 1294418 USER: ML
```

| Submission Date *(mm/dd/yyyy)* | | 11/08/2018 |
|---|---|---|
| No. of Pages *(excluding Summary Sheet)* | | 23 |
| Recording Fee *(excluding transfer tax)* | | $255.00 |
| *(Convenience Charge of $2.00 included)* | | |
| Realty Transfer Tax | | $0.00 |
| Total Amount | | $255.00 |

| Document Type | MORTGAGE |
|---|---|

**Electronic Recordation Level**    L2 - Level 2 (With Images)

**Municipal Codes**

CLIFTON CITY                                                02

**Bar Code(s)**

A27531

---

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

Inst. # 2018051429   Page 2 of 25

## Passaic County Document Summary Sheet

| | | |
|---|---|---|
| **Type** | MORTGAGE | |
| **Consideration** | $1,691,000.00 | |
| **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | |
| **Document Date** | 11/07/2018 | |
| **Reference Info** | | |

MORTGAGE

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | | |

| Name | | Address |
|---|---|---|
| ALJO NORSE LLC | | |

| Name | | Address |
|---|---|---|
| RED MORTGAGE CAPITAL LLC | | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | 02 | 16.09 | 11 | | 02 |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

FA85D8F4-6037-0E20-97B5-FC4BA068CD6B/3634633 3128588

Page 2 of 2

```
WALTER J. DAVISON
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2018051421
RECORDED ON
Nov 09, 2018
11:30:02 AM

BOOK:MI5283 PAGE:190
Total Pages: 25

NJ PRESERVATION         $115.00
ACCOUNT
RECORDING FEES -        $135.00
RECORDER OF DEEDS
HOMELESSNESS TRUST FUND  $3.00
EFILING CONVENIENCE FEE  $2.00
TRUST FUND FEES
TOTAL PAID              $255.00
INV: 12944140
```

**MULTIFAMILY MORTGAGE,
ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT**

**NEW JERSEY**

**(Revised 3-1-2014)**

SEE BOOK _____ PAGE _____ OF ASSIGNMENTS

£30 130

THIS MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT ("**Instrument**") is made to be effective as of the **7th** day of **November, 2018**, between **ALJO NORSE LLC**, a limited liability company organized and existing under the laws of New Jersey, whose address is 210 River Street, Suite 24, Hackensack, New Jersey 07601, as mortgagor ("**Borrower**"), and **RED MORTGAGE CAPITAL, LLC**, a limited liability company organized and existing under the laws of Delaware, whose address is 1717 Main Street, Suite 900, Dallas, Texas 75201, as mortgagee ("**Lender**"). Borrower's organizational identification number, if applicable, is **0600344514**.

### RECITAL

Borrower is indebted to Lender in the principal amount of **$1,691,000.00**, as evidenced by Borrower's Multifamily Note payable to Lender, dated as of the date of this Instrument, and maturing on **December 1, 2038** ("**Maturity Date**").

### AGREEMENT

TO SECURE TO LENDER the repayment of the Indebtedness, and all renewals, extensions and modifications of the Indebtedness, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower mortgages, warrants, grants, conveys and assigns to Lender the Mortgaged Property, including the Land located in **Passaic** County, State of **New Jersey** and described in Exhibit A attached to this Instrument.

Borrower warrants and represents that Borrower is lawfully seized of the Mortgaged Property and has the right, power and authority to mortgage, grant, convey and assign the Mortgaged Property, and that the Mortgaged Property is unencumbered, except as shown on the schedule of exceptions to coverage in the title policy issued to and accepted by Lender contemporaneously with the execution and recordation of this Instrument and insuring Lender's interest in the Mortgaged Property ("**Schedule of Title Exceptions**"). Borrower covenants that Borrower will warrant and defend generally the title to the Mortgaged Property against all claims and demands, subject to any easements and restrictions listed in the Schedule of Title Exceptions.

New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement



**MULTIFAMILY MORTGAGE,
ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT**

**NEW JERSEY**

**(Revised 3-1-2014)**

THIS MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT ("**Instrument**") is made to be effective as of the **7th** day of **November**, **2018**, between **ALJO NORSE LLC**, a limited liability company organized and existing under the laws of New Jersey, whose address is 210 River Street, Suite 24, Hackensack, New Jersey 07601, as mortgagor ("**Borrower**"), and **RED MORTGAGE CAPITAL, LLC**, a limited liability company organized and existing under the laws of Delaware, whose address is 1717 Main Street, Suite 900, Dallas, Texas 75201, as mortgagee ("**Lender**"). Borrower's organizational identification number, if applicable, is **0600344514**.

### RECITAL

Borrower is indebted to Lender in the principal amount of **$1,691,000.00**, as evidenced by Borrower's Multifamily Note payable to Lender, dated as of the date of this Instrument, and maturing on **December 1, 2038** ("**Maturity Date**").

### AGREEMENT

TO SECURE TO LENDER the repayment of the Indebtedness, and all renewals, extensions and modifications of the Indebtedness, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower mortgages, warrants, grants, conveys and assigns to Lender the Mortgaged Property, including the Land located in **Passaic** County, State of **New Jersey** and described in Exhibit A attached to this Instrument.

Borrower warrants and represents that Borrower is lawfully seized of the Mortgaged Property and has the right, power and authority to mortgage, grant, convey and assign the Mortgaged Property, and that the Mortgaged Property is unencumbered, except as shown on the schedule of exceptions to coverage in the title policy issued to and accepted by Lender contemporaneously with the execution and recordation of this Instrument and insuring Lender's interest in the Mortgaged Property ("**Schedule of Title Exceptions**"). Borrower covenants that Borrower will warrant and defend generally the title to the Mortgaged Property against all claims and demands, subject to any easements and restrictions listed in the Schedule of Title Exceptions.

**New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement**

<center>**UNIFORM COVENANTS**</center>

<center>**(Revised 05-31-18)**</center>

**Covenants.** In consideration of the mutual promises set forth in this Instrument, Borrower and Lender covenant and agree as follows:

1.    **Definitions.** The following terms, when used in this Instrument (including when used in the above recitals), will have the following meanings and any capitalized term not specifically defined in this Instrument will have the meaning ascribed to that term in the Loan Agreement:

"**Attorneys' Fees and Costs**" means (a) fees and out-of-pocket costs of Lender's and Loan Servicer's attorneys, as applicable, including costs of Lender's and Loan Servicer's in-house counsel, support staff costs, costs of preparing for litigation, computerized research, telephone and facsimile transmission expenses, mileage, deposition costs, postage, duplicating, process service, videotaping and similar costs and expenses; (b) costs and fees of expert witnesses, including appraisers; (c) investigatory fees; and (d) the costs for any opinion required by Lender pursuant to the terms of the Loan Documents.

"**Borrower**" means all Persons identified as "Borrower" in the first paragraph of this Instrument, together with their successors and assigns.

"**Business Day**" means any day other than a Saturday, a Sunday or any other day on which Lender or the national banking associations are not open for business.

"**Event of Default**" means the occurrence of any event described in Section 8.

"**Fixtures**" means all property owned by Borrower which is attached to the Land or the Improvements so as to constitute a fixture under applicable law, including: machinery, equipment, engines, boilers, incinerators and installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; swimming pools; and exercise equipment.

"**Governmental Authority**" means any board, commission, department, agency or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Mortgaged Property, or the use, operation or improvement of the Mortgaged Property, or over Borrower.

"**Improvements**" means the buildings, structures and improvements now constructed or at any time in the future constructed or placed upon the Land, including any future alterations, replacements and additions.

"**Indebtedness**" means (i) the principal of, (ii) interest at the fixed or variable rate set forth in the Note on, and (iii) all other amounts due at any time under, the Note, the Loan Agreement, this Instrument or any other Loan Document, including prepayment charges, late charges, default interest and advances as provided in Section 7 to protect the security of this Instrument.

"**Land**" means the land described in Exhibit A.

"**Leases**" means all present and future leases, subleases, licenses, concessions or grants or other possessory interests now or hereafter in force, whether oral or written, covering or affecting the Mortgaged Property, or any portion of the Mortgaged Property (including proprietary leases or occupancy agreements if Borrower is a cooperative housing corporation), and all modifications, extensions or renewals.

"**Lender**" means the entity identified as "Lender" in the first paragraph of this Instrument, or any subsequent holder of the Note.

"**Loan Agreement**" means the Loan Agreement executed by Borrower and Lender and dated as of the date of this Instrument, as such agreement may be amended from time to time.

"**Loan Documents**" means the Note, this Instrument, the Loan Agreement, all guaranties, all indemnity agreements, all collateral agreements, UCC filings, O&M Programs, the MMP and any other documents now or in the future executed by Borrower, any Guarantor or any other Person in connection with the Loan evidenced by the Note, as such documents may be amended from time to time.

"**Loan Servicer**" means the entity that from time to time is designated by Lender or its designee to collect payments and deposits and receive Notices under the Note, this Instrument, the Loan Agreement and any other Loan Document, and otherwise to service the Loan evidenced by the Note for the benefit of Lender.  Unless Borrower receives Notice to the contrary, the Loan Servicer is the entity identified as "Lender" in the first paragraph of this Instrument.

"**Mortgaged Property**" means all of Borrower's present and future right, title and interest in and to all of the following:

(a)     The Land.

(b)     The Improvements.

(c)     The Fixtures.

(d)     The Personalty.

(e)     All current and future rights, including air rights, development rights, zoning rights and other similar rights or interests, easements, tenements, rights of way, strips and gores of land, streets, alleys, roads, sewer rights, waters, watercourses and appurtenances related to or benefiting the Land or the Improvements, or both, and all rights-of-way, streets, alleys and roads which may have been or may in the future be vacated.

(f)     All proceeds paid or to be paid by any insurer of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property, whether or not Borrower obtained the Insurance pursuant to Lender's requirement.

(g)     All awards, payments and other compensation made or to be made by any municipal, state or federal authority with respect to the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property, including any awards or settlements resulting from Condemnation proceedings or the total or partial taking of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property under the power of eminent domain or otherwise and including any conveyance in lieu thereof.

(h)     All contracts, options and other agreements for the sale of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property entered into by Borrower now or in the future, including cash or securities deposited to secure performance by parties of their obligations.

(i)     All proceeds from the conversion, voluntary or involuntary, of any of the items described in subsections (a) through (h) inclusive into cash or liquidated claims, and the right to collect such proceeds.

(j)     All Rents and Leases.

(k)     All earnings, royalties, accounts receivable, issues and profits from the Land, the Improvements or any other part of the Mortgaged Property, and all undisbursed proceeds of the loan secured by this Instrument.

(l)     All deposits to a Reserve Fund, whether in cash or as a letter of credit.

(m)    All refunds or rebates of Taxes by a Governmental Authority (other than refunds applicable to periods before the real property tax year in which this Instrument is dated) or Insurance premiums by an insurance company.

(n)    All tenant security deposits which have not been forfeited by any tenant under any Lease and any bond or other security in lieu of such deposits.

(o)    All names under or by which any of the above Mortgaged Property may be operated or known, and all trademarks, trade names, and goodwill relating to any of the Mortgaged Property.

"**Note**" means the Note (including any Amended and Restated Note, Consolidated, Amended and Restated Note, or Extended and Restated Note) executed by Borrower in favor of Lender and dated as of the date of this Instrument, including all schedules, riders, allonges and addenda, as such Note may be amended, modified and/or restated from time to time.

"**Notice**" or "**Notices**" means all notices, demands, Lender approvals and other communication required under the Loan Documents, provided in accordance with the requirements of Section 10.03 of the Loan Agreement.

"**Person**" means any natural person, sole proprietorship, corporation, general partnership, limited partnership, limited liability company, limited liability partnership, limited liability limited partnership, joint venture, association, joint stock company, bank, trust, estate, unincorporated organization, any federal, state, county or municipal government (or any agency or political subdivision thereof), endowment fund or any other form of entity.

"**Personalty**" means all of the following:

(a)    Accounts (including deposit accounts) of Borrower related to the Mortgaged Property.

(b)    Equipment and inventory owned by Borrower, which are used now or in the future in connection with the ownership, management or operation of the Land or Improvements or are located on the Land or Improvements, including furniture, furnishings, machinery, building materials, goods, supplies, tools, books, records (whether in written or electronic form) and computer equipment (hardware and software).

(c)    Other tangible personal property owned by Borrower which is used now or in the future in connection with the ownership, management or operation of the Land or

{225/025/01184753}
**New Jersey**
**Multifamily Mortgage, Assignment of Rents**
**and Security Agreement**

Page 5

Improvements or is located on the Land or in the Improvements, including ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances (other than Fixtures).

(d)    Any operating agreements relating to the Land or the Improvements.

(e)    Any surveys, plans and specifications and contracts for architectural, engineering and construction services relating to the Land or the Improvements.

(f)    All other intangible property, general intangibles and rights relating to the operation of, or used in connection with, the Land or the Improvements, including all governmental permits relating to any activities on the Land and including subsidy or similar payments received from any sources, including a Governmental Authority.

(g)    Any rights of Borrower in or under letters of credit.

"**Property Jurisdiction**" means the jurisdiction in which the Land is located.

"**Rents**" means all rents (whether from residential or non-residential space), revenues and other income of the Land or the Improvements, parking fees, laundry and vending machine income and fees and charges for food, health care and other services provided at the Mortgaged Property, whether now due, past due or to become due, and deposits forfeited by tenants, and, if Borrower is a cooperative housing corporation or association, maintenance fees, charges or assessments payable by shareholders or residents under proprietary leases or occupancy agreements, whether now due, past due, or to become due.

"**Reserve Fund**" means all amounts deposited by the Borrower with Lender in connection with the Loan for the payment of Taxes or insurance premiums or as otherwise required pursuant to the Loan Agreement.

"**Taxes**" means all taxes, assessments, vault rentals and other charges, if any, whether general, special or otherwise, including all assessments for schools, public betterments and general or local improvements, which are levied, assessed or imposed by any public authority or quasi-public authority, and which, if not paid, will become a Lien on the Land or the Improvements, including any payments made in lieu of Taxes.

"**UCC**" means the Uniform Commercial Code as promulgated in the applicable jurisdiction.

2.   **Uniform Commercial Code Security Agreement.**

   (a)   This Instrument is also a security agreement under the UCC for any of the Mortgaged Property which, under applicable law, may be subjected to a security interest under the UCC, for the purpose of securing Borrower's obligations under this Instrument and to further secure Borrower's obligations under the Note, this Instrument and other Loan Documents, whether such Mortgaged Property is owned now or acquired in the future, and all products and cash and non-cash proceeds thereof (collectively, "**UCC Collateral**"), and by this Instrument, Borrower grants to Lender a security interest under the UCC in the UCC Collateral.   To the extent necessary under applicable law, Borrower hereby authorizes Lender to prepare and file financing statements, continuation statements and financing statement amendments in such form as Lender may require to perfect or continue the perfection of this security interest.

   (b)   Unless Borrower gives Notice to Lender within 30 days after the occurrence of any of the following, and executes and delivers to Lender modifications or supplements of this Instrument (and any financing statement which may be filed in connection with this Instrument) as Lender may require, Borrower will not (i) change its name, identity, structure or jurisdiction of organization; (ii) change the location of its place of business (or chief executive office if more than one place of business); or (iii) add to or change any location at which any of the Mortgaged Property is stored, held or located.

   (c)   If an Event of Default has occurred and is continuing, Lender will have the remedies of a secured party under the UCC, in addition to all remedies provided by this Instrument or existing under applicable law. In exercising any remedies, Lender may exercise its remedies against the UCC Collateral separately or together, and in any order, without in any way affecting the availability of Lender's other remedies.

   (d)   This Instrument also constitutes a financing statement with respect to any part of the Mortgaged Property that is or may become a Fixture, if permitted by applicable law.

3.   **Assignment of Rents; Appointment of Receiver; Lender in Possession.**

   (a)   As part of the consideration for the Indebtedness, Borrower absolutely and unconditionally assigns and transfers to Lender all Rents.

      (i)   It is the intention of Borrower to establish a present, absolute and irrevocable transfer and assignment to Lender of all Rents and to authorize and empower Lender to collect and receive all Rents without the necessity of further action on the part of Borrower.

{225/025/01184753}
New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement

Page 7

    (ii)    Promptly upon request by Lender, Borrower agrees to execute and deliver such further assignments as Lender may from time to time require. Borrower and Lender intend this assignment of Rents to be immediately effective and to constitute an absolute present assignment and not an assignment for additional security only.

    (iii)   For purposes of giving effect to this absolute assignment of Rents, and for no other purpose, Rents will not be deemed to be a part of the Mortgaged Property. However, if this present, absolute and unconditional assignment of Rents is not enforceable by its terms under the laws of the Property Jurisdiction, then the Rents will be included as a part of the Mortgaged Property and it is the intention of Borrower that in this circumstance this Instrument create and perfect a Lien on Rents in favor of Lender, which Lien will be effective as of the date of this Instrument.

(b)    (i)    Until the occurrence of an Event of Default, Lender hereby grants to Borrower a revocable license to collect and receive all Rents, to hold all Rents in trust for the benefit of Lender and to apply all Rents to pay the installments of interest and principal then due and payable under the Note and the other amounts then due and payable under the other Loan Documents, including Reserve Funds, and to pay the current costs and expenses of managing, operating and maintaining the Mortgaged Property, including utilities, Taxes and insurance premiums (to the extent not included in deposits to Reserve Funds), tenant improvements and other capital expenditures.

    (ii)    So long as no Event of Default has occurred and is continuing, the Rents remaining after application pursuant to the preceding sentence may be retained by Borrower free and clear of, and released from, Lender's rights with respect to Rents under this Instrument.

    (iii)   After the occurrence of an Event of Default, and during the continuance of such Event of Default, Borrower authorizes Lender to collect, sue for and compromise Rents and directs each tenant of the Mortgaged Property to pay all Rents to, or as directed by, Lender. From and after the occurrence of an Event of Default, and during the continuance of such Event of Default, and without the necessity of Lender entering upon and taking and maintaining control of the Mortgaged Property directly, or by a receiver, Borrower's license to collect Rents will automatically terminate and Lender will without Notice be entitled to all Rents as they become due and payable, including Rents then due and unpaid. Borrower will pay to Lender upon demand all Rents to which Lender is entitled.

    (iv)   At any time on or after the date of Lender's demand for Rents, Lender may give, and Borrower hereby irrevocably authorizes Lender to give,

notice to all tenants of the Mortgaged Property instructing them to pay all Rents to Lender. No tenant will be obligated to inquire further as to the occurrence or continuance of an Event of Default. No tenant will be obligated to pay to Borrower any amounts which are actually paid to Lender in response to such a notice. Any such notice by Lender will be delivered to each tenant personally, by mail or by delivering such demand to each rental unit. Borrower will not interfere with and will cooperate with Lender's collection of such Rents.

(c)   If an Event of Default has occurred and is continuing, then Lender will have each of the following rights and may take any of the following actions:

(i)    Lender may, regardless of the adequacy of Lender's security or the solvency of Borrower and even in the absence of waste, enter upon and take and maintain full control of the Mortgaged Property in order to perform all acts that Lender in its discretion determines to be necessary or desirable for the operation and maintenance of the Mortgaged Property, including the execution, cancellation or modification of Leases, the collection of all Rents, the making of Repairs to the Mortgaged Property and the execution or termination of contracts providing for the management, operation or maintenance of the Mortgaged Property, for the purposes of enforcing the assignment of Rents pursuant to Section 3(a), protecting the Mortgaged Property or the security of this Instrument, or for such other purposes as Lender in its discretion may deem necessary or desirable.

(ii)   Alternatively, if an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law.

(iii)  If Borrower is a housing cooperative corporation or association, Borrower hereby agrees that if a receiver is appointed, the order appointing the receiver may contain a provision requiring the receiver to pay the installments of interest and principal then due and payable under the Note and the other amounts then due and payable under the other Loan Documents, including deposits to Reserve Funds, it being acknowledged and agreed that the Indebtedness is an obligation of Borrower and must be

paid out of maintenance charges payable by Borrower's tenant shareholders under their proprietary leases or occupancy agreements.

(iv)    Lender or the receiver, as the case may be, will be entitled to receive a reasonable fee for managing the Mortgaged Property.

(v)    Immediately upon appointment of a receiver or immediately upon Lender's entering upon and taking possession and control of the Mortgaged Property, Borrower will surrender possession of the Mortgaged Property to Lender or the receiver, as the case may be, and will deliver to Lender or the receiver, as the case may be, all documents, records (including records on electronic or magnetic media), accounts, surveys, plans, and specifications relating to the Mortgaged Property and all security deposits and prepaid Rents.

(vi)    If Lender takes possession and control of the Mortgaged Property, then Lender may exclude Borrower and its representatives from the Mortgaged Property.

Borrower acknowledges and agrees that the exercise by Lender of any of the rights conferred under this Section 3 will not be construed to make Lender a mortgagee-in-possession of the Mortgaged Property so long as Lender has not itself entered into actual possession of the Land and Improvements.

(d)    If Lender enters the Mortgaged Property, Lender will be liable to account only to Borrower and only for those Rents actually received. Except to the extent of Lender's gross negligence or willful misconduct, Lender will not be liable to Borrower, anyone claiming under or through Borrower or anyone having an interest in the Mortgaged Property, by reason of any act or omission of Lender under Section 3(c), and Borrower hereby releases and discharges Lender from any such liability to the fullest extent permitted by law.

(e)    If the Rents are not sufficient to meet the costs of taking control of and managing the Mortgaged Property and collecting the Rents, any funds expended by Lender for such purposes will become an additional part of the Indebtedness as provided in Section 7.

(f)    Any entering upon and taking of control of the Mortgaged Property by Lender or the receiver, as the case may be, and any application of Rents as provided in this Instrument will not cure or waive any Event of Default or invalidate any other right or remedy of Lender under applicable law or provided for in this Instrument.

4.    **Assignment of Leases; Leases Affecting the Mortgaged Property.**

(a)    As part of the consideration for the Indebtedness, Borrower absolutely and unconditionally assigns and transfers to Lender all of Borrower's right, title and interest in, to and under the Leases, including Borrower's right, power and authority to modify the terms of any such Lease, or extend or terminate any such Lease.

   (i)    It is the intention of Borrower to establish a present, absolute and irrevocable transfer and assignment to Lender of all of Borrower's right, title and interest in, to and under the Leases. Borrower and Lender intend this assignment of the Leases to be immediately effective and to constitute an absolute present assignment and not an assignment for additional security only.

   (ii)    For purposes of giving effect to this absolute assignment of the Leases, and for no other purpose, the Leases will not be deemed to be a part of the Mortgaged Property.

   (iii)    However, if this present, absolute and unconditional assignment of the Leases is not enforceable by its terms under the laws of the Property Jurisdiction, then the Leases will be included as a part of the Mortgaged Property and it is the intention of Borrower that in this circumstance this Instrument create and perfect a Lien on the Leases in favor of Lender, which Lien will be effective as of the date of this Instrument.

(b)    Until Lender gives Notice to Borrower of Lender's exercise of its rights under this Section 4, Borrower will have all rights, power and authority granted to Borrower under any Lease (except as otherwise limited by this Section or any other provision of this Instrument), including the right, power and authority to modify the terms of any Lease or extend or terminate any Lease. Upon the occurrence of an Event of Default, and during the continuance of such Event of Default, the permission given to Borrower pursuant to the preceding sentence to exercise all rights, power and authority under Leases will automatically terminate. Borrower will comply with and observe Borrower's obligations under all Leases, including Borrower's obligations pertaining to the maintenance and disposition of tenant security deposits.

(c)    (i)    Borrower acknowledges and agrees that the exercise by Lender, either directly or by a receiver, of any of the rights conferred under this Section 4 will not be construed to make Lender a mortgagee-in-possession of the Mortgaged Property so long as Lender has not itself entered into actual possession of the Land and the Improvements.

{225/025/01184753}
**New Jersey**
**Multifamily Mortgage, Assignment of Rents**
**and Security Agreement**

**Page 11**

(ii)     The acceptance by Lender of the assignment of the Leases pursuant to Section 4(a) will not at any time or in any event obligate Lender to take any action under this Instrument or to expend any money or to incur any expenses.

(iii)    Except to the extent of Lender's gross negligence or willful misconduct, Lender will not be liable in any way for any injury or damage to person or property sustained by any Person in or about the Mortgaged Property.

(iv)     Prior to Lender's actual entry into and taking possession of the Mortgaged Property, Lender will not be obligated for any of the following:

(A)     Lender will not be obligated to perform any of the terms, covenants and conditions contained in any Lease (or otherwise have any obligation with respect to any Lease).

(B)     Lender will not be obligated to appear in or defend any action or proceeding relating to the Lease or the Mortgaged Property.

(C)     Lender will not be responsible for the operation, control, care, management or repair of the Mortgaged Property or any portion of the Mortgaged Property. The execution of this Instrument by Borrower will constitute conclusive evidence that all responsibility for the operation, control, care, management and repair of the Mortgaged Property is and will be that of Borrower, prior to such actual entry and taking of possession.

(d)      Upon delivery of Notice by Lender to Borrower of Lender's exercise of Lender's rights under this Section 4 at any time after the occurrence of an Event of Default, and during the continuance of such Event of Default, and without the necessity of Lender entering upon and taking and maintaining control of the Mortgaged Property directly, by a receiver, or by any other manner or proceeding permitted by the laws of the Property Jurisdiction, Lender immediately will have all rights, powers and authority granted to Borrower under any Lease, including the right, power and authority to modify the terms of any such Lease, or extend or terminate any such Lease.

(e)      Borrower will, promptly upon Lender's request, deliver to Lender an executed copy of each residential Lease then in effect.

(f)      If Borrower is a cooperative housing corporation or association, notwithstanding anything to the contrary contained in this Instrument, so long as Borrower remains a cooperative housing corporation or association and is not in breach of any covenant of this Instrument, Lender consents to the following:

{225/025/01184753}
**New Jersey**
**Multifamily Mortgage, Assignment of Rents**
**and Security Agreement**

Page 12

(i)     Borrower may execute leases of apartments for a term in excess of 2 years to a tenant shareholder of Borrower, so long as such leases, including proprietary leases, are and will remain subordinate to the Lien of this Instrument.

(ii)     Borrower may surrender or terminate such leases of apartments where the surrendered or terminated lease is immediately replaced or where Borrower makes its best efforts to secure such immediate replacement by a newly-executed lease of the same apartment to a tenant shareholder of Borrower. However, no consent is given by Lender to any execution, surrender, termination or assignment of a lease under terms that would waive or reduce the obligation of the resulting tenant shareholder under such lease to pay cooperative assessments in full when due or the obligation of the former tenant shareholder to pay any unpaid portion of such assessments.

5.     **Prepayment Charge.** Borrower will be required to pay a Prepayment charge in connection with certain prepayments of the Indebtedness, including a payment made after Lender's exercise of any right of acceleration of the Indebtedness, as provided in the Note.

6.     **Application of Payments.** If at any time Lender receives, from Borrower or otherwise, any amount applicable to the Indebtedness which is less than all amounts due and payable at such time, then Lender may apply that payment to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion. Neither Lender's acceptance of an amount that is less than all amounts then due and payable nor Lender's application of such payment in the manner authorized will constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction. Notwithstanding the application of any such amount to the Indebtedness, Borrower's obligations under this Instrument, the Note and all other Loan Documents will remain unchanged.

7.     **Protection of Lender's Security; Instrument Secures Future Advances.**

(a)     If Borrower fails to perform any of its obligations under this Instrument or any other Loan Document, or if any action or proceeding is commenced which purports to affect the Mortgaged Property, Lender's security or Lender's rights under this Instrument, including eminent domain, insolvency, code enforcement, civil or criminal forfeiture, enforcement of Hazardous Materials Laws, fraudulent conveyance or reorganizations or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, file such documents, disburse such sums and take such actions as Lender reasonably deems necessary to perform such obligations of Borrower and to protect Lender's interest, including all of the following:

    (i)       Lender may pay Attorneys' Fees and Costs.

    (ii)     Lender may pay fees and out-of-pocket expenses of accountants, inspectors and consultants.

    (iii)    Lender may enter upon the Mortgaged Property to make Repairs or secure the Mortgaged Property.

    (iv)    Lender may procure the Insurance required by the Loan Agreement.

    (v)     Lender may pay any amounts which Borrower has failed to pay under the Loan Agreement.

    (vi)    Lender may perform any of Borrower's obligations under the Loan Agreement.

    (vii)   Lender may make advances to pay, satisfy or discharge any obligation of Borrower for the payment of money that is secured by a Prior Lien.

(b)    Any amounts disbursed by Lender under this Section 7, or under any other provision of this Instrument that treats such disbursement as being made under this Section 7, will be secured by this Instrument, will be added to, and become part of, the principal component of the Indebtedness, will be immediately due and payable and will bear interest from the date of disbursement until paid at the Default Annual Interest Rate.

(c)    Nothing in this Section 7 will require Lender to incur any expense or take any action.

**8.**    **Events of Default.** An Event of Default under the Loan Agreement will constitute an Event of Default under this Instrument.

**9.**    **Remedies Cumulative.** Each right and remedy provided in this Instrument is distinct from all other rights or remedies under this Instrument, the Loan Agreement or any other Loan Document or afforded by applicable law or equity, and each will be cumulative and may be exercised concurrently, independently or successively, in any order. Lender's exercise of any particular right or remedy will not in any way prevent Lender from exercising any other right or remedy available to Lender. Lender may exercise any such remedies from time to time and as often as Lender chooses.

**10.**    **Waiver of Statute of Limitations, Offsets and Counterclaims.** Borrower waives the right to assert any statute of limitations as a bar to the enforcement of the Lien of this Instrument or to any action brought to enforce any Loan Document. Borrower hereby waives the right to assert a counterclaim, other than a compulsory counterclaim, in any action or proceeding brought against it by Lender or otherwise to offset any obligations to

make the payments required by the Loan Documents. No failure by Lender to perform any of its obligations under this Instrument will be a valid defense to, or result in any offset against, any payments that Borrower is obligated to make under any of the Loan Documents.

**11.    Waiver of Marshalling.**

    (a)    Notwithstanding the existence of any other security interests in the Mortgaged Property held by Lender or by any other party, Lender will have the right to determine the order in which any or all of the Mortgaged Property will be subjected to the remedies provided in this Instrument, the Note, the Loan Agreement or any other Loan Document or under applicable law. Lender will have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies.

    (b)    Borrower and any party who now or in the future acquires a security interest in the Mortgaged Property and who has actual or constructive notice of this Instrument waives any and all right to require the marshalling of assets or to require that any of the Mortgaged Property be sold in the inverse order of alienation or that any of the Mortgaged Property be sold in parcels or as an entirety in connection with the exercise of any of the remedies permitted by applicable law or provided in this Instrument.

**12.    Reserved.**

**13.    Governing Law; Consent to Jurisdiction and Venue.**  This Instrument, and any Loan Document which does not itself expressly identify the law that is to apply to it, will be governed by the laws of the Property Jurisdiction. Borrower agrees that any controversy arising under or in relation to the Note, this Instrument or any other Loan Document may be litigated in the Property Jurisdiction. The state and federal courts and authorities with jurisdiction in the Property Jurisdiction will have jurisdiction over all controversies that may arise under or in relation to the Note, any security for the Indebtedness or any other Loan Document. Borrower irrevocably consents to service, jurisdiction and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise. However, nothing in this Section 13 is intended to limit Lender's right to bring any suit, action or proceeding relating to matters under this Instrument in any court of any other jurisdiction.

**14.    Notice.**  All Notices, demands and other communications under or concerning this Instrument will be governed by the terms set forth in the Loan Agreement.

**15.    Successors and Assigns Bound.**  This Instrument will bind the respective successors and assigns of Borrower and Lender, and the rights granted by this Instrument will inure to Lender's successors and assigns.

16.     **Joint and Several Liability.** If more than one Person signs this Instrument as Borrower, the obligations of such Persons will be joint and several.

17.     **Relationship of Parties; No Third Party Beneficiary.**

(a)     The relationship between Lender and Borrower will be solely that of creditor and debtor, respectively, and nothing contained in this Instrument will create any other relationship between Lender and Borrower. Nothing contained in this Instrument will constitute Lender as a joint venturer, partner or agent of Borrower, or render Lender liable for any debts, obligations, acts, omissions, representations or contracts of Borrower.

(b)     No creditor of any party to this Instrument and no other Person will be a third party beneficiary of this Instrument or any other Loan Document. Without limiting the generality of the preceding sentence, (i) any arrangement ("**Servicing Arrangement**") between Lender and any Loan Servicer for loss sharing or interim advancement of funds will constitute a contractual obligation of such Loan Servicer that is independent of the obligation of Borrower for the payment of the Indebtedness, (ii) Borrower will not be a third party beneficiary of any Servicing Arrangement, and (iii) no payment by the Loan Servicer under any Servicing Arrangement will reduce the amount of the Indebtedness.

18.     **Severability; Amendments.**

(a)     The invalidity or unenforceability of any provision of this Instrument will not affect the validity or enforceability of any other provision, and all other provisions will remain in full force and effect. This Instrument contains the entire agreement among the parties as to the rights granted and the obligations assumed in this Instrument.

(b)     This Instrument may not be amended or modified except by a writing signed by the party against whom enforcement is sought.

19.     **Construction.**

(a)     The captions and headings of the Sections of this Instrument are for convenience only and will be disregarded in construing this Instrument. Any reference in this Instrument to a "Section" will, unless otherwise explicitly provided, be construed as referring to a Section of this Instrument.

(b)     Any reference in this Instrument to a statute or regulation will be construed as referring to that statute or regulation as amended from time to time.

{225/025/01184753}
**New Jersey**
**Multifamily Mortgage, Assignment of Rents**
**and Security Agreement**

**Page 16**

(c)    Use of the singular in this Instrument includes the plural and use of the plural includes the singular. The use of one gender includes the other gender, as the context may require.

(d)    As used in this Instrument, the term "including" means "including, but not limited to" and the term "includes" means "includes without limitation."

(e)    Unless the context requires otherwise, (i) any definition of or reference to any agreement, instrument or other document in this Instrument will be construed as referring to such agreement, instrument or other document as from time to time amended, supplemented or otherwise modified (subject to any restrictions on such amendments, supplements or modifications set forth in this Instrument), and (ii) any reference in this Instrument to any Person will be construed to include such Person's successors and assigns.

(f)    Any reference in this Instrument to "Lender's requirements," "as required by Lender," or similar references will be construed, after Securitization, to mean Lender's requirements or standards as determined in accordance with Lender's and Loan Servicer's obligations under the terms of the Securitization documents.

20.    **Subrogation.** If, and to the extent that, the proceeds of the Loan evidenced by the Note, or subsequent advances under Section 7, are used to pay, satisfy or discharge a Prior Lien, such loan proceeds or advances will be deemed to have been advanced by Lender at Borrower's request, and Lender will automatically, and without further action on its part, be subrogated to the rights, including Lien priority, of the owner or holder of the obligation secured by the Prior Lien, whether or not the Prior Lien is released.

**END OF UNIFORM COVENANTS; STATE-SPECIFIC PROVISIONS FOLLOW**

21-30.  **Reserved.**

31.    **Acceleration; Remedies.** At any time during the existence of an Event of Default, Lender, at Lender's option, may declare the Indebtedness to be immediately due and payable without further demand, and may foreclose this Instrument by judicial proceeding and may invoke any other remedies permitted by New Jersey law, provided in equity or provided in this Instrument or in any other Loan Document. Lender will be entitled to collect all costs and expenses incurred in pursuing such remedies, including Attorneys' Fees and Costs permitted by Rules of Court, costs of documentary evidence, abstracts and title reports.

32.    **Release.** Upon payment of the Indebtedness, Lender will cancel this Instrument. Borrower will pay Lender's reasonable costs incurred in canceling this Instrument.

33. **No Claim of Credit for Taxes.** Borrower will not make or claim credit on or deduction from the principal or interest on the sums secured by this Instrument by reason of any municipal or governmental taxes, assessments or charges assessed upon the Mortgaged Property, or claim any deduction from the taxable value of the Mortgaged Property by reason of this Instrument.

34. **Loan Subject to Modification.** This Instrument is subject to "modification" as such term is defined in N.J.S.A. 46:9-8.1 *et seq.* and will be subject to the priority provisions thereof.

35. **Additional Environmental Provisions.** Any reference in this Instrument or in any other Loan Document to Section 5.05 or Section 6.12 of the Loan Agreement will be construed as referring together to Section 5.05 or Section 6.12 of the Loan Agreement and this Section. In addition to the representations, warranties and covenants of Borrower in Section 5.05 and 6.12 of the Loan Agreement, Borrower represents, warrants, and covenants as follows:

    (a)    None of the real property owned and/or occupied by Borrower and located in New Jersey, including the Mortgaged Property, has been used, is now being used, or, without the prior express written consent of Lender, will in the future be used as a "Major Facility," as that term is defined in N.J.S.A. 58:10-23.11b.

    (b)    If any real property owned by Borrower and located in New Jersey, including the Mortgaged Property, is used in the future, with the prior express written consent of Lender, as a Major Facility, then Borrower will furnish the New Jersey Department of Environmental Protection with all the information required by N.J.S.A. 58:10-23.11d1 through 11d17 inclusive with respect to that property. Borrower further covenants and agrees that, so long as Borrower owns or operates any real property located in New Jersey which is used as a Major Facility, Borrower will duly file or cause to be filed with the Director or the Division of Taxation in the New Jersey Department of the Treasury, a tax report or return and will pay or make provision in accordance with and pursuant to N.J.S.A. 58:10-23.11h.

    (c)    No Lien has been attached to any revenues or any real or any personal property owned by Borrower and located in New Jersey, including the Mortgaged Property, as a result of the administrator of the New Jersey Spill Compensation Fund expending monies from such fund to pay for "Damages," as that term is defined in N.J.S.A. 58:10-23.11g, and/or "Clean up and Removal Costs," as that term is defined in N.J.S.A. 58:10-23.11b, arising from an intentional or unintentional action or omission by Borrower or any previous owner and/or operator of such real property resulting in the releasing, spilling, pumping, pouring, emitting, emptying or dumping of any Hazardous Materials into the waters of New Jersey or onto land from which it might flow or drain into such waters or into waters outside the jurisdiction of New Jersey where damage may

have resulted to the lands, waters, fish, shellfish, wildlife, biota, air and other resources owned, managed, held in trust or otherwise controlled by New Jersey.

(d)     In connection with any purchase of the Mortgaged Property or any other real property acquired by Borrower on or after January 1, 1984, Borrower required that the seller of such real property, including the Mortgaged Property, comply with the applicable provisions of the New Jersey Industrial Site Recovery Act, formerly known as the Environmental Cleanup Responsibility Act (N.J.S.A. 13:1K-6 *et seq.*), as amended, and the seller did comply with such provisions.

(e)     If there is a Lien filed against the Mortgaged Property by the New Jersey Department of Environmental Protection pursuant to and in accordance with the provisions of N.J.S.A. 58:10-23.11f, as a result of the administrator of the New Jersey Spill Compensation Fund having expended monies from such fund to pay for "Damages," as that term is defined in N.J.S.A. 58:10-23.11g, and/or "Cleanup and Removal Costs," as that term is defined in N.J.S.A. 58:10-23.11b, arising from an intentional or unintentional action or omission of Borrower, resulting in the releasing, spilling, pumping, pouring, emitting, emptying or dumping of any Hazardous Materials into the waters of New Jersey or onto lands from which it might flow or drain into such waters, within 30 days from the date that Borrower is given notice that the Lien has been placed against the Mortgaged Property or within such shorter period of time if New Jersey has commenced steps to cause the Mortgaged Property to be sold pursuant to the Lien, Borrower will take one of the following actions:

(i)     Pay the claim and remove the Lien from the Mortgaged Property.

(ii)     Furnish one of the following to Lender:

(A)     A bond reasonably satisfactory to Lender and the title company which issued the title policy accepted by Lender contemporaneously with the execution and recordation of this Instrument, in the amount of the claim out of which the Lien arises.

(B)     A cash deposit in the amount of the claim out of which the Lien arises.

(C)     Other security reasonably satisfactory to Lender in an amount sufficient to discharge the claim out of which the Lien arises.

(f)     Borrower hereby agrees that if the provisions of the New Jersey Industrial Site Recovery Act (N.J.S.A. 13:1K-6 *et seq.*) become applicable to all or any portion of the Mortgaged Property subsequent to the date of this Instrument, Borrower

will give prompt Notice to Lender of such applicability, and Borrower will take immediate requisite action to ensure full compliance with such Act.

36.   **TRUE AND CORRECT COPY.** **BORROWER HEREBY DECLARES THAT BORROWER HAS READ THIS INTRUMENT, HAS RECEIVED A COMPLETELY FILLED-IN COPY OF IT WITHOUT CHARGE THEREFOR, AND HAS SIGNED THIS INSTRUMENT AS OF THE DATE AT THE TOP OF THE FIRST PAGE.**

37.   **WAIVER OF TRIAL BY JURY.**

    (a)   **BORROWER AND LENDER EACH COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS INSTRUMENT OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY.**

    (b)   **BORROWER AND LENDER EACH WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.**

38.   **Obligation to Pay at Default Rate.** Borrower agrees that it is the intention of Borrower and Lender that in the event of a foreclosure or other action to enforce the terms of any or all of the Loan Documents, and the entry of a judgment in such foreclosure or other enforcement action ("**Judgment**"), Borrower's obligation to pay Lender interest at the Default Rate (as defined in the Note), any taxes, insurance, premiums or other charges advanced by Lender, or attorney's fees or other costs and expenses incurred by Lender with respect to any or all of the Loan Documents, whether paid or incurred before or after the entry of such Judgment, will not be deemed to have merged into the Judgment and will survive the entry of such Judgment and continue in full force and effect until all such sums have been paid in full to Lender.

39.   **Attached Riders.** The following Riders are attached to this Instrument: **NONE**

40.   **Attached Exhibits.** The following Exhibits, if marked with an "X" in the space provided, are attached to this Instrument:

      ⊠   Exhibit A    Description of the Land (required)
      ☐   Exhibit B    Modifications to Instrument
      ☐   Exhibit C    Ground Lease Description (if applicable)

IN WITNESS WHEREOF, Borrower has signed and delivered this Instrument or has caused this Instrument to be signed and delivered by its duly authorized representative.

**BORROWER:**

**ALJO NORSE LLC**, a New Jersey limited liability company

By: _____
Name:    Seth Levine
Title:    Manager

STATE OF NEW JERSEY, COUNTY OF _____ SS:

I certify on October 12, 2018, **SETH LEVINE** personally appeared before me and this person acknowledged under oath, to my satisfaction, that this person:

(a) signed the attached instrument as the **MANAGER** of **ALJO NORSE LLC**, a New Jersey limited liability company, the limited liability company named in this instrument; and

(b) was authorized to execute the attached instrument on behalf of said limited liability company; and

(c) executed the attached instrument as the act of said limited liability company on behalf of, and as the voluntary act of said limited liability company.

_____
Notary Public
Print Name:    ANDREW TURK
My commission expires:    7/23/23

ANDREW TURK
Commission # 50086551
Notary Public, State of New Jersey
My Commission Expires
July 23, 2023

{225/025/01184753}
New Jersey
**Multifamily Mortgage, Assignment of Rents and Security Agreement**

Page S-1

## EXHIBIT A

## DESCRIPTION OF THE LAND

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey.

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue; running thence

1. Westerly along West Second Street 125.00 feet; thence

2. Southerly at right angles to West Second Street 100.00 feet; thence

3. Easterly 11 feet more or less to Lot of William Mehringer; thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING known and designated as Lots 35, 37, 38 & 39 in Block 7, as shown on a certain map entitled "Map A of Property of F. C. Beckwith & James Crooks, Lakeview, Passaic County, NJ", filed in the Office of the Clerk of Passaic County on May 2, 1901 as Map # 615.

The above description is in accordance with a survey made by Steven L. Koestner, P.E. & L.S. dated January 6, 2010.

NOTE FOR INFORMATION: Being Lot(s) 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

## Passaic County Document Summary Sheet

| | Transaction Identification Number | 3634633 | 3128589 |
|---|---|---|---|

**PASSAIC COUNTY CLERK**

**GRAND STREET**

**ROOM 113**

**PATERSON NJ 07501**

**Return Address**   *(for recorded documents)*

MADISON TITLE AGENCY, LLC

1125 OCEAN AVENUE

LAKEWOOD NJ 08701

| Official Use Only | | |
|---|---|---|

| | |
|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 11/08/2018 |
| **No. of Pages** *(excluding Summary Sheet)* | 3 |
| **Recording Fee** *(excluding transfer tax)* | $62.00 |
| *(Convenience Charge of $2.00 included)* | |
| **Realty Transfer Tax** | $0.00 |
| **Total Amount** | $62.00 |

| **Document Type** | ASSIGNMENT OF MORTGAGE |
|---|---|

**Electronic Recordation Level**   L2 - Level 2 (With Images)

**Municipal Codes**

CLIFTON CITY                    02

**Bar Code(s)**

A27532

```
    WALTER J. DAVISON
        CLERK
     PASSAIC COUNTY
       New Jersey

   INSTRUMENT NUMBER
      2018051422
     RECORDED ON
      Nov 09, 2018
      11:30:03 AM
 BOOK:AS630 PAGE:120
     Total Pages: 5

NJ PRESERVATION ACCOUNT $20.00
RECORDING FEES -        $40.00
RECORDER OF DEEDS
EFILING CONVENIENCE FEE  $2.00
TRUST FUND
TOTAL PAID              $62.00
INV: 1294418 USER: ML
```

| Additional Information (Official Use Only) |
|---|

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

FA85D8F4-6037-0E20-97B5-FC4BA068CD6B/3634633 3128589                                           Page 1 of 2

Inst. # 2018051422 - Page 2 of 5

## Passaic County Document Summary Sheet

| | | |
|---|---|---|
| **Type** | ASSIGNMENT OF MORTGAGE | |
| **Consideration** | | |
| **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | |
| **Document Date** | 09/14/2018 | |
| **Reference Info** | | |

| | | | | |
|---|---|---|---|---|
| **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** |
| | 000 | 000 | | |

**ASSIGNMENT OF MORTGAGE**

| **Name** | **Address** |
|---|---|
| RED MORTGAGE CAPITAL LLC | |
| ALJO NORSE LLC | |

| **Name** | **Address** |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | |

**Parcel Info**

| **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
|---|---|---|---|---|---|
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Prepared by, and after recording
return to:
**Abruzzo & Kinn LLP**
**170 Old Country Road, Suite 315**
**Mineola, New York 11501-4312**
Attention: Nadia A. Popatia, Esq.

Freddie Mac Loan Number: **502996331**
Property Name: **125 6th Avenue**

```
WALTER J. DAVISON
     CLERK
PASSAIC COUNTY
  New Jersey

INSTRUMENT NUMBER
  2018051422
RECORDED ON
 Nov 09, 2018
 11:30:03 AM
BOOK:AS630 PAGE:120
 Total Pages: 5

NJ PRESERVATION ACCOUNT $20.00
RECORDING FEES -         $40.00
 RECORDER OF DEEDS
EFILING CONVENIENCE FEE  $2.00
TRUST FUND
TOTAL PAID               $62.00
INV: 1294418 USER: ML
```

## ASSIGNMENT OF SECURITY INSTRUMENT

### (Revised 12-19-2014)

FOR VALUABLE CONSIDERATION, **RED MORTGAGE CAPITAL, LLC**, a limited liability company organized and existing under the laws of Delaware (**"Assignor"**), having its principal place of business at 1717 Main Street, Suite 900, Dallas, Texas 75201, hereby assigns, grants, sells and transfers to the **FEDERAL HOME LOAN MORTGAGE CORPORATION**, a corporation organized and existing under the laws of the United States (**"Assignee"**), having its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102, and Assignee's successors, transferees and assigns forever, all of the right, title and interest of Assignor in and to the Multifamily Mortgage, Assignment of Rents and Security Agreement dated **November 7, 2018**, entered into by **ALJO NORSE LLC**, a New Jersey limited liability company (**"Borrower"**) for the benefit of Assignor, securing an indebtedness of Borrower to Assignor in the principal amount of **$1,691,000.00** recorded in the Office of the Clerk of **Passaic** County, State of **New Jersey** (**"Instrument"**), which indebtedness is secured by the property described in Exhibit A attached to this Assignment and incorporated into it by this reference.

Together with the Note or other obligation described in the Instrument and all obligations secured by the Instrument now or in the future. *M15283   Pg190*

## [BALANCE OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Assignor has executed this Assignment as of September 14 2018, to be effective as of the effective date of the Instrument.

ASSIGNOR:

**RED MORTGAGE CAPITAL, LLC**, a Delaware limited liability company

By: _____
Name:    Leila C. Sugay
Title:    Loan Processing and Closing Manager

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ORANGE

On September 14, 2018 before me, Karla Kopp, a Notary Public, personally appeared **LEILA C. SUGAY**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public
Print Name: Karla Kopp
My commission expires: 1/27/21

KARLA KOPP
Notary Public – California
Orange County
Commission # 2181506
My Comm. Expires Jan 27, 2021

{225/025/01182631}
Assignment of Security Instrument

Page S-1

# EXHIBIT A

## DESCRIPTION OF THE PROPERTY

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey.

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue; running thence

1. Westerly along West Second Street 125.00 feet; thence

2. Southerly at right angles to West Second Street 100.00 feet; thence

3. Easterly 11 feet more or less to Lot of William Mehringer; thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING known and designated as Lots 35, 37, 38 & 39 in Block 7, as shown on a certain map entitled "Map A of Property of F. C. Beckwith & James Crooks, Lakeview, Passaic County, NJ", filed in the Office of the Clerk of Passaic County on May 2, 1901 as Map # 615.

The above description is in accordance with a survey made by Steven L. Koestner, P.E. & L.S. dated January 6, 2010.

NOTE FOR INFORMATION:  Being Lot(s) 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

Inst. # 2019010360 - Page 1 of 6

# Passaic County Document Summary Sheet

| | Transaction Identification Number | | 3758105 | 3291393 |
|---|---|---|---|---|

PASSAIC COUNTY CLERK

GRAND STREET

ROOM 113

PATERSON NJ 07501

**Return Address** *(for recorded documents)*

MCCOY & ORTA, P.C.

100 N. BROADWAY, SUITE 2600

OKLAHOMA CITY OK 73102

**Official Use Only**

DANIELLE IRELAND-IMHOF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2019010360
RECORDED ON
Mar 08, 2019
12:34:40 PM
BOOK:AS650 PAGE:8
Total Pages: 6

NJ PRESERVATION ACCOUNT $25.00
RECORDING FEES -        $45.00
RECORDER OF DEEDS
EFILING CONVENIENCE FEE  $2.00
TRUST FUND
TOTAL PAID              $72.00
INV: 1311523 USER: ML

| Submission Date *(mm/dd/yyyy)* | 03/08/2019 |
|---|---|
| No. of Pages *(excluding Summary Sheet)* | 4 |
| Recording Fee *(excluding transfer tax)* | $72.00 |
| *(Convenience Charge of $2.00 included)* | |
| Realty Transfer Tax | $0.00 |
| Total Amount | $72.00 |

| Document Type | ASSIGNMENT OF MORTGAGE |
|---|---|

| Electronic Recordation Level | L2 - Level 2 (With Images) |
|---|---|

**Municipal Codes**

| CLIFTON CITY | 02 |
|---|---|

A295AD

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Inst. # 2019010580 - Page 2 of 6

## Passaic County Document Summary Sheet

| ASSIGNMENT OF MORTGAGE | Type | ASSIGNMENT OF MORTGAGE | | | |
|---|---|---|---|---|---|
| | Consideration | | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| | Document Date | 02/12/2019 | | | |
| | Reference Info | | | | |
| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
| | | M15283 | 190 | 2018051421 | |

| | Name | | Address |
|---|---|---|---|
| | ALJO NORSE LLC | | |
| | FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

| | Name | | Address |
|---|---|---|---|
| | WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED | | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

D4D99132-144D-075F-0297-F59A520528D6/3758105 3291393

Inst # 2019010360 - Page 1 of 6

```
         DANIELLE IRELAND-IMHOF
                CLERK
            PASSAIC COUNTY
              New Jersey

          INSTRUMENT NUMBER
             2019010360
            RECORDED ON
            Mar 08, 2019
            12:34:40 PM
  BOOK:AS650 PAGE:8
        Total Pages: 6

  NJ PRESERVATION ACCOUNT $25.00
  RECORDING FEES -        $45.00
  RECORDER OF DEEDS
  EFILING CONVENIENCE FEE  $2.00
  TRUST FUND
  TOTAL PAID              $72.00
  INV: 1311523 USER: ML
```

This instrument was prepared by and
after recordation return to:

McCoy & Orta, P.C.
100 North Broadway, 26th Floor
Oklahoma City, OK 73102
Telephone: (888) 236-0007

| | |
|---|---|
| Jurisdiction: | Passaic County |
| State: | New Jersey |
| Loan No.: | 502996331 |
| M&O Ref.: | 7541.142 |
| Loan Name: | 125 6th Avenue |

## ASSIGNMENT OF MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

FOR VALUE RECEIVED, **FEDERAL HOME LOAN MORTGAGE CORPORATION,** whose address is 8200 Jones Branch Drive, McLean, VA 22102 ("Assignor"), conveys, assigns, transfers, and sets over unto **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPONT COMMERCIAL MORTGAGE SECURITIES LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59,** ("Assignee"), whose address is 9062 Old Annapolis Road, Columbia, MD 21045 without recourse, representation or warranty, express or implied, except as set forth in that certain related Mortgage Loan Purchase Agreement, all the right, title and interest of Assignor in and to the Multifamily Mortgage, Assignment of Rents and Security Agreement and other documents, if any, described in Schedule A attached hereto and incorporated herein, together with the note or notes described therein, and all other documents and instruments relating to or securing said Multifamily Mortgage, Assignment of Rents and Security Agreement or note or notes described therein, encumbering, among other things, the premises described in Exhibit A attached hereto and incorporated herein and the improvements thereon.

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns forever.

Dated this _12_ day of February, 2019, to be effective as of the _21_ day of February, 2019.

                      **FEDERAL HOME LOAN MORTGAGE CORPORATION,**
a corporation organized and existing under the laws of the United States

By: _____

Name: Mary Ellen Slavinskas
Title:   Director
        Multifamily Operations

STATE OF VIRGINIA            §
                                 §
COUNTY OF FAIRFAX         §

On the _12_ day of February, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared Mary Ellen Slavinskas, Director, Multifamily Operations, of Federal Home Loan Mortgage Corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument, and that such individual made such appearance before the undersigned, in Fairfax County, Virginia.

      WITNESS my hand and official seal.

                                 _____
[ S E A L ]                        Name of Notary Public
My Commission Expires:

PRATIMA JAGERDEO
NOTARY PUBLIC
REG. #7526232
MY COMMISSION EXPIRES
June 30, 2020
COMMONWEALTH OF VIRGINIA

Loan No.: 502996331
M&O File No.: 7541.142
Loan Name: 125 6th Avenue
Pool: SB-59

## SCHEDULE A

Multifamily Mortgage, Assignment of Rents and Security Agreement dated as of November 7, 2018, by ALJO NORSE LLC, a New Jersey limited liability company, to RED MORTGAGE CAPITAL, LLC ("Original Lender"), in the amount of $1,691,000.00 ("Mortgage"), recorded on November 9, 2018, as Instrument Number 2018051421, in Book M15283, Page 190 in the office of the County Clerk of Passaic County, New Jersey ("Real Estate Records").

The Mortgage was assigned from Original Lender to FEDERAL HOME LOAN MORTGAGE CORPORATION by that certain Assignment of Security Instrument dated as of September 14, 2018, to be effective as of November 7, 2018, and recorded on November 9, 2018, as Instrument Number 2018051422, in Book AS630, Page 120, in the Real Estate Records.

Loan No.: 502996331
M&O File No.: 7541.142
Loan Name: 125 6th Avenue
Pool: SB-59

# EXHIBIT A
## LEGAL DESCRIPTION

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey.

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue; running thence

1. Westerly along West Second Street 125.00 feet; thence

2. Southerly at right angles to West Second Street 100.00 feet; thence

3. Easterly 11 feet more or less to Lot of William Mehringer; thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING known and designated as Lots 35, 37, 38 & 39 in Block 7, as shown on a certain map entitled "Map A of Property of F. C. Beckwith & James Crooks, Lakeview, Passaic County, NJ", filed in the Office of the Clerk of Passaic County on May 2, 1901 as Map # 615.

The above description is in accordance with a survey made by Steven L. Koestner, P.E. & L.S. dated January 6, 2010.

NOTE FOR INFORMATION:  Being Lot(s) 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

Loan No.: 502996331
M&O File No.: 7541.142
Loan Name: 125 6th Avenue
Pool: SB-59

8/N
52
TM

# FILE

 

## Passaic County Document Summary Sheet

| County Clerk, Registry Division<br>401 Grand Street<br>Room 113<br>Paterson, NJ 07505 | Return Name and Address<br>Scott T. Tross, Esq.<br>2 Park Ave<br>Fl #20<br>New York, NY 10016 | 00N6R0 |
|---|---|---|

**Official Use Only**

DANIELLE IRELAND-IMHOF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2020006582
FILED ON
Feb 05, 2020
8:33:04 AM
Total Pages: 8

NJ PRESERVATION    $10.00
ACCOUNT
RECORDING FEES -    $42.00
RECORDER OF DEEDS
TOTAL PAID    $52.00

INV: 1365108   USER: LH

| Submitting Company | Herrick, Feinstein LLP |
|---|---|
| Document Type | Notice of Lis Pendens |

| Document Date (mm/dd/yyyy) | 01/10/2020 |
|---|---|
| No. of Pages of the Original Signed Document<br>(Including the cover sheet) | 8 |
| Consideration Amount (If applicable) | |

**Official Use Only**

| First Party<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>Wells Fargo Bank, National Association, | Address (Optional)<br>c/o Scott T. Tross, Esq.<br>Herrick, Feinstein<br>One Gateway Center<br>Newark, New Jersey 07102 |
|---|---|---|
| Second Party<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>ALJO Norse LLC | Address (Optional)<br>c/o Seth Levine<br>636 South Forest Drive<br>Teaneck, New Jersey 07666 |

| Parcel Information<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Clifton | 16.09 | 11 | | 125 6th Avenue |

| Reference Information<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | Mortgage | M15283 | 190 | | 11/09/2018 |
| | | 630 | 120 | | 11/09/2018 |
| | | 650 | 8 | | 03/08/2019 |

*DO NOT REMOVE THIS PAGE.*
*DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF PASSAIC COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Scott T. Tross, Esq., Attorney ID No. 058381994
Michelle M. Sekowski, Attorney ID No. 034072003
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, NJ 07102
973.274.2000
Attorneys for Plaintiff

---------------------------------------------------x

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES, LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2019-SB59, BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS, LLC, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: PASSAIC COUNTY<br><br>DOCKET NO.: F-020926-19<br><br><u>Civil Action</u><br><br>**NOTICE OF LIS PENDENS** |
| Plaintiff, | |
| vs. | |
| ALJO NORSE LLC, SETH LEVINE, and ZF CAPITAL HOLDINGS LLC, | |
| Defendants. | |

---------------------------------------------------x

TO WHOM IT MAY CONCERN:

Please be advised that notice is hereby given regarding the above-entitled Civil Action, which has been commenced and is pending to foreclose a mortgage and recover possession of certain lands and premises, as follows:

1.    The Multifamily Mortgage, Assignment of Rents and Security Agreement (the "Mortgage") being foreclosed was made by Aljo Norse LLC ("Borrower") to Red Mortgage

Capital, LLC ("Original Lender") on or about November 7, 2018, and recorded on November 9, 2018 in the Passaic County Clerk's Office in Book M15283, at Page 190, et seq.

      2.     By Assignment of Security Instrument (the "First Assignment of Mortgage") on or about November 7, 2018, Original Lender assigned the Mortgage to Federal Home Loan Mortgage Corporation ("Freddie Mac").  The First Assignment of Mortgage was recorded on November 9, 2018 in the Passaic County Clerk's Office in Book 630, at Page 120, et seq.

      3.     By Assignment of Multifamily Mortgage, Assignment of Rents and Security Agreement ("Plaintiff's Assignment of Mortgage") on or about February 27, 2019, Freddie Mac assigned the Mortgage to Plaintiff.  The Plaintiff's Assignment of Mortgage was recorded on March 8, 2019 with the Passaic County Clerk's Office in Book 650, at Page 8, et seq.

      4.     The lands and premises to be affected by this action and for which possession is sought are:

> All that certain real property commonly known as 125 6th Avenue, Clifton, New Jersey 07012, and also known as Lot 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey, including all improvements thereon, more particularly described on Exhibit A annexed hereto and incorporated herein in its entirety, together with the Collateral set forth and described in Exhibit B attached hereto and incorporated herein in its entirety.

      5.     The Complaint in Foreclosure in the above-entitled action was filed in the Office of the Clerk of the Superior Court of New Jersey on December 23, 2019.

- 2 -

HERRICK, FEINSTEIN LLP
Attorneys for Plaintiff

By: _____
　　　SCOTT T. TROSS, ESQ.

Dated: January 10, 2020

Sworn to before me this
10th day of January, 2020

_____
Notary Public

VANESSA MARTINEZ
Notary Public, State of New Jersey
Commission Expires August 7, 20__

- 3 -

## EXHIBIT A

### DESCRIPTION OF THE LAND

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey.

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue; running thence

1. Westerly along West Second Street 126.00 feet; thence

2. Southerly at right angles to West Second Street 100.00 feet; thence

3. Easterly 11 feet more or less to Lot of William Mehringer; thence

4. Northerly along his line 26 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING known and designated as Lots 35, 37, 38 & 39 in Block 7, as shown on a certain map entitled "Map A of Property of P. C. Beckwith & James Crooks, Lakeview, Passaic County, NJ", filed in the Office of the Clerk of Passaic County on May 2, 1901 as Map # 615.

The above description is in accordance with a survey made by Steven L. Koestner, P.E. & L.S. dated January 8, 2010.

NOTE FOR INFORMATION: Being Lot(s) 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

Financing Statement Exhibit B – SBL
(Revised 11-02-2015)

## EXHIBIT B

All of Debtor's present and future right, title, and interest in and to all of the following:

(1)   "**Fixtures**," which means all property owned by Debtor which is attached to the real property described in Exhibit A ("Land") and/or the improvements located on the Land ("Improvements") ("Property" means the Land and/or the Improvements) so as to constitute a fixture under applicable law, including: machinery, equipment, engines, boilers, incinerators and installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; swimming pools; and exercise equipment.

(2)   "**Personalty**," which means all of the following:

   (i)   Accounts (including deposit accounts) of Debtor related to the Property.

   (ii)   Equipment and inventory owned by Debtor, which are used now or in the future in connection with the ownership, management or operation of the Land or Improvements or are located on the Land or Improvements, including furniture, furnishings, machinery, building materials, goods, supplies, tools, books, records (whether in written or electronic form) and computer equipment (hardware and software).

   (iii)   Other tangible personal property owned by Debtor which is used now or in the future in connection with the ownership, management or operation of the Land or Improvements or is located on the Land or in the Improvements, including ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances (other than Fixtures).

   (iv)   Any operating agreements relating to the Land or the Improvements.

   (v)   Any surveys, plans and specifications and contracts for architectural, engineering and construction services relating to the Land or the Improvements.

(3264954154785)
Financing Statement Exhibit B – SBL                                                 Page 1

Station View19 - 09/13/2019  3:21:48 PM                           PASSAIC COUNTY

- 5 -

(vi)   All other intangible property, general intangibles and rights relating to the operation of, or used in connection with, the Land or the Improvements, including all governmental permits relating to any activities on the Land and including subsidy or similar payments received from any sources, including a "Governmental Authority" (defined as any board, commission, department, agency or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Property, or the use, operation or improvement of the Property, or over Debtor).

(vii)   Any rights of Debtor in or under any letter of credit required under the terms of the Loan Agreement evidencing and securing the loan ("Loan") secured by this financing statement ("Loan Agreement").

(3)   All current and future rights, including air rights, development rights, zoning rights and other similar rights or interests, easements, tenements, rights of way, strips and gores of land, streets, alleys, roads, sewer rights, waters, watercourses and appurtenances related to or benefiting the Land or the Improvements, or both, and all rights-of-way, streets, alleys and roads which may have been or may in the future be vacated.

(4)   All proceeds paid or to be paid by any insurer of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property, whether or not Debtor obtained the insurance pursuant to Secured Party's requirement.

(5)   All awards, payments and other compensation made or to be made by any Governmental Authority with respect to the Land, or if Debtor's interest in the Land is pursuant to a ground lease, the ground lease and the leasehold estate created by such ground lease ("Leasehold Estate"), the Improvements, the Fixtures, the Personalty or any other part of the Property, including any awards or settlements resulting from condemnation proceedings or the total or partial taking of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property under the power of eminent domain or otherwise and including any conveyance in lieu thereof.

(6)   All contracts, options and other agreements for the sale of the Land, or the Leasehold Estate, as applicable, the Improvements, the Fixtures, the Personalty or any other part of the Property entered into by Debtor now or in the future, including cash or securities deposited to secure performance by parties of their obligations.

(7)   All "Rents", which means all rents (whether from residential or non-residential space), revenues and other income of the Land or the Improvements, parking fees, laundry and vending machine income and fees and charges for food, health care and other services provided at the Property, whether now due, past due or to become due, and deposits forfeited by tenants, and, if Debtor is a cooperative housing corporation or association, maintenance fees, charges or assessments payable by shareholders or residents under proprietary leases or occupancy agreements, whether now due, past due or to become due.

(8) All "Leases," which means all present and future leases, subleases, licenses, concessions or grants or other possessory interests in force now or hereafter, whether oral or written, covering or affecting the Property, or any portion of the Property (including proprietary leases or occupancy agreements if Debtor is a cooperative housing corporation), and all modifications, extensions or renewals.

(9) All earnings, royalties, accounts receivable, issues and profits from the Land, the Improvements or any other part of the Property, and all undisbursed proceeds of the Loan.

(10) All deposits to a "Reserve Fund" (defined as all amounts deposited by the Debtor with Secured Party in connection with the Loan for the payment of taxes or insurance premiums or as otherwise required pursuant to the Loan Agreement), whether in cash or as a letter of credit.

(11) All refunds or rebates of taxes by a Governmental Authority (other than refunds applicable to periods before the real property tax year in which this financing statement is recorded or filed) or insurance premiums by an insurance company.

(12) All tenant security deposits which have not been forfeited by any tenant under any Lease and any bond or other security in lieu of such deposits.

(13) All names under or by which the Property or any part of it may be operated or known, and all trademarks, trade names, and goodwill relating to any of the Property.

(14) All proceeds from the conversion, voluntary or involuntary, of any of the above into cash or liquidated claims, and the right to collect such proceeds.

{72638363/v5705}
Financing Statement Exhibit B -- SBL

**END OF DOCUMENT**   Page 3

Station View19 - 09/13/2019  3:21:46 PM                    PASSAIC COUNTY

- 7 -

HF 13108997v.2

FILE






## Passaic County Document Summary Sheet

| County Clerk, Registry Division<br>401 Grand Street<br>Room 113<br>Paterson, NJ 07505 | Return Name and Address<br>Meyner and Landis LLP<br>Attn: Joseph R. McCarthy, Esq.<br>One Gateway Center, Suite 2500<br>Newark, New Jersey 07102 | |
|---|---|---|



00M2LR

DANIELLE IRELAND-IMHOFF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2020004526
FILED ON
Jan 24, 2020
1:24:12 PM
BOOK=LP20
PAGE=264
Total Pages: 9

NJ PRESERVATION $45.00
ACCOUNT
RECORDING FEES - $65.00
RECORDER OF DEEDS

TOTAL PAID $110.00

INV: 1363246

| Official Use Only | | |
|---|---|---|
| Submitting Company | Meyner and Landis LLP | |
| Document Type | Notice of Lis Pendens | |
| Document Date (mm/dd/yyyy) | | 01/16/2020 |
| No. of Pages of the Original Signed Document<br>(Including the cover sheet) | | 9 |
| Consideration Amount (If applicable) | | |
| Official Use Only | | |

| First Party<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>Seth Levine<br>ALJO Norse LLC<br>Clifton DL Ventures LLC<br>Third Street Norse LLC | Address (Optional) |
|---|---|---|
| Second Party<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>ZF Capital Holdings, LLC individually and derivatively on behalf of ALJO Norse LLC;<br>Clifton DL Ventures LLC, Perth NB Venture, LLC and Third Street Norse LLC | Address (Optional) |

| Parcel Information<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Clifton | 16.09 | 11 | | 125 6th Ave. |
| | Clifton | 4.03 | 60 | | 190 Ackerman Ave. |
| | Passaic | 1035 | 28 | | 1-3 Third St. |

| Reference Information<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | | | | | |

**\*DO NOT REMOVE THIS PAGE.**
*DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF PASSAIC COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**MEYNER AND LANDIS LLP**
**One Gateway Center, Suite 2500**
**Newark, New Jersey 07102**
Telephone:  (973) 602-3432
Facsimile:  (973) 624-0356
Joseph R. McCarthy, Esq.
New Jersey Attorney ID #: 020312003
Attorneys for Plaintiff
*ZF Capital Holdings, LLC*

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: PASSAIC
COUNTY
DOCKET NO.: C-125-19

ZF CAPITAL HOLDINGS, LLC, individually
and derivatively on behalf of ALJO NORSE
LLC, CLIFTON DL VENTURES LLC,
PERTH NB VENTURE, LLC and THIRD
STREET NORSE LLC,

                              Plaintiffs,

                v.

SETH LEVINE; ALJO NORSE LLC;
CLIFTON DL VENTURES LLC; PERTH NB
VENTURES LLC, and THIRD STREET
NORSE LLC,

                              Defendants.

***NOTICE OF LIS PENDENS***

TO WHOM IT MAY CONCERN:

Notice is hereby given of the commencement and pendency of the above entitled Civil

Action, the general objects of which are:

1.     to obtain a declaratory judgment from this Court that: (a) Plaintiff is the sole

owner and controlling member of ALJO Norse LLC ("**ALJO LLC**") by virtue of Seth Levine's

("**Levine**") assignment of 100% of the membership interests of ALJO LLC (the "**ALJO**

- 1 -

Membership Interests") to Plaintiff by way of an Assignment and Assumption Agreement dated June 19, 2019 (the "**First Assignment**") executed in favor of Plaintiff, as assignee, whereby Levine assigned and transferred to Plaintiff, all of Levine's rights, title and interest in and to the ALJO Membership Interests; (b) Plaintiff is the sole owner and controlling member of Clifton DL Ventures LLC ("**Clifton LLC**") by virtue of Levine's assignment of 100% of the membership interests of Clifton LLC (the "**Clifton Membership Interests**") to Plaintiff via the First Assignment; (c) Plaintiff is the sole owner and controlling member of Perth NB Ventures LLC ("**Perth LLC**") by virtue of Levine's assignment of 100% of the membership interests of Perth LLC (the "**Perth Membership Interests**") to Plaintiff via the First Assignment; and (d) Plaintiff is the sole owner and controlling member of Third Street Norse LLC ("**Third Street LLC**") by virtue of Levine's assignment of 100% of the membership interest of Third Street LLC (the "**Third Street Membership Interests**") to Plaintiff via an Assignment and Assumption Agreement dated June 21, 2019 executed in favor of Plaintiff, as assignee, whereby Levine assigned and transferred to Plaintiff, all of Levine's rights, title and interest in and to the Third Street Membership Interests (the "**Second Assignment**"); and

2.      to seek a further declaration that: (a) Plaintiff, as the sole owner and controlling member of ALJO LLC is authorized to sell, transfer, convey, and mortgage the property known as Lot 11, Block 16.09 on the Tax Map of the City of Clifton, more commonly known as 125 6$^{\text{th}}$ Avenue, Clifton, New Jersey, County of Passaic, State of New Jersey (the "**6$^{\text{th}}$ Avenue Property**") in the ordinary course of business and without prior court approval, subject to all liens, encumbrances, and restrictions of record; (b) Plaintiff, as the sole owner and controlling member of Clifton LLC is authorized to sell, transfer, convey, and mortgage the property known as Lot 60, Block 4.03 on the Tax Map of the City of Clifton, more commonly known as

- 2 -

190 Ackerman Avenue, Clifton, New Jersey, County of Passaic, State of New Jersey ("**Ackerman Property**") in the ordinary course of business and without prior court approval, subject to all liens, encumbrances, and restrictions of record; (c) Plaintiff, as the sole owner and controlling member of Perth LLC is authorized to sell, transfer, convey, and mortgage the property known as Lot 53, Block 173 on the Tax Map of the City of Perth Amboy, more commonly known as 352-354 New Brunswick Avenue, Perth Amboy, New Jersey, County of Middlesex, State of New Jersey (hereinafter the "**Perth Amboy Property**") in the ordinary course of business and without prior court approval, subject to all liens, encumbrances, and restrictions of record; and (d) Plaintiff, as the sole owner and controlling member of Third Street LLC is authorized to sell, transfer, convey, and mortgage the  property known as Lot 28, Block 1035 on the Tax Map of the City of Passaic, more commonly known as 1-3 Third Street, Passaic, New Jersey, County of Passaic, State of New Jersey (the "**Passaic Property**") in the ordinary course of business and without prior court approval, subject to all liens, encumbrances, and restrictions of record; and

3.      to seek a further declaration that Plaintiff is the lawful owner and controlling member of ALJO LLC, Clifton LLC, Perth LLC, and Third Street LLC (the "**LLCs**") and therefore is authorized to execute contract(s) for the purchase and sale of the properties listed herein; and

4.      to seek a further declaration that Plaintiff is the lawful owner and controlling member of the LLCs and therefore is authorized to execute deeds and other related conveyance documents in favor of a third party purchaser(s); and

5.      to seek a further declaration that the operating agreements for the LLCs may be amended to reflect that Plaintiff, or Plaintiff's designee, is the sole owner and controlling

- 3 -

member of the LLCs.

The lands and premises to be affected by said suit are described in **Exhibit A** (125 6th Avenue, Clifton, New Jersey)**, Exhibit B** (190 Ackerman Avenue, Clifton, New Jersey)**, Exhibit C** (352-354 New Brunswick Avenue, Perth Amboy, New Jersey) and **Exhibit D** (1-3 Third Street, Passaic, New Jersey) annexed hereto.

The Verified Complaint in the above entitled action was filed with the Clerk of the Superior Court of New Jersey on December 16, 2019.

<div style="text-align:right">

**MEYNER AND LANDIS LLP**
Attorneys for Plaintiff
*ZF Capital Holdings, LLC*

Joseph R. McCarthy, Esq.

</div>

Dated: January 16, 2020

- 4 -

## EXHIBIT A

ALL that certain tract, lot and parcel of land lying and being in the City of Clifton, County of Passaic and State of New Jersey, and being more particularly described as follows:

The property consists of the land and all of the buildings and structures on the land in the City of Clifton County of Passaic and State of New Jersey.  The legal description is:

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence

2. Southerly at right angles to West Second Street 100 feet; thence

3. Easterly eleven feet more or less to Lot of William Mehringer thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

Formerly known as lot number 35, 37, 38 and 39 in Block 7 as laid down on a map of Beckwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

Now known as Lot(s)   Lot: 11, Block: 16.09;  Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

NOTE: Lot and Block shown for informational purposes only.

- 5 -

## EXHIBIT B

**Parcel I (Lot 60 Block 4.03 - Ackerman Avenue)**

ALL that certain lot, piece or parcel of land, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey and being more particularly bounded and described as follows:

Known and designated as Lot 62 and parts of Lots 61 and 63 as shown on a certain map entitled, "Floral Park Land Company, Clifton, N.J." filed in the Passaic County Register's Office on December 28, 1921 as Map No. 638.

BEGINNING at the point of intersection of the northerly street line of Ackerman Avenue (50 feet wide) and the easterly street line of Arthur Street (45 feet wide); running thence

1. North 10 degrees 30 minutes West, along the easterly line of Arthur Street, 133.00 feet to a point; thence

2. North 79 degrees 30 minutes East, along the division line of lots 61 and 60, 38.00 feet to a point; thence

3. South 10 degrees 30 minutes East, along the division line of Lots 60 and 59, 133.00 feet to a point; thence

4. South 79 degrees 30 minutes West, along the said northerly street line of Ackerman Avenue, 38.00 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY: Being Block 4.03 Lot 60 on the Tax Map of the City of Clifton, County of Passaic and State of New Jersey.

- 6 -

## EXHIBIT C

ALL that certain lot, parcel or tract of land, situate and lying in the City of Perth Amboy, County of Middlesex and State of New Jersey being more particularly described as follows:

BEGINNING at the point of intersection of the Westerly sideline of Amboy Avenue (66' ROW) with the Northeasterly sideline of New Brunswick Avenue (66' ROW); from thence running

(1)     Along the Westerly sideline of Amboy Avenue, North 07 degrees 40 minutes East, 136.00 feet to a point; thence

(2)     North 51 degrees 34 minutes West, 10.08 feet to a point; thence

(3)     South 49 degrees 09 minutes 20 seconds West, 100.00 feet to a point in the Northeasterly sideline of New Brunswick Avenue; thence

(4)     Along the same, South 40 degrees 50 minutes 40 seconds East, 100.00 feet to the point and place of BEGINNING.


For informational purposes only:
Being commonly known as Lot 53, Block 173 on the Tax Map of the City of Perth Amboy.


The above description was drawn in accordance with a survey prepared by Brunswick Surveying Incorporated, dated August 20, 2002

- 7 -

## EXHIBIT D

### LEGAL DESCRIPTION

The property consists of the land and all the buildings and structures on the land in the City of Passaic, County of Passaic and State of New Jersey which has a legal description as follows:

BEGINNING at the northwesterly corner of Third and South Streets and running thence (1) northerly and along the westerly side of Third Street, 50 feet; thence (2) westerly parallel with South Street, 100 feet; thence (3) southerly parallel with Third Street, 50 feet to South Street, and thence (4) easterly and along the northerly side of South Street, 100 feet to the point or place of BEGINNING.

BEING lots 28 and 30 in Block F on Map A of the Dundee Manufacturing Co.

BEING known as Lot 28 in Block 1035 on the current tax map of the City of Passaic.

- 8 -

END OF DOCUMENT

Inst. # 2020033292  Page 1 of 5

## Passaic County Document Summary Sheet

PASSAIC COUNTY CLERK

GRAND STREET

ROOM 113

PATERSON NJ 07501

| Transaction Identification Number | | 4498693 | 4245056 |
|---|---|---|---|

**Return Address**   *(for recorded documents)*

PRESTIGE TITLE AGENCY, NOS

130 POMPTON AVE

VERONA NJ 07044

**Official Use Only**

DANIELLE IRELAND-IMHOF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2020033292
FILED ON
Jul 24, 2020
12:39:22 PM
Total Pages: 5

NJ PRESERVATION ACCOUNT $10.00
RECORDING FEES -        $36.00
RECORDER OF DEEDS
TOTAL PAID             $46.00
INV: 1389427 USER: ML

| | |
|---|---|
| Submission Date *(mm/dd/yyyy)* | 07/23/2020 |
| No. of Pages *(excluding Summary Sheet)* | 3 |
| Recording Fee *(excluding transfer tax)* | $46.00 |
| Realty Transfer Tax | $0.00 |
| Total Amount | $46.00 |

| Document Type | DISCHARGE OF LISPENS |
|---|---|

| Electronic Recordation Level | L2 - Level 2 (With Images) |
|---|---|

**Municipal Codes**

PASSAIC CITY                                          07

A3629D

---

### Additional Information (Official Use Only)

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Inst. # 2020033292  Page 2 of 5

## Passaic County Document Summary Sheet

| Type | DISCHARGE OF LISPENS | | | |
|---|---|---|---|---|
| Consideration | | | | |
| Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| Document Date | 07/06/2020 | | | |
| Reference Info | | | | |

**DISCHARGE OF LISPENS**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | LP20 | 264 | | |

| Name | Address |
|---|---|
| ZF CAPITAL HOLDINGS LLC | |

| Name | Address |
|---|---|
| SETH LEVINE | |
| ALJO NORSE LLC | |
| CLIFTON DL VENTURES LLC | |
| PERTH NB VENTURES LLC | |
| THIRD STREET NORSE LLC | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

700D5D60-49AB-C354-58D4-1F50ABB81415/4498693 4245056

Page 2 of 2

Inst. # 2020033292 Page 3 of 5

DANIELLE IRELAND-IMHOF
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2020033292
FILED ON
Jul 24, 2020
12:39:22 PM
Total Pages: 5

NJ PRESERVATION ACCOUNT $10.00
RECORDING FEES -            $36.00
RECORDER OF DEEDS
TOTAL PAID                  $46.00
INV: 1389427 USER: ML

**MEYNER AND LANDIS LLP**
**One Gateway Center, Suite 2500**
**Newark, New Jersey 07102**
**Telephone: (973) 602-3432**
**Facsimile: (973) 624-0356**
Joseph R. McCarthy, Esq.
New Jersey Attorney ID #: 020312003
Attorneys for Plaintiff
*ZF Capital Holdings LLC*

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION: PASSAIC**
**COUNTY**
**DOCKET NO.: C-125-19**

---

ZF CAPITAL HOLDINGS, LLC,

           Plaintiff,

      v.

SETH LEVINE; ALJO NORSE LLC;
CLIFTON DL VENTURES LLC; PERTH NB
VENTURES LLC, and THIRD STREET
NORSE LLC,

           Defendants.

*__PARTIAL DISCHARGE OF NOTICE LIS__*
*__PENDENS SOLELY AS TO REAL__*
*__PROPERTY KNOWN AS 1-3 THIRD__*
*__STREET, PASSAIC, NEW JERSEY__*

---

**TO THE CLERK OF THE ABOVE NAMED COURT:**

    THIS IS TO CERTIFY that a certain Lis Pendens dated January 16, 2020, recorded

with the Clerk of Passaic County on January 24, 2020 as Instrument Number 2020004526, and [handwritten: Book LP20, Page 264]

relating to a certain claims as more fully described in the Complaint which relate to among

other properties, the real property known as 1-3 Third Street, Passaic, New Jersey, and more

fully described in the attached Exhibit A.

    NOW, THEREFORE, the Clerk of Passaic County is hereby authorized, empowered

and directed to *partially* discharge, cancel and make null and void the said Lis Pendens <u>solely</u>

- 1 -

as to the real property known as 1-3 Third Street, Passaic, New Jersey, and more fully described in the attached Exhibit A, and for so doing, this shall be sufficient warrant.

WITNESS, my hand and seal this 6th day of July, 2020.

<div align="right">

**MEYNER AND LANDIS LLP**
Attorneys for Plaintiff
*ZF Capital Holdings LLC*

Joseph R. McCarthy, Esq.

</div>

Dated: July 6th, 2020


STATE OF NEW JERSEY)
                  : ss:
COUNTY OF SOMERSET)

On this 6th day of July, 2020, before me, the subscriber, personally appeared Joseph R. McCarthy, Esq., who, I am satisfied, is the person who executed the within Partial Discharge of Lis Pendens and thereupon he acknowledged that he signed, sealed and delivered same as his act and deed, for the uses and purposes therein expressed.


Notary Public

<div align="right">

**EMILY A. GELLER**
**NOTARY PUBLIC OF NEW JERSEY**
MY COMMISSION EXPIRES SEPT 24, 2023

</div>


RECORD AND RETURN TO:

Joseph R. McCarthy, Esq.
Meyner and Landis LLP
One Gateway Center, Suite 2500
Newark, New Jersey 07102

- 2 -

Inst. # 2020032282-3  Page 3 of 5

## EXHIBIT A

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Passaic, County of Passaic, State of New Jersey.

BEING known and designated as Lots 28 and 30 in Block F on a certain Map entitled: "Lots of the Dundee Manufacturing Co." which map was filed in the Passaic County Clerk/Register's Office on May 29, 1915 as Map No. 53. Said tract or parcel of land being as further illustrated on a plan entitled "Survey of Property, Block 1035, Lot 28, 1-3 Third Street, Passaic City, Passaic County, New Jersey", said plan having been prepared by Newlines Engineering & Survey (file no. 17044) dated February 21, 2017 and being more particularly bounded and described as follows:

BEGINNING at the northwesterly corner of Third Street (60.00 feet wide) and South Street (50.00 feet wide) and running thence

1. Along the westerly line of Third Street, northerly 50.00 feet to a point in the southerly line of Block 1035, Lot 26; thence

2. Along the same and being parallel to South Street, Westerly, 100.00 feet to a point, common corner to Lots 26, 25 & 27; thence

3. Along the easterly line of Block 1035, Lots 27 & 29 and being parallel to Third Street, southerly 50.00 feet to a point in the northerly line of South Street, thence

4. Along the same and being parallel to South Street, easterly 100.00 feet to the point or place of BEGINNING.

The above description is in accordance with a survey made by Newlines Engineering & Survey dated February 21, 2017

NOTE FOR INFORMATION:  Being Lot(s) 28, Block 1035, Tax Map of the City of Passaic, County of Passaic.

- 3 -

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

PEAPACK-GLADSTONE BANK
500 Hills Drive, Suite 300
Bedminster, NJ 07921-1538

Record & Return to:
MADISON TITLE AGENCY, LLC
1125 OCEAN AVENUE
LAKEWOOD, NJ 08701
10 3019

**FILE**

00HPEH

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

INV: 1090975 USER: BO

RECORDING FEES - $25.00
RECORDER OF DEEDS
TOTAL PAID        $25.00

Total Pages: 3

FILE NUMBER
9719
FILED ON
Jun 16, 2015
12:55:10 PM
INSTRUMENT NUMBER
2015026937
FILED ON
New Jersey
PASSAIC COUNTY
CLERK
KRISTIN M. CORRADO

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ALJO NORSE LLC | | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 210 River Street, Suite 24 | Hackensack | NJ | 07601 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION LLC | 1f. JURISDICTION OF ORGANIZATION NJ | 1g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| PEAPACK-GLADSTONE BANK | | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 Hills Drive, Suite 300 | Bedminster | NJ | 07921 | USA |

4. This FINANCING STATEMENT covers the following collateral:

**SEE DESCRIPTION OF COLLATERAL ON UCC-1 RIDER ATTACHED HERETO.**

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

LOAN NO.

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## UCC-1 RIDER

      (a)      deposit accounts which means the balance of every deposit account, now or hereafter existing, of Debtor with the Secured Party, and which also means and includes all money, instruments, securities, documents, chattel paper, credits, claims, and other property of Debtor, now or hereafter in the possession or custody of Secured Party or any of its agents or any bank affiliated with the Secured Party or any successor-in-interest thereto.

      (b)      all machinery, apparatus, equipment, fittings, fixtures, chattels, and articles of personal property of every kind and nature whatsoever now or hereafter located at 125 6th Avenue, Clifton, New Jersey (Block 16.09, Lot 11) (the "Real Estate") or any part thereof and used or useable in connection with any present or future operation or letting of the Real Estate or the activities at any time conducted therein (hereinafter collectively referred to as the "Equipment") and now owned or hereafter acquired by the party identified as the Debtor on the annexed financing statement ("Debtor"), including, but without limiting the generality of the foregoing, heating, lighting, laundry, incinerating and power equipment, engines, pipes, pumps, tanks, motors, conduits, switchboards, plumbing, lifting, cleaning, fire-prevention, fire-extinguishing, refrigerating, ventilating, and communications apparatus, elevators, escalators, shades, awnings, screens, storm doors and windows, beds, tables, chairs, stoves, refrigerators, attached cabinets, partitions, ducts and compressors and all of the right, title and interest of Debtor in and to any Equipment which may be subject to any title retention or security agreement superior in lien to the lien of the mortgage granted by Debtor to the party identified as the Secured Party on the annexed financing statement (which shall in this UCC Rider also mean the mortgagee under a mortgage); and

      (c)      (i) all rents, issues and profits of the Real Estate and the improvements thereon, including without limitation all income derived from any garage or parking facility located on the Real Estate, (ii) all leases and other documents and agreements evidencing such rents, issues and profits now or hereafter in effect, and (iii) any and all deposits held as security under such leases; and

      (d)      the rights in or the proceeds of any fire and/or hazard insurance policy covering the Real Estate and the improvements thereon; and

      (e)      any award in eminent domain proceedings for a taking or for loss of value in the Real Estate and the improvements thereon; and

      (f)      a security interest in and pledge of any and all damages, penalties or premiums payable to the Debtor by any tenant who cancels its lease or abandons the Premises prior to the expiration date of such lease.

(g)     ledgers and records which means all of the Debtor's ledger sheets, files, records and documents relating to the above-listed Collateral, in all of the above cases, whether now or hereafter existing or arising.

(h)     all other accounts, contract rights, general intangibles, documents, instruments, chattel paper, goods, fixtures, money and all other property of the Debtor which relate to the Real Estate or any activity conducted thereon by the Debtor.

(i)     proceeds which means all additions, substitutions, replacements and increments to the above-listed Collateral, as well as proceeds of all of the above-listed Collateral in whatever form, including cash, negotiable instruments and other instruments for the payment of money, chattel paper, security agreements or other documents, insurance or condemnation awards and other Collateral purchased with proceeds.

The Premises described above are more fully described on the following page 3.

END OF DOCUMENT

2

**00KDI1**

**FILE**

WALTER J. DAVISON
PASSAIC COUNTY
CLERK
New Jersey

INSTRUMENT NUMBER
201804920S
FILED ON
Oct 25, 2018
11:42:00 PM
FILE NUMBER
100064
Total Pages: 4

RECORDING FEES -
RECORDER OF DEEDS
$25.00
TOTAL PAID    $25.00

EPL1292284 USER: SF

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:   (Name and Address)

STARK AMRON & LINER, LLP
7 PENN PLAZA, SUITE 701
NEW YORK, NEW YORK 10001
ATTENTION: ROBERT F. LINER, ESQ.

LT-1600- NJ-B.

*Record + Return
World Wide Land Transfer
Eight Neshaminy Interplex
Suite 117
Trevose, PA 19053*

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME **ALJO NORSE, LLC** | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS **210 River Street** | CITY **Hackensack** | STATE **NJ** | POSTAL CODE **07601** | COUNTRY **USA** |
| 1d. SEE INSTRUCTIONS **Not Applicable** | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **LLC** | 1f. JURISDICTION OF ORGANIZATION **New Jersey** | 1g. ORGANIZATIONAL ID #, if any  ☐ NONE |

| 2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS **Not Applicable** | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any  ☐ NONE |

| 3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b) | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME **ADELSBERG ASSOCIATES, LLC** | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS **280 Northern Boulevard** | CITY **Great Neck** | STATE **NY** | POSTAL CODE **11021** | COUNTRY **USA** |

4. This FINANCING STATEMENT covers the following collateral:

SEE RIDER ANNEXED HERETO AS "EXHIBIT A" AND MADE A PART HEREOF.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA **SAL # 19549** | | | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

| | 9a. ORGANIZATION'S NAME |
|---|---|
| OR | **ALJO NORSE, LLC** |

| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|---|
| | | | |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> name (11a or 11b) - do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. <u>SEE INSTRUCTIONS</u> Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

12. ☐ ADDITIONAL SECURED PARTY'S <u>or</u> ☐ ASSIGNOR S/P'S NAME - insert only <u>one</u> name (12a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

14. Description of real estate:

**Premises: 125 6th Avenue, Clifton, New Jersey**

**The within premises lie in Block 16.09, Lot 11 in Passaic**

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check <u>only</u> if applicable and check <u>only</u> one box.

Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check <u>only</u> if applicable and check <u>only</u> one box.

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years

☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

## EXHIBIT A

DEBTOR:            **ALJO NORSE, LLC**

SECURED PARTY:  **ADELSBERG ASSOCIATES, LLC**

PREMISES:         **125 6ᵗʰ AVENUE, CLIFTON, NEW JERSEY**

The premises described in **Schedule A** annexed hereto and made a part hereof (the "Premises") and the improvements now or hereafter located on the Premises (the "Improvements");

    (A)    all right, title and interest of the Debtor in and to the land lying in the streets and roads in front of and adjoining the Premises;

    (B)    (a)    all appurtenances to the Premises;

            (b)    all machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures) and other property of every kind and nature whatsoever owned by the Debtor or in which the Debtor has or shall have an interest, now or hereafter located upon the Premises or appurtenances thereto and usable in connection with the Premises, (as defined in Subdivision (A)(74) of Section 9-102 of the Uniform Commercial Code of New York);

            (c)    all awards or payments, including interest thereon, which may be made with respect to the Premises, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said right) or for any other injury to or decrease in the value of the Premises;

            (d)    the Leases and other agreements affecting the use or occupancy of the Premises now or hereafter entered into and the right to receive and apply the rents payable to Debtor for occupancy of the Premises, whether pursuant to the Leases or otherwise to the payment of the Debt;

            (e)    all proceeds of any unearned premiums on all fire, flood and other hazard insurance policies required by Secured Party, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments or settlements made in lieu thereof in reduction of the Debt, for damage to the Premises and Improvements; and

            (f)    the right, in the name and on behalf of the Debtor, to appear in and defend any action or proceeding brought with respect to the Premises and to commence any action or proceeding to protect the interest of the Secured Party in the Premises.

**SCHEDULE A**
**(Description of Premises)**

**ALL** that certain tract, lot and parcel of land lying and being in the City of Clifton, County of Passaic and State of New Jersey, and being more particularly described as follows:

**BEGINNING** at the Southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue, running thence

1. Westerly along West Second Street 125 feet; thence
2. Southerly at right angles to West Second Street 100 feet; thence
3. Easterly eleven feet more or less to Lot of William Mehringer thence
4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the Southerly boundary line of Lot No. 39, if extended in a Westerly direction; thence
5. Easterly along said line of said line if extended 114 feet more or less to Sixth Avenue and thence
6. Northerly along Sixth Avenue 74 feet more or less to the point of **BEGINNING**.

Formerly known as lot numbers 35, 37, 38 and 39 in Block 7 as laid down on a map of Bechwith and Crooke at Lake View, and part of Block No. 162 on the Township Assessment Map.

Now known as Lot(s): 11, Block: 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.

SAID premises being known as **125 6th Avenue, Clifton, New Jersey**

END OF DOCUMENT



FILE

## Passaic County Document Summary Sheet

| County Clerk, Registry Division<br>401 Grand Street<br>Room 113<br>Paterson, NJ 07505 | Return Name and Address<br>Madison Title Agency LLC<br>1125 Ocean Avenue<br>Lakewood, NJ 08701 | <br>00KDNS |
|---|---|---|

**Official Use Only**

WALTER J. DAVISON
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2018051665
FILED ON
Nov 13, 2018
10:53:14 AM
FILE NUMBER
100143
Total Pages: 7

RECORDING FEES - $25.00
RECORDER OF DEEDS
TOTAL PAID     $25.00

INV: 127403-USER:YSF

| Submitting Company | Madison Title Agency LLC |
|---|---|
| Document Type | UCC1 |

| Document Date (mm/dd/yyyy) | 11/07/2018 |
|---|---|
| No. of Pages of the Original Signed Document<br>(Including the cover sheet) | 7 |
| Consideration Amount (If applicable) | |

**Official Use Only**

| First Party<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>ALJO NORSE LLC | Address (Optional) |
|---|---|---|

| Second Party<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | Name(s) (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written)<br>FEDERAL HOME LOAN MORTGAGE CORPORATION<br>RED MORTGAGE CAPITAL, LLC | Address (Optional) |
|---|---|---|

| Parcel Information<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Clifton | 16.09 | 11 | | |

| Reference Information<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | | | | | |

*DO NOT REMOVE THIS PAGE.*
*DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF PASSAIC COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

Record and Return to:
MADISON TITLE AGENCY, LLC
COMMERCIAL DEPARTMENT
1125 OCEAN AVENUE
LAKEWOOD, NJ 08701

Abruzzo & Kleen LLP
170 Old Country Road, Suite 315
Mineola, New York 11501-4312
Attention: Nadia A. Popatia, Esq.

Mtany-192725

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ALJO NORSE LLC | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 210 River Street, Suite 24 | Hackensack | NJ | 07601 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 8200 Jones Branch Drive | McLean | VA | 22102 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

See Exhibit A and Exhibit B annexed hereto and made a part hereof.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
FILE IN THE OFFICE OF THE CLERK OF PASSAIC COUNTY, STATE OF NEW JERSEY      (FHLMC Loan No.# 502996331)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)      International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR:  Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |
| **ALJO NORSE LLC** | |
| OR 9b. INDIVIDUAL'S SURNAME | |
| FIRST PERSONAL NAME | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME:  Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | | |
|---|---|---|---|---|
| 10a. ORGANIZATION'S NAME | | | | |
| OR 10b. INDIVIDUAL'S SURNAME | | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| | | | |
|---|---|---|---|
| 11a. ORGANIZATION'S NAME | | | |
| **RED MORTGAGE CAPITAL, LLC** | | | |
| OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 11c. MAILING ADDRESS **1717 Main Street, Suite 900** | CITY **Dallas** | STATE **TX** POSTAL CODE **75201** | COUNTRY **USA** |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

| | |
|---|---|
| 13. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS  (if applicable) | 14. This FINANCING STATEMENT: <br> ☐ covers timber to be cut   ☐ covers as-extracted collateral   ☑ is filed as a fixture filing |
| 15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: <br><br> **See Exhibit A and Exhibit B annexed hereto and made a part hereof.** |

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)



Financing Statement Exhibit A – SBL
(Revised 11-02-2015)

## EXHIBIT A

## DESCRIPTION OF LAND

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Clifton, County of Passaic, State of New Jersey.

BEGINNING at the southeast corner of West Second Street (formerly known as South Second Street) and Sixth Avenue; running thence

1. Westerly along West Second Street 125.00 feet; thence

2. Southerly at right angles to West Second Street 100.00 feet; thence

3. Easterly 11 feet more or less to Lot of William Mehringer; thence

4. Northerly along his line 25 feet, more or less, to a point where the same would intersect the southerly boundary line of Lot No. 39 if extended in a westerly direction; thence

5. Easterly along said line and said line if extended 114 feet more or less to Sixth Avenue; and thence

6. Northerly along Sixth Avenue 74 feet more or less to the place of BEGINNING.

BEING known and designated as Lots 35, 37, 38 & 39 in Block 7, as shown on a certain map entitled "Map A of Property of F. C. Beckwith & James Crooks, Lakeview, Passaic County, NJ", filed in the Office of the Clerk of Passaic County on May 2, 1901 as Map # 615.

The above description is in accordance with a survey made by Steven L. Koestner, P.E. & L.S. dated January 6, 2010.

NOTE FOR INFORMATION:  Being Lot(s) 11, Block 16.09, Tax Map of the City of Clifton, County of Passaic, State of New Jersey.



## EXHIBIT B

All of Debtor's present and future right, title, and interest in and to all of the following:

(1)   "**Fixtures**," which means all property owned by Debtor which is attached to the real property described in <u>Exhibit A</u> ("**Land**") and/or the improvements located on the Land ("**Improvements**") ("**Property**" means the Land and/or the Improvements) so as to constitute a fixture under applicable law, including: machinery, equipment, engines, boilers, incinerators and installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; swimming pools; and exercise equipment.

(2)   "**Personalty**," which means all of the following:

    (i)     Accounts (including deposit accounts) of Debtor related to the Property.

    (ii)    Equipment and inventory owned by Debtor, which are used now or in the future in connection with the ownership, management or operation of the Land or Improvements or are located on the Land or Improvements, including furniture, furnishings, machinery, building materials, goods, supplies, tools, books, records (whether in written or electronic form) and computer equipment (hardware and software).

    (iii)   Other tangible personal property owned by Debtor which is used now or in the future in connection with the ownership, management or operation of the Land or Improvements or is located on the Land or in the Improvements, including ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances (other than Fixtures).

    (iv)   Any operating agreements relating to the Land or the Improvements.

    (v)    Any surveys, plans and specifications and contracts for architectural, engineering and construction services relating to the Land or the Improvements.

(vi)     All other intangible property, general intangibles and rights relating to the operation of, or used in connection with, the Land or the Improvements, including all governmental permits relating to any activities on the Land and including subsidy or similar payments received from any sources, including a **"Governmental Authority"** (defined as any board, commission, department, agency or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Property, or the use, operation or improvement of the Property, or over Debtor).

(vii)    Any rights of Debtor in or under any letter of credit required under the terms of the Loan Agreement evidencing and securing the loan (**"Loan"**) secured by this financing statement (**"Loan Agreement"**).

(3)     All current and future rights, including air rights, development rights, zoning rights and other similar rights or interests, easements, tenements, rights of way, strips and gores of land, streets, alleys, roads, sewer rights, waters, watercourses and appurtenances related to or benefiting the Land or the Improvements, or both, and all rights-of-way, streets, alleys and roads which may have been or may in the future be vacated.

(4)     All proceeds paid or to be paid by any insurer of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property, whether or not Debtor obtained the insurance pursuant to Secured Party's requirement.

(5)     All awards, payments and other compensation made or to be made by any Governmental Authority with respect to the Land, or if Debtor's interest in the Land is pursuant to a ground lease, the ground lease and the leasehold estate created by such ground lease (**"Leasehold Estate"**), the Improvements, the Fixtures, the Personalty or any other part of the Property, including any awards or settlements resulting from condemnation proceedings or the total or partial taking of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property under the power of eminent domain or otherwise and including any conveyance in lieu thereof.

(6)     All contracts, options and other agreements for the sale of the Land, or the Leasehold Estate, as applicable, the Improvements, the Fixtures, the Personalty or any other part of the Property entered into by Debtor now or in the future, including cash or securities deposited to secure performance by parties of their obligations.

(7)     All **"Rents,"** which means all rents (whether from residential or non-residential space), revenues and other income of the Land or the Improvements, parking fees, laundry and vending machine income and fees and charges for food, health care and other services provided at the Property, whether now due, past due or to become due, and deposits forfeited by tenants, and, if Debtor is a cooperative housing corporation or association, maintenance fees, charges or assessments payable by shareholders or residents under proprietary leases or occupancy agreements, whether now due, past due or to become due.

(8)   All "**Leases**," which means all present and future leases, subleases, licenses, concessions or grants or other possessory interests in force now or hereafter, whether oral or written, covering or affecting the Property, or any portion of the Property (including proprietary leases or occupancy agreements if Debtor is a cooperative housing corporation), and all modifications, extensions or renewals.

(9)   All earnings, royalties, accounts receivable, issues and profits from the Land, the Improvements or any other part of the Property, and all undisbursed proceeds of the Loan.

(10)   All deposits to a "**Reserve Fund**" (defined as all amounts deposited by the Debtor with Secured Party in connection with the Loan for the payment of taxes or insurance premiums or as otherwise required pursuant to the Loan Agreement), whether in cash or as a letter of credit.

(11)   All refunds or rebates of taxes by a Governmental Authority (other than refunds applicable to periods before the real property tax year in which this financing statement is recorded or filed) or insurance premiums by an insurance company.

(12)   All tenant security deposits which have not been forfeited by any tenant under any Lease and any bond or other security in lieu of such deposits.

(13)   All names under or by which the Property or any part of it may be operated or known, and all trademarks, trade names, and goodwill relating to any of the Property.

(14)   All proceeds from the conversion, voluntary or involuntary, of any of the above into cash or liquidated claims, and the right to collect such proceeds.

# Passaic County Document Summary Sheet

| Transaction Identification Number | | 3974929 | 3577088 |
|---|---|---|---|

PASSAIC COUNTY CLERK

.

GRAND STREET

ROOM 113

PATERSON NJ 07501

**Return Address** *(for recorded documents)*

BETTER RESEARCH LLC 2

1 PARAGON DR

SUITE 150B

MONTVALE NJ 07645

| **Official Use Only** | | |
|---|---|---|

```
  DANIELLE IRELAND-IMHOF
         CLERK
     PASSAIC COUNTY
       New Jersey
   INSTRUMENT NUMBER
     2019038602
       FILED ON
     Aug 30, 2019
     11:40:54 AM
     FILE NUMBER
       101485
    Total Pages: 7

RECORDING FEES -     $25.00
RECORDER OF DEEDS
TOTAL PAID           $25.00
INV: 1339426 USER: SF
```

| Submission Date *(mm/dd/yyyy)* | 08/29/2019 |
|---|---|
| No. of Pages *(excluding Summary Sheet)* | 5 |
| Recording Fee *(excluding transfer tax)* | $25.00 |
| Realty Transfer Tax | $0.00 |
| Total Amount | $25.00 |

| Document Type | FINANCING STATEMENT |
|---|---|

Electronic Recordation Level — L2 - Level 2 (With Images)

**Municipal Codes**

CLIFTON CITY — 02

A2CB74

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

9BF2BC43-0D43-AAAD-7E63-BFEF36F0C94F/3974929 3577088

Page 1 of 2

## Passaic County Document Summary Sheet

| | |
|---|---|
| **Type** | FINANCING STATEMENT |
| **Consideration** | |
| **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) |
| **Document Date** | 08/29/2019 |
| **Reference Info** | |

**FINANCING STATEMENT**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | | |

| | Name | | Address |
|---|---|---|---|
| | ALJO NORSE LLC | | |

| | Name | | Address |
|---|---|---|---|
| | ZF CAPITAL HOLDINGS LLC | | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF PASSAIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

```
                    DANIELLE IRELAND-IMHOF
                         CLERK
                      PASSAIC COUNTY
                       New Jersey

                    INSTRUMENT NUMBER
                       2019038602
                       FILED ON
                      Aug 30, 2019
                      11:40:54 AM
                     FILE NUMBER
                        101485
                     Total Pages: 7

     RECORDING FEES -          $25.00
     RECORDER OF DEEDS
     TOTAL PAID                $25.00
     INV: 1339426 USER: SF
```

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** (optional)

**B. SEND ACKNOWLEDGEMENT TO:** (Name and Address)
Better Research, LLC
1 Paragon Drive
Montvale, NJ 07645

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

1a. ORGANIZATION'S NAME: **ALJO NORSE, LLC**

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 411 HACKENSACK AVE | HACKENSACK | NJ | 07601 | USA |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME: **ZF CAPITAL HOLDINGS LLC**

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2233 Nostrand Avenue 3rd Floor | Brooklyn | NY | 11210 | USA |

4. This FINANCING STATEMENT covers the following collateral:

## SEE EXHIBITS A AND B ATTACHED HERETO AND MADE A PART HEREOF.

6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in REAL ESTATE RECORDS. Attach Addendum (if applicable)

8. OPTIONAL REFERENCE DATA        **TO BE FILED WITH COUNTY OF PASSAIC**

1

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| 9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT | | |
|---|---|---|
| | 9a. ORGANIZATION'S NAME | |
| OR | **ALJO NORSE, LLC** | |
| | 9b. INDIVIDUAL'S NAME | FIRST NAME | MIDDLE NAME, SUFFIX |

10. MISCELLANEOUS:

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only <u>one</u> name (11A or 11B) – do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. TAX ID#: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐none |

12. ☐ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME – insert only <u>one</u> name (12 a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 12c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| | |
|---|---|
| 13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing. | 16. Additional collateral description: |
| 14. Description of real estate:<br><br>125 6<sup>th</sup> Avenue<br>Block: 16.09<br>Lot: 11<br><br>City of Clifton, County of Passaic and State of New Jersey.<br>See Exhibit B attached hereto and made a part hereof for real property description. | |
| 15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):<br><br>**SAME AS DEBTOR ABOVE** | 17. Check <u>only</u> if applicable and check <u>only</u> one box.<br><br>Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate |
| | 18. Check <u>only</u> if applicable and check <u>only</u> one box.<br><br>☐ Debtor is a TRANSMITTING UTILITY<br>☐ Filed in connection with a Manufactured-Home Transaction – effective 30 years<br>☐ Filed in connection with a Public Finance Transaction – effective 30 years |

**FILING OFFICE COPY** – NATIONAL UCC-FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

2

# EXHIBIT A
## TO UCC-1 FINANCING STATEMENT

## COLLATERAL DESCRIPTION

(a)     all buildings and other improvements now or hereafter located on the Real Property ("**Improvements**") (together, the Improvements and the Real Property constitute the "**Mortgaged Property**");

(b)     all streets, lanes, alleys, passages, ways, water courses, easements, rights, liberties, privileges, tenements, hereditaments and appurtenances whatsoever thereunto belonging to or in any way made appurtenant hereafter, and the reversions and remainder, with respect thereto ("**Appurtenances**");

(c)     all machinery, apparatus, equipment, furniture, furnishings, fixtures, inventory, goods, appliances and other property of every kind and nature whatsoever, together with replacements thereof and accessories, parts or accessions thereto, owned by Debtor or in which Debtor has or shall have an interest, and whether or not now or hereafter located on the Real Property, and any and all proceeds of any of the foregoing ("**Equipment**");

(d)     all building materials, building machinery and building equipment delivered on site to the Real Property during the course of, or in connection with, the construction of, or reconstruction of, or remodeling of any building and improvements from time to time during the term of the Mortgage and Security Agreement ("**Building Equipment**");

(e)     all general intangibles relating to the development or use of the Real Property, including, but not limited to, all licenses, permits and agreements from or with all boards, agencies, departments, public utilities, governmental or otherwise, all names under which or by which the Real Property or Improvements may at any time be operated or known and all rights to carry on business under any such names or any variations thereof, all trademarks and goodwill in any way relating to the Real Property, all shares of stock or other evidence of ownership of any part of the Real Property owned by Debtor in common with others, and all documents of membership in any owners or members association or similar group having responsibility for managing or operating any portion or all of the Real Property ("**Intangibles**");

(f)     all awards or payments, including interest thereon, which may be made with respect to the Real Property and Improvements, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said right), or for any other injury to or decrease in the value of the Real Property or Improvements including, without limitation, all awards or payments of estimated compensation, all damages to the Real Property or Improvements resulting from any taking, all machinery and equipment dislocation expenses, all settlement amounts, all apportionments of taxes, reimbursement of attorneys and engineers fees, all moving expenses and all business dislocation expenses ("**Awards**");

(g)     all insurance policies covering the Real Property or Improvements and all proceeds of any unearned premiums on any such insurance policies including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Real Property or Improvements ("**Insurance Policies**");

(h)     all leases, agreements of sale and other agreements affecting the use or occupancy of any portion or all of the Real Property or Improvements, whether heretofore or hereafter executed and all rights of Debtor to payment under any such lease or agreement ("**Leases and Agreements**");

3

(i)  all rents, receipts, issues, profits and other income of any and all kinds (including deposits) received or receivable and due or to become due from the sale or lease of any property, goods or materials or from the rendering of services including, but not limited to **(i)** the lease or sale of all or a portion of the Real Property or Improvements, or **(ii)** the operation of any income-producing facility on the Real Property or Improvements (all of such proceeds, receipts and income are hereinafter referred to as the "Income and Rents" and all such rights are hereinafter referred to as the "**Accounts Receivable**");

(j)  any securities or guaranties held by Debtor with respect to any of the Intangibles, Awards, Leases or Accounts Receivable, and any notes, drafts, acceptances, chattel paper, documents or other instruments evidencing the same ("**Securities**");

(k)  all funds deposited by Debtor with Secured Party pursuant to the Loan Agreement or otherwise, all reserves, deferred payments, deposits, refunds, cost savings and payments of any kind relating to the Improvements ("**Deposits**");

(l)  all plans and specifications prepared for renovations to or construction of the Improvements and all studies, data and drawings related thereto; and also all contracts and agreements relating to the aforesaid plans and specifications or to the aforesaid studies, data and drawings, or to the renovations to or construction of Improvements ("**Plans**"); and

(m)  the right, in the name and on behalf of itself or Debtor, to appear in or defend any action or proceeding brought with respect to the Real Property or Improvements (including without limitation, any condemnation or arbitration proceedings) and to commence any action or proceedings to protect the interest of Secured Party in the Real Property and Improvements.

4

# EXHIBIT B
## TO UCC-1 FINANCING STATEMENT

**REAL PROPERTY DESCRIPTION**

## AFFIDAVIT OF TITLE

STATE OF _____                    APPLICATION NO.:  RANJ-43739
COUNTY OF _____

**Stonegate Buildings LLC** say(s) under oath:

1. **Representations.**  If only one person signs this affidavit, the words "we", "us" and "our" shall mean "I", "me," and "my".  The statements in this affidavit are true to the best of our knowledge, information and belief.

2. **Name, Age and Residence.**  We have never changed our names or used any other names.  We are citizens of the United States and at least 18 years old.  After today, we will live at:  125 6th Avenue, Clifton, NJ 07011

3. **Ownership and Possession.**  We are the only owners of property located at 125 6th Avenue, Clifton, NJ 07011, called "this property".

   We now mortgage this property to **TBD**, called "the Mortgagee".

   The date of this mortgage is the same as this affidavit.  This mortgage is given to secure a loan of **$0.00.**

   We are in sole possession of this property.  There are no tenants or other occupants of this property.  We have owned this property since _____.  Since then no one has questioned our ownership or right to possession.  We have never owned any property, which is next to this property.  Except for our agreement with the Buyers, we have not signed any contracts to sell this property.  We have not given anyone else any rights concerning the purchase or lease of this property.

4. **Improvements.**  No additions, alterations or improvements are now being made or have been made to this property since <u>four months last past</u>.  We have always obtained all necessary permits and certificates of occupancy.  All charges for municipal improvements such as sewers, sidewalks, curbs or similar improvements benefiting this property have been paid in full.   No building, addition, extension or alteration on this property has been made or worked on within the past four months.  We are not aware that anyone has filed or intends to file a mechanic's lien or building contract relating to this property.  No one has notified us that money is due and owing for construction, alteration or repair work on this property.

5. **Liens or Encumbrances.**  We have not allowed any interests (legal rights) to be created which affect our ownership or use of this property.  No other persons have legal rights in this property, except the rights of utility companies to use this property along the road or for the purpose of serving this property.  There are no pending lawsuits or judgments against us or other legal obligations, which may be enforced against this property.  No bankruptcy or insolvency proceedings have been started by or against us.  We have never declared bankrupt.  No one has any security interest in any personal property or fixtures included in this sale.  All liens (legal claims, such as judgments) listed on the attached judgment or lien search are not against us, but against others with similar names.

6. **Marital History.**  (check where appropriate)

   ☐  We are not married/civil union partners.
   ☐  We are married to each other.  We were married on _____.   The maiden name of _____ was _____.
   ☐  We are civil union partners.  We received our civil union certificate  on _____.  The maiden name of _____.
   ☐  This property has never been occupied as the principal matrimonial/civil union residence of any of us. (If it has, or if it was acquired before May 28, 1980, each spouse/civil union partner must sign deed and affidavit N.J.S.A. 3B:28-2,3.)
   ☐  Our complete marital/civil union history is listed below under paragraph 7.  This includes all marriages/civil unions not listed above, and any pending matrimonial/civil union actions.  We include how each marriage/civil union ended.  We have attached copies of any death certificates and judgments for divorce, dissolution or annulment including any provisions in these judgments which relate to this property.

7. **Exceptions and Additions.**  The following is a complete list of exceptions and additions to the above statements.  This includes all liens or mortgages, which are not being paid off as a result of this sale.

   The Grantor(s)/Mortgagor(s) have been advised that recognizances and/or Abstracts of Recognizance of Bail are not being indexed among the records of the County Clerk as of December 31, 1994, and that the Title Company is unable to search the records for these items.  Knowing that the Title Company, Buyer, and/or Mortgagee relies on the truthfulness of this Affidavit, the undersigned thereby certifies that there are no recognizances filed against them as either principal or surety or on the property which is asked to be insured by this transaction.

8. **Child Support.**

   ☐  There are no outstanding child support orders or judgments against this deponent.
   ☐  There is a child support order outstanding, Docket No. _____ against this deponent.  All payments, however, are current as of this date.

9. **Reliance.**  We make this affidavit in order to obtain a mortgage loan. We are aware that our lender will rely on our truthfulness and the statements made in this affidavit.

Stonegate Buildings LLC

BY:_____
    Steven Gelbtuch

Signed and sworn to before me on this _____ day of
_____, 20_____

_____
Notary Public

```
┌──────────────────────────────────┐
│      For Notary Public Stamp Only │
│                                    │
│                                    │
└──────────────────────────────────┘
```

# Exhibit B

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jaimee Katz Sussner**
**Member**
**Admitted in NJ & NY**
**Direct Dial:  973-643-6281**
**Email: jsussner@sillscummis.com**

June 7, 2021

*VIA EMAIL UNLESS INDICATED*

All Counsel on Annexed Service List

> Re:   *Wells Fargo Bank, N.A. v. Seth Levine, et al.*,
>        Civil Action No. 2:19-cv-17866 (the "Action")
>        <u>PQ: 125 6th Avenue, Clifton, New Jersey</u>

Dear Counsel:

As you know, this firm is counsel for Colliers International NJ LLC, the Court-Appointed Receiver for the real properties that are the subject of the above-referenced actions (the "<u>Receiver</u>"), pursuant to the Orders entered by the United States District Court for the District of New Jersey in these actions, dated September 12, 2019, and amended on December 4, 2019.

Pursuant to Paragraph 6 of Order Setting Forth Sale Procedures, entered on May 29, 2020, the following constitutes those items that the Receiver has agreed to pay from the anticipated proceeds of sale from the proposed closing of the property referenced below, all of which are subject to updates and adjustments as of the closing date that will affect distribution amounts. Because the sale proceeds will be insufficient to satisfy the first mortgagee in full, the first mortgagee has agreed to discharge its mortgage, and any related instruments of record, in exchange for payment of all sale proceeds net of reasonable closing costs.

*Owner:* **Aljo Norse LLC**
*PQ*:  125 6th Avenue, Clifton, New Jersey
*Plaintiff/ First Priority Mortgagee*:  Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Amherst Pierpont Commercial Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("<u>First Mortgage</u>")

**Sills Cummis & Gross**
A Professional Corporation

All Counsel on Annexed Service List
June 7, 2021
Page 2

| | | |
|---|---|---|
| ***Purchase Price***: | | $1,950,000.00 |
| | | |
| ***Payoffs***: | | |
| a. | First Mortgage (as of 5/31/21): | $2,071,915.23[1] |
| b. | Receivership Management Fees, Operating Expenses, Repairs, Engineering Comp. to EMCOR, landscaping as of 5/26/21: | $          0.00 |
| c. | Brokerage Commission (Gebroe-Hammer): | $    97,500.00 |
| d. | Receivership Legal Fees/Expenses as of 5/20/21: | $    13,332.60 |
| e. | Estimated closing fees/costs: | $    50,000.00 |
| | *Net Proceeds:* | *<$ 282,747.83>* |
| | | |
| f. | Surplus money to be held in escrow for judgment/ lien creditors identified on Schedule B-I of Commitment and any other party/ies determined to be eligible by the Court: | $0.00 |

Should you have any questions, or wish to discuss any of these issues further, feel free to contact me.

Very truly yours,

*s/ Jaimee Katz Sussner*

Jaimee Katz Sussner

---

[1] Contract and default interest accrues thereafter at a rate of $392.79 per diem.

# Sills Cummis & Gross
### A Professional Corporation

All Counsel on Annexed Service List
June 7, 2021
Page 3

### Counsel For Property Owners, Parties Holding Secured Debt, and Parties Having An Interest In the Subject Properties

1. Aljo Norse LLC *(By First Class Mail)*
   c/o Mr. Seth Levine
   636 South Forest Drive
   Teaneck, New Jersey 07666

2. Jacob Kaplan, Esq. *(By Email)*
   Brafman & Associates, P.C.
   767 Third Avenue, 26th Floor
   New York, New York 10017
   *Counsel for Defendant Seth Levine*

3. Scott T. Tross, Esq. *(By Email)*
   Michelle M. Sekowski, Esq. *(By Email)*
   Herrick, Feinstein LLP
   One Gateway Center
   Newark, New Jersey 07102
   *Counsel for First Mortgagee*

4. Jerry A. Cuomo, Esq. *(By Email)*
   Landman Corsi Ballaine & Ford P.C.
   One Gateway Center, 22nd Floor
   Newark, New Jersey 07102
   *Counsel for Federal Home Loan Mortgage Corporation*

5. David Fleischmann, Esq.*(By First Class Mail)*
   Law Offices of David Fleishmann, P.C.
   2233 Nostrand Avenue, 3rd Floor
   Brooklyn, New York 11210

6. Joseph R. McCarthy, Esq. *(Via Email)*
   Meyner and Landis LLP
   One Gateway Center, Suite 2500
   Newark, New Jersey 07105
   *Counsel for ZF Capital Holdings LLC*

**Sills Cummis & Gross**
A Professional Corporation

All Counsel on Annexed Service List
June 7, 2021
Page 4

7.  ZF Capital Holdings LLC (*Via First Class Mail*)
    2233 Nostrand Avenue, 3rd Floor
    Brooklyn, New York 11210

8.  Peapack Gladstone Bank (*Via First Class Mail*)
    500 Hills Drive, Suite 300
    Bedminster, New Jersey 07921

9.  Adelsberg Associates, LLC *(Via First Class Mail)*
    280 Northern Boulevard
    Great Neck, New York 11021

10. Bureau of Housing Inspection *(Via First Class Mail)*
    Attention: Collections Unit
    P.O. Box 810
    Trenton, New Jersey 08625-0810
    *Judgment Nos. DJ-076425-2020, DJ-076426-2020, DJ-076427-2020 against Riverside Norse LLC, and any other judgments, liens, fines, or liabilities encumbering the Subject Property*

11. Toledo Plumbing & Heating Inc. *(Via Email)*
    c/o Bittiger Elias & Triolo P.C.
    12 Route 17 North, Suite 206
    Paramus, New Jersey 07652
    *Judgment No. J-100590-2020 against Pavilion Norse LLC; Seth Levine; Bentley Norse LLC; 137-139 Third Norse LLC; FLR Ventures LLC; Jordan Ventures LLC; Hackensack Norse LLC; Englewood Funding LLC; Plainfield Norse LLC; Filmore Norse LLC; Atlantic Norse LLC; 219 Hillside Ventures LLC; Clementon Norse LLC; Pacific Norse LLC; 2917 Palisade Ventures LLC; Clifton DL Ventures LLC; Perth LP Ventures LLC; Fair SPL Ventures LLC; Brooklawn Norse LLC; PA Watson Ventures LLC; Amboy Norse LLC; PA Norse LLC; 4318 Kennedy Partners LLC; Hillside REO Ventures LLC; LL REO Ventures LLC; Lenox Beachway LLC; Washington Norse LLC; Garfield Norse LLC; Lenox Temple LLC; Hillside Norse LLC; Union City Funding LLC; Passaic Norse LLC; Hamilton Norse LLC; Westville Norse LLC*

Sills Cummis & Gross
A Professional Corporation

All Counsel on Annexed Service List
June 7, 2021
Page 5


12. State of New Jersey *(Via First Class Mail)*
    Judgment Processing Service
    Superior Court Clerk's Office
    P.O. Box 971
    Trenton, New Jersey 08625
    *Any and all judgments, liens, fines, or liabilities encumbering the Subject Property*